# ATTACHMENT M

```
NO:  LLI-CR88-0062954-T          :  SUPERIOR COURT

STATE OF CONNECTICUT             :  JUDICIAL DISTRICT
                                    OF LITCHFIELD

v.                               :  AT TORRINGTON, CONNECTICUT

SHAWN HENNING                    :  JULY 10, 2020
```

BEFORE THE HONORABLE DAN SHABAN, JUDGE

A P P E A R A N C E S :

　　Representing the State of Connecticut

　　　　ATTORNEY DAWN GALLO
　　　　Office of the State's Attorney
　　　　50 Field Street
　　　　Torrington, Connecticut 06790

　　Representing the Defendant:

　　　　ATTORNEY JAMES COUSINS
　　　　54 Danbury Road
　　　　Suite 413
　　　　Ridgefield, CT 06877

　　　　ATTORNEY CRAIG RAABE
　　　　Izard, Kindall & Raabe LLP
　　　　29 South Main Street
　　　　Suite 305
　　　　West Hartford, CT 06107

　　　　　　　　　　　　　　Recorded By:
　　　　　　　　　　　　　　Carissa Laudano

　　　　　　　　　　　　　　Transcribed By:
　　　　　　　　　　　　　　Carissa Laudano
　　　　　　　　　　　　　　Court Recording Monitor
　　　　　　　　　　　　　　50 Field Street
　　　　　　　　　　　　　　Torrington, Connecticut 06790

```
 1              THE COURT:  And, at this time, the Court's
 2     prepared to take up the matter of State v. Shawn
 3     Henning, which is number two on today's docket.  And,
 4     as with the previous matter, I will note, for the
 5     record, that this proceeding is being livestreamed on
 6     the Judicial Branch's website so that the public may
 7     have greater access to them, given the current social
 8     distancing requirements placed due to the COVID-19
 9     pandemic.  At this point, I'm going to ask counsel to
10     identify themselves, please.
11              ATTY. COUSINS:  James Cousins, representing the
12     defendant, Shawn Henning, and with me is my co-
13     counsel, Craig Raabe.
14              ATTY. RAABE:  Good morning, Your Honor.
15              THE COURT:  All right.  Good morning, gentlemen.
16              ATTY. GALLO:  Dawn Gallo, State's Attorney, for
17     the State, Your Honor.
18              THE COURT:  All right.  As you both heard me
19     just indicate that this proceeding is being both
20     livestreamed and it's being photographed as well, and
21     I'm going to ask the parties -- counsel if they have
22     any issue with that and any objection to it being
23     done.  Attorney Gallo?
24              ATTY. GALLO:  Your Honor, you bleeped out there
25     for a minute, so I -- it would ask, just for the
26     record, if you could repeat your statement?
27              THE COURT:  Certainly, I'll try and do so.  Can
```

```
 1        you hear me all right at this point?
 2             ATTY. GALLO:  I can.
 3             THE COURT:  Okay.  I was just asking if counsel
 4        has any objection to the matter being livestreamed or
 5        photographed.
 6             ATTY. GALLO:  State does not.
 7             THE COURT:  All right.  Mr. Cousins?
 8             (BEEP SOUND)
 9             ATTY. COUSINS:  (Inaudible), Your Honor.
10             THE COURT:  All right.  That being the case, at
11        this time, Court's ready to proceed, and I'll ask the
12        State if they're ready to proceed.
13             ATTY. GALLO:  I am, Your Honor.  People are
14        logging on to this particular Cisco meeting and every
15        once in a while, your words are and the words of the
16        speaker are overheard by a bleep.  That's what's
17        happening right now.
18             THE COURT:  All right.  As that happens, and,
19        unfortunately, because of the technological issues in
20        play, we may have to just simply work with that as
21        best we can.  So, if something does come up in that
22        respect and something gets interrupted in some way,
23        whether it's audio or by video, please feel free to
24        pick up where you left off and restate whatever it is
25        that you wish to have restated or ask that something
26        be repeated if you couldn't hear it.  All right,
27        Attorney Gallo.
```

1   ATTY. GALLO: Thank you, Your Honor. First, I'd
2   like to note, as I did in the previous hearing, that
3   the family of the decedent are aware of the fact that
4   the hearings are being livestreamed, and so they had
5   a way to be present today if they so chose. They
6   were also, of course, afforded the opportunity to be
7   here, in person, if they requested.
8   Your Honor, this is the matter of State v. Shawn
9   Henning, LLICR88-62954, pursuant to Connecticut
10  Practice Book Sections dash 39 -- excuse me, 39-29
11  and 39-30, and Connecticut General Statute Section
12  54-56b. State hereby enters a nolle in the cases of
13  State v. Shawn Henning and State v. Ralph Ricky
14  Birch. The charges in these cases arise from a
15  residential burglary and murder that occurred in New
16  Milford during the nighttime hours of December 1st
17  into the 2nd of 1985. In 1989, the defendants were
18  tried and convicted of these crimes. In 2019, after
19  the defendants have served approximately 30 years of
20  their imposed sentences, the Connecticut Supreme
21  Court vacated the convictions and remanded the cases
22  for retrial.
23  The bases for the nolle include, but are not
24  limited to, the following: the death of several
25  material witnesses, including Diana Columbo, Mildred
26  Henning, and Alice Kennel, as well as at least one
27  law official involved in the original investigation;

```
 1        the fact that some witnesses have been rendered, in
 2        the State's opinion, disabled due to memory failure
 3        consistent with the passage of time; the recantations
 4        of material witnesses Timothy Saathoff and Todd
 5        Cocchia; the lack of forensic evidence establishing a
 6        link between the defendants and the crime scene,
 7        despite the most recent testing and retesting
 8        completed by the Connecticut Forensic Laboratory on
 9        April 30th, 2020.  It is my opinion, as well as the
10        collective opinion of my office, that all of the
11        aforementioned present significant obstacles to the
12        State's ability to prove the cases beyond a
13        reasonable doubt.
14             The State and the victim advocate have been in
15        contact with one of the decedent's daughters, who has
16        been the family's representative during the recent
17        pendency of these cases, and she has expressed that
18        the family understands the State's position.  Thank
19        you.
20             THE COURT:  Thank you, Attorney Gallo.  Mr.
21        Cousins?
22             ATTY. COUSINS:  Yes, Your Honor.  In light of
23        the decision of the State not to prosecute this case
24        further and the fact that Mr. Henning has already
25        served 30 years of incarceration, object to the entry
26        of the nolle and move, pursuant to Practice Book 39-
27        30 and Statute 54-56b, for an order of dismissal,
```

```
 1                Your Honor.
 2                     THE COURT:  Thank you, Mr. Cousins.  Attorney
 3                Gallo, do you have any position on that?
 4                     ATTY. GALLO:  I'd leave that to the Court, Your
 5                Honor.
 6                     THE COURT:  Thank you, Attorney Gallo.  Well, as
 7                I noted in the previous matter, the Court recognizes
 8                that these proceedings are, in fact, quite emotional
 9                for not only the defendants but also for the family
10                of the victim, who, again, have been recognized in
11                the State's remarks.  And it is, as I said before,
12                the duty of the Court to apply the laws of this state
13                and its rules of court dispassionately in the
14                interest of justice.  As such, and taking into
15                account all of the factors recited by the parties,
16                relative to the status of this matter, the lengthy
17                passage of time from the events in issue, and the
18                resources and investigations previously committed to
19                this matter by both the State and defense counsel,
20                Court concludes that further investigation of this
21                matter would be unnecessary.  Therefore, it is the
22                Court's order that the charges on line two, as to Mr.
23                Henning, are ordered dismissed.  Is there anything
24                further from counsel?
25                     ATTY. GALLO:  No, Your Honor, thank you.
26                     ATTY. COUSINS:  No, Your Honor, thank you.
27                     THE COURT:  All right.  I do want to thank
```

```
1    counsel for their cooperation in having this matter
2    be made available to the public by livestream, and I
3    thank them for their efforts in both regards, both on
4    behalf of the victim's family through the State, as
5    well as on behalf of the defendants through counsel,
6    and I appreciate your efforts in this regard in
7    making this matter move smoothly.  With that,
8    marshal, we will adjourn.
9         *                    *                    *
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
```

```
NO:  LLI-CR88-0062954-T           :  SUPERIOR COURT

STATE OF CONNECTICUT              :  JUDICIAL DISTRICT
                                     OF LITCHFIELD

v.                                :  AT TORRINGTON, CONNECTICUT

SHAWN HENNING                     :  JULY 10, 2020
```

C E R T I F I C A T I O N

I hereby certify the foregoing pages are a true and correct transcription of the audio recording of the above-referenced case, heard in Superior Court, Judicial District of Litchfield, Torrington, Connecticut, before the Honorable Dan Shaban, Judge, on the 10th day of July, 2020.

Dated this 17th day of August, 2020 in Torrington, Connecticut.

Carissa Laudano   12/1/20
Court Recording Monitor