UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BIRCH | : | CIVIL NO. 3:20-CV-1790 (VAB) |
| | : | |
| v. | : | |
| TOWN OF NEW MILFORD, ET AL. | : | NOVEMBER 7, 2022 |

## STATE DEFENDANT DR. HENRY LEE'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Pursuant to Fed.R.Civ.P. 56, the State Defendant, Dr. Henry Lee, moves for summary judgment. As shown below, the Plaintiffs cannot prove their claims of evidence fabrication, civil rights conspiracy, negligence, negligent infliction of emotional distress, or intentional or reckless infliction of emption distress. As to all claims, the State Defendant is shielded by absolute testimonial immunity. He is, therefore, entitled to judgment as a matter of law on all of the claims against him.

### II. BACKGROUND

State Defendant Lee testified at both Plaintiffs' trials that a towel located in the victim's bathroom after the murder of Everett Carr, tested positive for the presence of blood. At the Henning trial, Lee testified on direct examination:

> the last slide shows a portion of the view of upstairs bathroom. [sic] On this towel have reddish color smear. [sic] That smear, I did a few tests, show that it positive consistent with blood. [sic]. Those are the slides I wanted to present to you today.[1]

---

[1] Lee was going through a series of slides and explaining them to the jury. This testimony was not directly responsive to a particular question about the towel or the photograph of the towel.

1

56(a)1 Statement, ¶ 6.  Lee testified similarly at the Birch trial.  In response to a question by the state's attorney:

> Q:  What does this photograph depict?[2]
>
> A; … bathroom.  Two towels.  This towel had a reddish smear, very light smear.  Subsequently that smear was identified to be blood.

56(a)1 Statement, ¶ 13.  That was the sum-total of Lee's testimony about blood evidence at trial, in connection with the bathroom towels.

During the state's closing argument at the Henning trial, the prosecutor argued to the jury:

> Through that testimony, Dr. Lee was able to conclude – and I submit that you can reasonably do so as well – that the burglary continued after the bloodletting.  There is additional evidence, obviously, on that point as well. You will recall the testimony of Detective Bates … Detective Graham, Elaine Pagliaro, as to the bloodied items that were found in the dresser, depicted here in the northwest bedroom.  You will recall that Ms. Pagliario testified about a girdle, a woodchip … from this dresser … with Mr. Carr's blood on it …In addition, with respect to the burglary, Diana Columbo testified about the upstairs TV room, where the VCR was missing.  That ladies and gentlemen, pretty much sets the scene.  **Significant also is what Dr. Lee testified to about the upstairs bathroom and the towel with the blood on it**.  I think the next logical step would be to go to the injuries of the victim….Remember also in the car, they had all kinds of clothing.  They had outer garments.  They had jeans.  I submit to you ladies and gentlemen, that during that period, between twelve-thirty and sometime after two-o'clock … they disposed of their clothes, changed into the clothes they had in the car, disposed of the murder weapon…. **Remember the bloody towel in the upstairs bathroom.  It gave them an opportunity to wash or have some access to that sink**….

56(a)1 Statement, ¶ 10.  He likewise argued in closing at the Birch trial:

> Nevertheless, the burglary continued after the bloodletting, because we find blood in the dresser and because we find bloody footprints with contents spilled on them.  **Dr. Lee also testified that he found blood on the towel**

---

[2] The transcript does not reflect which slide was being discussed.  It merely reflects: "(The next slide was displayed.)."  All of the slides were marked collectively under the evidence number thirty-six.  56(a)1 Statement, ¶ 3.

2

>**by the bathroom sink upstairs**.  He also testified that the rug upstairs, he found blood enhanced with chemicals, the chevron print similar to that which appears in the hallway on State's Exhibit Seven, and that which appears in the northwest bedroom of State's Exhibit 7.  Diana Columbo further testified that jewelry was missing,  a VCR was missing, and the photograph of that was admitted as well….
>
>There was testimony that there was blood by the bathroom sink upstairs.  There was testimony that these gentlemen – the defendant had access to clothing and footwear in that brown drawer….
>
>I submit to you, ladies and gentlemen, they one, weren't covered with blood, and two, had the opportunity between twelve o'clock and half past two in the morning, to change their clothes or dispose of their clothes.  Had a ready supply in the car.

56(a)1 Statement, ¶ 16.

Thereafter both defendants were convicted, their convictions were upheld on appeal, and their challenges to the effective assistance of trial counsel were rejected.  Then in 2019, after a second habeas hearing, at the conclusion of which, the habeas court rejected the Plaintiffs' claims, the Connecticut Supreme Court overturned the judgment of the habeas court and vacated the Plaintiffs' convictions.  56(a)1 Statement, ¶ 18.  Based on the evidence presented at the second habeas trial, the Supreme Court concluded that Lee had wrongly testified that the towel in the victim's bathroom tested positive for the presence of blood and that as the representative of the forensic laboratory Lee should have known that the towel had not tested positive for the presence of blood.  Id.  The Court then reasoned that state's failure to correct Lee's inaccurate testimony, which it had elicited at trial, was an error that was not harmless beyond a reasonable doubt.  Id.

As shown below, all of Dr. Lee's alleged misconduct giving rise to the Plaintiffs claims occurred while he was testifying in court during the trials.  Accordingly, the claims

against him are barred by the absolute testimony privilege that attaches to his role as a trial witness. Accordingly, he is entitled to summary judgment.

### III.  APPLICABLE LEGAL PRINCIPLES

#### A.  Summary Judgment

Federal Rule of Civil Procedure 56(c) requires the entry of Summary Judgment ". . . if the pleadings, depositions, answers to interrogatories, and admissions on file together with any affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); see *Szekeres v. Schaeffer*, 304 F.Supp.2d 296, 304 (D. Conn. 2004). "[T]he mere existence of a factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there is no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986). A factual dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. A genuine issue of fact only exists when "a reasonable jury could return a verdict for the nonmoving party," and facts are material to the outcome if the substantive law renders them so. *Id*. at 251-52.

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the portions of the pleadings, affidavits, or other documentary evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex, Corp.v. Catrett*, 477 U.S. 317, 323 (1986). Those facts that are material will be identified by the substantive law governing the case. *Anderson*, 477 U.S. at 248; *Middlesex Hosp. v. On Assignment Staffing Servs., Inc.*, No. 3:14-CV-1138 (AWT), 2017 WL 4185456, at *2 (D. Conn. Sept. 21, 2017).

To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Anderson*, 477 U.S. at 249-50.  "A nonmoving party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."  *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986), *cert. denied*, 480 U.S. 932 (1987).

"A party who opposes summary judgment 'cannot defeat the motion by relying on the allegations in his pleading, or on conclusory statements, or on mere assertions that affidavits supporting the motion are not credible.'"  *Silva v. Kilham*, No. 3:19-cv-01719 (VLB), 2020 U.S. Dist. LEXIS 236278, at *8 (D. Conn. Dec. 16, 2020) (quoting *Gottlieb v. Cnty of Orange*, 84 F.3d 511, 518 (2d Cir. 1996)).  A party may not create a genuine issue of fact by presenting unsupported statements.  *Securities and Exchange Comm'n. v. Research Automation Corp.*, 585 F.2d 31, 33 (2d Cir. 1978).  The plaintiff must also produce evidence to show the existence of every element essential to the case which it bears the burden of proving at trial.  *Equimark Commercial Finance Co. v. C.I.T. Financial Services Corp.*, 812 F.2d 141, 144 (3d Cir. 1987).  "Summary judgment cannot be defeated by the presentation ... of but a 'scintilla of evidence' supporting [a] claim."  *Mercado v. Dep't of Corr.*, No. 3:16-CV-1622 (VLB), 2018 WL 2390139, at *4 (D. Conn. May 25, 2018) (quoting *Anderson*, 477 U.S. at 251).

"When a motion for summary judgment is supported by documentary evidence and sworn affidavits and 'demonstrates the absence of a genuine issue of material fact,' the

5

nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or 'rely on conclusory allegations or unsubstantiated speculation.'" *Paschal-Barros v. Santili*, No. 3:16-CV-1690 (JCH), 2017 WL 8776959, at *1 (D. Conn. Nov. 30, 2017) (quoting *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted)).  "If the court determines that 'the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial' and accordingly the court will grant summary judgment to the moving party." *Hernandez v. Kirby Forensic Psychiatric Hosp.*, No. 14-CV-5910 (AJN), 2019 WL 4640054, at *1 (S.D.N.Y. Sept. 24, 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

    **B.**    **Absolute Testimonial Immunity**

"Trial witnesses … have absolute immunity with respect to any 42 U.S.C. § 1983 claims arising from that testimony, even if such testimony was perjured. *Coggins v. Cnty. Of Nassau*, 988 F.supp.2d 231, 244 (E.D.N.Y 2013)  (*citing Briscoe v. LaHue*, 460 U.S. 325, 335-36 (1983) (affirming dismissal of § 1983  claims arising from officers' perjured testimony during criminal trial).  This immunity extends to any claim based on the witness's testimony.  *Bricoe*, at 332-33.  Law enforcement and lay witnesses alike, are shielded by this immunity.  *Rehberg v. Paulk*, 566 U.S. 356, 367-68 (2012); *see also Coggins v. Buonora*, 776 F.3d 108, 113. (2d Cir. 2015).  Moreover, this immunity covers the actual testimony at trial as well as preparatory communications between the witness

6

and prosecutor regarding the contents of that witness's future testimony. *Rehberg.*, 369-70; *O'Neal v. City of New York*, 196 F. Supp. 3d 421, 430 (S.D.N.Y. 2016) (out of court statements made to ADA shortly before trial which related to the substance of his trial testimony protected by absolute testimonial immunity), *citing Rehberg*, at 369-70 ("In the vast majority of cases involving a claim against a [testifying] witness, the witness and the prosecutor conducting the investigation engage in preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony.").  Only those actions taken by the witness <u>in excess of</u> the witness's testimony, such as creating a false affidavit or fabricating evidence in a police report, will fail to be shielded by absolute testimonial immunity.  *Coggins*, at 113; *Rucks v. City of New York*, 96 F. Supp. 3d 138, 149-51 (S.D.N.Y. 2015) (holding that an investigating officer's actions of making false statements to in written police reports, and to the ADA were not entitled to absolute immunity).

IV. **ARGUMENT**

**Absolute testimonial immunity shields State Defendant Lee from any and all claims arising from his in-court testimony as a witness at trial or arising from its preparation therefor**

Plaintiffs Birch and Henning assert in their respective complaints that State Defendant Lee fabricated evidence that a towel in the victim's bathroom had tested positive for blood when, in fact, the towel had never been tested and Lee knew that the towel had never been tested when he told the prosecution it had been tested and then testified to that fact at the Plaintiff's trials.  These allegations cannot proceed as a matter of law because State Defendant Lee is shielded by absolute testimonial immunity.

7

In support of their claims that Lee fabricated evidence in violation of their constitutional rights, both Plaintiffs argue that Lee testified falsely at trial and point to the Supreme Court's decisions as their evidence. Lee disputes these claims, but ultimately, the truth of Lee's testimony is irrelevant. The Supreme Court has instructed that a witness has absolute immunity from § 1983 claims based on his trial testimony. *See, e.g., Briscoe v. LaHue,* 460 U.S. 325; *Rolon v. Henneman*, 517 F.3d 140 (2d Cir. 2008). The Supreme Court stressed the importance of the immunity of a trial witness: "[i]n such a case, a trial witness has absolute immunity with respect to any claim based on the witness' testimony. When a witness is sued because of his testimony, the Court wrote, "'the claims of the individual must yield to the dictates of public policy.'" *Briscoe*, at 332-33 (quotation omitted). Without absolute immunity for witnesses, the Court concluded, the truth-seeking process at trial would be impaired. Witnesses "might be reluctant to come forward to testify," and if a witness took the stand, the witness "might be inclined to shade his testimony in favor of the potential plaintiff" for "fear of subsequent liability." *Id.* at 333; *Rehberg*, 566 U.S. at 366-67.

This immunity is broad and is not limited to just prohibiting a § 1983 suit for the spoken words of the testimony itself; the immunity extends further and prohibits any claim based on the witness's testimony. *See Rehberg*, 566 U.S. at 367 ("a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony.") (original emphasis). Its protections include witness preparation. *Id.*, at 370 ("the witness and the prosecutor conducting the investigation engage in preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony.") Consequently, any conversations that Lee had with Attorney Shepack in

preparation for his trial testimony, is equally shielded and cannot serve as a basis for a claim under § 1983.[3]

Absolute testimonial immunity also prohibits plaintiffs from using clever pleading or litigation tactics to try and circumvent the immunity: the immunity "may not be circumvented by claiming that a . . . witness conspired to present false testimony or by using evidence of the witness' testimony to support any other §1983 claim concerning the initiation or maintenance of a prosecution." *Rehberg,* 566 U.S. at 369 (emphasis added). The reason for this is simple: without it, plaintiffs would litigate the margins of the immunity, just as plaintiffs seek to do here. "Were it otherwise, 'a criminal defendant turned civil plaintiff could simply reframe a claim to attack the preparation instead of the absolutely immune actions themselves.'" *Id.*, at 369. That is what is happening here.

Not only is Lee immune from suit for his testimony, but the testimony itself is not even admissible as evidence to support any claim against him such as the § 1983 claims plaintiffs bring against him alleging civil rights conspiracy, negligence, and reckless infliction of emotional distress.[4]  Lee's testimony cannot serve as a basis to claim he committed a *Brady* violation either, or claim that he is not entitled to summary judgment or qualified immunity, or to make any other legal claim against him.  Lee's testimony in court is inadmissible against him entirely and absolutely. *See id*. (the immunity "may not

---

[3]  56(a)1 Statement, ¶ 5 (ASA Shepack: "…you guys are asking me a lot of questions about the trials and HPCs and I don't have a great deal of recollection of what occurred.  Obviously, I know I met with him [Lee] prior to testifying,  I assume it was before the first trial, that would be my assumption.  But I don't recall the verbiage.")

[4] Birch withdrew all state law claims against Lee in his Amended Complaint.  His only allegation against Lee is for fabrication of evidence under 42 U.S.C. § 1983.  Henning's complaint still alleges state law claims against Lee.

9

be circumvented . . . by using evidence of the witness' testimony to support any other §1983 claim").

Because Lee is absolutely immune from suit for his conduct as a witness and preparation as a witness, this Court should enter judgment in Lee's favor as to all claims against him, based on his trial testimony and trial preparation.  Specifically, this Court should grant Defendant Lee's motion and enter summary judgment in favor of him as to all of the counts brought against him in the above-captioned actions. *Birch Amended Complaint*, pp. 50-51 ("First Cause of Action"); *Henning Complaint*, pp. 46-47 ("First Cause of Action"); pp. 49-50 "Fourth Cause of Action"); p. 52 ("Sixth Cause of Action"); pp. 52-53 ("Seventh Cause of Action"); p. 53 ("Eighth Cause of Action").  The Defendant, nevertheless, incorporates by reference herein, the State Police Defendants arguments in their Motion for Summary Judgement and accompanying Memorandum with respect to Plaintiff Henning's Fourth, Sixth, Seventh and Eighth cause of action.[5]

For the aforementioned reasons, State Defendant Lee respectfully moves this court to enter summary judgment in his favor on all claims against him.

>                         STATE DEFENDANT
>                         Dr. Henry Lee
>
>                         WILLIAM TONG
>                         ATTORNEY GENERAL
>
>                    By:  */s/ Terrence M. O'Neill*
>                         Terrence M. O'Neill
>                         Assistant Attorney General

---

[5] In the interests of judicial economy, and to avoid redundant briefing, Defendant Lee relies upon the substantive arguments advanced in the State Police Defendant's memorandum, should this Court conclude that the absolute testimonial immunity does not shield Lee from Henning's additional claims.

       110 Sherman Street
       Hartford, CT 06105
       Federal Bar #ct10835
       E-Mail: terrence.oneill@ct.gov
       Tel.:  (860) 808-5450
       Fax:  (860) 808-5591

BY: */s/ Lisamaria T. Proscino*
       Lisamaria T. Proscino
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Federal Bar #ct30588
       E-Mail: lisamaria.proscino@ct.gov
       Tel.:  (860) 808-5450
       Fax:  (860) 808-5591

By: */s/ Robin S. Schwartz*
       Robin S. Schwartz
       Assistant Attorney General
       110 Sherman Street
       Hartford, CT 06105
       Federal Bar #ct24891
       E-Mail: robin.schwartz@ct.gov
       Tel.:  (860) 808-5450
       Fax:  (860) 808-5591

**CERTIFICATION**

I hereby certify that on November 7, 2022, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

/s/ *Lisamaria T. Proscino*
Lisamaria T. Proscino
Assistant Attorney General