UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BIRCH | : | CIVIL NO. 3:20-CV-1790 (VAB) |
| | : | [Rel. No. 3:20-CV-1792] |
| v. | : | |
| TOWN OF NEW MILFORD, ET AL. | : | DECEMBER 19, 2022 |

**STATE DEFENDANT LEE'S RESPONSE TO
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

I. **INTRODUCTION**

Pursuant to Fed. R. Civ. P. 56(c), the State Defendant, Dr. Henry Lee, opposes the entry of partial summary judgment on the Plaintiffs' behalf because Plaintiffs have not, and cannot, establish that there are any genuine issues of material fact in dispute relevant to the Defendant's liability for fabrication of evidence. Rather, a review of the Plaintiffs' 56(a)1 statement and memorandum of law, dated November 7, 2022, supports the Defendant's own motion for summary judgment, dated November 7, 2022, seeking summary judgment *on all claims* on the basis of absolute testimonial immunity. Accordingly, the Defendant reaffirms that he, and not the Plaintiffs, are entitled to judgment as a matter of law on all of the claims against him.

II. **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT LEE MUST BE DENIED**

In support of their motions for summary judgment against Defendant Lee, the Plaintiffs argue that there is no genuine issue of material fact as to whether the Defendant fabricated evidence against them – to wit, that the white bathroom towel tested positive for the presence of blood – and that this fabricated evidence was improperly relied upon

1

by the state to obtain their convictions. Plaintiffs' Memorandum of Law in Support of Motion for Partial Summary Judgment, at 1, 6 (November 7, 2022) (hereinafter, Plaintiff's MSJ). As proof of their claims, Plaintiffs highlight the absence of documentary evidence corroborating the Defendant's 1989 trial testimony; id, 6-7, 8; as well as the 2022 deposition testimony of Dr. Kammrath indicating that the slides which were submitted into evidence (along with those that were not submitted) do not support a finding that pretrial testing was performed. Id., 11-120. As affirmative evidence of fabrication, the Plaintiffs further argue, in reliance on the 2022 deposition testimony of Assistant State's Attorney Michael Proto, that the state was not in possession of any documentary evidence corroborating the Defendant's 1989 trial testimony. Id., 12. Finally, the Plaintiffs argue that the Defendant's own 2022 deposition testimony was not credible and thereby proves his 1989 trial testimony was false. Id., 15. They then conclude their arguments in support of summary judgment by asserting that because the evidence of guilt at their respective trials was so weak, and the Defendant's trial testimony was false and so damning, they are entitled to summary judgment on the issue of fabrication of evidence. Id., 15-16. The Plaintiffs' claims fail, however, as a matter of law. The accuracy of the Defendant's trial testimony, standing alone, does not support a fabrication of evidence claim under 42 U.S.C. § 1983. This is because trial witnesses are shielded by absolute testimonial immunity. The Plaintiffs' motion for summary judgment against Defendant Lee must, therefore, be denied.

   A. **Summary Judgment Standard**

On a motion for summary judgment, the moving party carries the initial burden of establishing that there are no genuine issues of material fact in dispute and that, on those

2

material facts which are not in dispute, the movant is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); White v. Conn. Dep't of Children & Families, 544 F. Supp. 2d 112, 116 (D. Conn. 2008).  If the moving party fails to meet this burden or, the non-movant demonstrates that there *are* genuine issues of material fact for resolution at trial, summary judgment is not appropriate.  "[T]he mere existence of *some* alleged factual disputes between the parties will not defeat an otherwise properly supported motion for summary judgment." (Emphasis in original) White, at 166.  A factual dispute is "genuine" when the "evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247-48 (1986).  The facts that are "material" will be identified by the substantive law governing the case.  Id., at 248;  Middlesex Hosp. v. On Assignment Staffing Servs., Inc., No. 3:14-CV-1138 (AWT), 2017 WL4185456, at *2 (D. Conn. Sept. 21, 2017).

When considering a motion for summary judgment, the reviewing court must construe the evidence in the light most favorable to the non-movant and draw all inferences in favor of the nonmovant as well. White v. Conn. Dep't of Children & Families, 544 F. Supp. 2d at 116.  "It is well-established that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." Id., citing Anderson, 477 U.S. at 255.  Thus, the trial court's task is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined . . . to issue-finding; it does not extend to issue-resolution." (Internal quotation marks omitted).  Id., quoting  Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

3

**B. Defendant is Shielded by Absolute Testimonial Immunity**

The Plaintiffs argue that summary judgment should enter in their favor because there are no material facts in dispute with respect to their allegation that the Defendant fabricated evidence. Yet, a review of their 56(a)1 statement and memorandum of law in support of their motion does not support their argument.

To prevail on a motion for summary judgment on a fabrication of evidence claim, a plaintiff must produce evidence satisfying every element of a fabrication of evidence claim. Jovanovic v. City of New York, 486 F. Appx 149, 152 (2d Cir. 2012) (summary order) (granting summary judgment in favor of defense where evidence on each element of each offense not present); Corbett v. City of New York, 2017 U.S. Dist LEXIS 117981, at *24 (S.D.N.Y. July 27, 2017) ("Because [Plaintiff] has presented evidence creating genuine disputes of material fact regarding *each element* of … claim, summary judgment is not appropriate." (emphasis added.)). Specifically, the plaintiff would need to show that an "(1) investigating official (2) fabricate[d] information (3) that [wa]s likely to influence a jury's verdict, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of life, liberty, or property as a result." Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016); Harasz v. Katz, 239 F. Supp. 3d 461, 491 (D. Conn. 2017). Here, the Plaintiffs have failed to meet this burden.

Nowhere in the Plaintiffs' 56(a)1 statement (or memorandum of law in support of their motion) do the Plaintiffs point to evidence that proves Defendant Lee engaged in any *pretrial* manufacturing of false evidence (element two) or that he took that false evidence and forwarded it to the prosecutor to use at trial (element four). Instead, the Plaintiffs focus their efforts on pointing to evidence that they believe proves that

4

Defendant Lee *testified falsely* at their trials. This is a misguided effort, though. It is well settled that under 42 U.S.C. § 1983, "a trial witness has absolute immunity with respect to *any* claim based on the witness' testimony." Rehberg v. Paulk, 566 U.S. 356, 367 (2012), citing Brisco v. Lahue, 460 U.S. 325, 332-33 (1983).

Absolute testimonial immunity extends to testifying lay witnesses and law enforcement witnesses equally. Rehberg, 566 U.S. at 367-68. This is true even if the witnesses knew his or her statements were false when they were made. Brisco, 460 U.S. at 332, 340-41. Thus, even if the Defendant were to admit that his testimony at each Plaintiff's trial was knowingly false (which he does not), the privilege of absolute testimonial immunity would still apply here. The Plaintiffs assert that Defendant Lee testified at their respective trials that he tested the white bathroom towel at the scene and it tested positive for the presence of blood. (Plaintiffs' Local 56(a)1 Statement, at ¶¶ 15, 16). The Defendant agrees that this is what the trial transcripts document. The Plaintiffs additionally assert that the trial prosecutor referenced the Defendant's towel testimony – and no other corroborating documentary evidence – during his closing arguments. (Id., at ¶¶ 17, 18). The Defendant again agrees that this is what the trial transcripts document. Finally, the Plaintiffs further assert that there is no documentary evidence memorializing any pretrial testing of the towel by the Defendant. (Id., at ¶¶ 26, 28, 53, 58). The Defendant agrees that the trial transcripts and record evidence likewise support this fact. In short, the parties agree that the sole issue driving summary judgment is whether absolute testimonial immunity shields Defendant Lee from suit and judgment.

Although the Plaintiffs also assert that Defendant Lee told ASA Shepack about the towel evidence prior to trial; (Plaintiffs' Local 56(a)1 Statement, at ¶ 15); that evidence

does not satisfy the second and fourth elements of a fabrication of evidence claim, thereby depriving the Defendant of immunity on the theory that the fabrication of evidence claim is predicated on alleged pretrial misconduct in addition to alleged fabricated trial testimony.  The United States Supreme Court, as well as courts within the Second Circuit, recognize that  a witness's pretrial review of his or her testimony with the prosecutor prior to testifying is part-and-parcel of the witness' testimonial function.  See e.g. Briscoe, 460 U.S. at 335-36; Rehberg, 566 U.S. at 369-70; O'Neal v. City of New York, 196 F. Supp. 3d 421, 429-30 (2d Cir. 2016); Coggins v. Buonora, 776 F.3d 108, 113 n.7 (2d Cir.), cert. denied, 575 U.S. 1011 (2015).  As such, these courts have held that a witness's preparatory communications with the prosecutor regarding the contents of the witness' future trial testimony are equally shielded by the privilege of absolute testimonial immunity. Rehberg, 566 U.S. at 369-70 ("In the vast majority of cases involving a claim against a … witness, the witness and the prosecutor conducting the investigation engage in preparatory activity, such as a preliminary discussion in which the witness relates the substance of his intended testimony. We decline to endorse a rule of absolute immunity that is so easily frustrated."); see also O'Neal, at 430 (S.D.N.Y. 2016) (out of court statements made to ADA shortly before trial which related to the substance of his trial testimony protected by absolute testimonial immunity).  Consequently, for a Plaintiff to succeed on a fabrication of evidence claim that involves evidence of false testimony, the plaintiff must present evidence that the defendant-witness engaged in pretrial action *in excess of* the witness's testimony, such as creating a false affidavit or fabricating evidence in a police report.  Coggins, at 113; Rucks v. City of New York, 96 F. Supp. 3d 138, 149-51 (S.D.N.Y. 2015) (holding that an investigating officer's actions of making false

statements in written police reports and to the ADA were not entitled to absolute immunity). This the Plaintiffs have failed to do.

The Plaintiffs point to no evidence that Defendant Lee fabricated laboratory notes documenting a false scientific test. The Plaintiffs point to no evidence that Defendant Lee drafted an expert witness report falsely memorializing serology tests that were never performed. The Plaintiffs point to no evidence that Defendant Lee made false statements to the police about evidence that was observed or secured from the Carr residence. In short, the Plaintiffs don't assert, or present evidence to establish, that the Defendant did anything other than testify falsely. In fact, the Plaintiffs close their 56(a)1 statement by asserting:

> After speaking with Dr. Lee, Attorney Proto consulted with Chief State's Attorney Kevin Kane and then conceded on the record that Dr. Lee had not tested the towel because "there just wasn't anything" to support Dr. Lee's claim that he did perform a test on the towel.

(Plaintiffs' Local 56(a)1 Statement, at ¶ 58). With this one assertion, the Plaintiffs acknowledge that the record evidence does nothing more than establish that the complained of misconduct occurred exclusively during the Defendant's oral testimony at each Plaintiff's trial.[1] "Where[, however,] a[n alleged] fabricated story reaches a jury only through [alleged[]] perjured testimony, a criminal defendant has no claim under § 1983." See Fappiano v. City of New York, 2014 U.S. Dist. LEXIS, at *64 (citing Jovanovic v. City of New York, 486 F. Appx at 152 (summary order) ("affirming grant of summary judgment

---

[1] The Plaintiffs spend a great deal of time in their opposition memorandum, attacking the credibility of the Defendant's deposition testimony and his interpretation of slides that were never introduced into evidence at trial. This is a wasted effort. Neither the Defendant's deposition testimony, nor the testimony of any other deposed post-trial witness unveiled pretrial fabrication misconduct by the Defendant.

7

where "the only avenue by which the [allegedly fabricated] testimony could reach the jury was through [a police officer's] testimony, for which he enjoys absolute immunity.")); see also Rehberg, 566 U.S. 356; Estate of Bryant v. Balt. Police Dept., 2020 U.S. Dist. LEXIS 22990, *43 (D. MD February 10, 2020) (absolute testimonial immunity does not shield "nontestimonial pretrial conduct"); Lefever v. Ferguson, 567 Fed. Appx. 426, 431 (6th Cir. 2014) (absolute testimonial immunity barred fabrication of evidence claim where only evidence of fabrication was toxicologist's 2012 deposition testimony recanting 1990 trial testimony and did not include any other evidence of pretrial misconduct by toxicologist); Mastroianni v. Bowers, 173 F. 3d 1363, 1368 (11th Cir.) (Defendant's alleged perjured grand jury testimony, without additional evidence of pretestimonial misconduct, insufficient to overcome absolute testimonial immunity bar to § 1983 fabrication of evidence claim), reh denied, 189 F.3d 487 (11th Cir. 1999); but see Lisker v. City of L.A., 2013 U.S. Dist. LEXIS 48184 (C.Dist. CA February 4, 2013) (where false testimony was not sole basis for fabrication of evidence allegation, but included allegations of falsifying police reports, notes and photographs, absolute immunity did not shield defendants from § 1983 fabrication of evidence claim), aff'd, 780 F.3d 1237 (9th Cir. 2015). Consequently, this Court should deny summary judgment in the Plaintiffs' favor on their fabrication of evidence claim. And, because a witness's testimony standing alone cannot support *any* claim for liability under § 1983; Rehberg, 566 U.S. at 369 (the immunity "may not be circumvented . . . by using evidence of the witness' testimony to support any other §1983 claim"); this Court should instead enter summary judgment on all claims in Defendant Lee's favor.[2]

---

[2] Because Lee is absolutely immune from suit for his conduct as a witness and preparation as a witness, this Court should enter judgment in Lee's favor as to all claims against him, based on his

### III.    CONCLUSION

The Plaintiffs have failed to identify evidence in support of elements two and four of their fabrication of evidence claims.  They further acknowledge that their claims are based solely on Defendant Lee's 1989 trial testimony.  For these reasons, as expounded upon above, Defendant Lee respectfully moves this court to deny the Plaintiffs' motion for partial summary judgment against him.

STATE DEFENDANT
Dr. Henry Lee

WILLIAM TONG
ATTORNEY GENERAL

By: */s/ Terrence M. O'Neill*
Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct10835
E-Mail: terrence.oneill@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

BY: */s/ Lisamaria T. Proscino*
Lisamaria T. Proscino
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct30588
E-Mail: lisamaria.proscino@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

By: */s/ Robin S. Schwartz*

---

trial testimony and trial preparation.  Specifically, this Court should grant Defendant Lee's motion and enter summary judgment in favor of him as to all of the counts brought against him in the above-captioned actions. *Birch Amended Complaint*, pp. 50-51 ("First Cause of Action"); *Henning Complaint*, pp. 46-47 ("First Cause of Action"); pp. 49-50 "Fourth Cause of Action"); p. 52 ("Sixth Cause of Action"); pp. 52-53 ("Seventh Cause of Action"); p. 53 ("Eighth Cause of Action").

>Robin S. Schwartz
>Assistant Attorney General
>110 Sherman Street
>Hartford, CT 06105
>Federal Bar #ct24891
>E-Mail: robin.schwartz@ct.gov
>Tel.:  (860) 808-5450
>Fax:  (860) 808-5591

## **CERTIFICATION**

I hereby certify that on December 19, 2022, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing].  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing).  Parties may access this filing through the Court's system.

>*/s/ Robin S. Schwartz*
>Robin S. Schwartz
>Assistant Attorney General