**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RALPH BIRCH<br>*Plaintiff*<br><br>v.<br><br>TOWN OF NEW MILFORD, ET AL.<br>*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 3:20-CV-1790 (VAB)<br>[*Rel.* 3:20-cv-1792]<br><br><br><br>JANUARY 12, 2023 |

**DEFENDANT LEE'S REPLY MEMORANDUM**
**IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56, the State Defendant, Dr. Henry Lee, moves for summary judgment. As shown below, the Plaintiffs cannot prove their claims of evidence fabrication, civil rights conspiracy, negligence, negligent infliction of emotional distress, or intentional or reckless infliction of emption distress. As to all claims, the State Defendant is shielded by absolute testimonial immunity. He is, therefore, entitled to judgment as a matter of law on all of the claims against him.

## I. Defendant Lee Did Not Waive His Affirmative Defense of Absolute Testimonial Immunity

In their opposition to Defendant Lee's motion for summary judgment, the Plaintiffs argue that Defendant Lee is prohibited from invoking the affirmative defense of absolute testimonial immunity in his motion for summary judgment because he failed to assert it in the State Defendants' Answer and Special Defenses filed On December 2, 2021, (*hereinafter,* SDs Answer), and thereby waived it. The Plaintiffs are mistaken. The Second Circuit takes seriously the admonishment in the Federal Rules of Civil Procedure that courts "should freely give leave [to amend pleadings prior to trial] when justice so

requires." F. Rule Civ. P. 15(a)(2). Accordingly, our courts even allow defendants to raise overlooked affirmative defenses for the first time in a motion for summary judgement, absent proof of undue prejudice to the plaintiff. See Lambrinos v. Exxon Mobil Corp., 349 Fed. Appx. 613, 615 (2d Cir. 2009) (citing Steinberg v. Columbia Pictures Indus., Inc., 663 F. Supp. 706, 715 (S.D.N.Y. 1987) ("[A]bsent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time." (Citation and quotation marks omitted.)); see also Combined Res. Interior, Inc. v. Frankl, 2019 Bankr. LEXIS 2093, at *7-8 (Bankr. S.D.N.Y., July 11, 2019) (citing Foman v. Davis, 371 U.S. 178, 182 (1962) and concluding in the absence of prejudice to plaintiff that liberal principles of Rule 15 were grounds for allowing defendant to raise overlooked affirmative defense for first time in motion for summary judgment). Such is the case here.[1]

Permitting the Defendant to invoke the defense of testimonial immunity does not prejudice the Plaintiffs in any way because the Plaintiffs had the opportunity to investigate and query all of the facts and legal concepts underlying and related to testimonial immunity throughout the discovery process and actively took advantage of that opportunity. The Plaintiffs deposed the Defendant and the trial prosecutor as well as the key investigative team members from the state and town police. In addition to taking depositions, the Plaintiffs had access to the state's entire case file, the investigation book

[1] The Defendant has also filed a motion to amend and memorandum in support thereof with attachments, dated January 12, 2023, in order to formally include the affirmative defense of absolute testimonial immunity as one of the special defenses in the SD's Answers. Because the legal analysis in support of a motion to amend is essentially the same at the legal analysis applicable to a court's determination as to whether to allow an affirmative defense to be raised for the first time in a motion for summary judgment, the Defendant has only provided an abbreviated analysis of his argument in this memorandum of law out of respect for judicial economy. He incorporates by reference, herein, his full argument outlined in his motion to amend and accompanying memorandum of law.

of the state police, the transcripts from both prior criminal trials as well as two habeas trials which included testimony from prior defense counsel. And, because the Defendant's trial testimony about the bathroom towel was the basis of the Supreme Court's decision to vacate the Plaintiffs' convictions, the Plaintiffs have had significant notice, opportunity and motive to overturn every stone in connection with this Defendant's involvement with the Carr murder investigation, and the bathroom towel evidence in particular. And, in fact, they have done so. Accordingly, allowing Defendant Lee to assert the defense of testimonial immunity now does not require the court to reopen discovery. It does not warrant the interviewing of new witnesses. It does not alter the evidentiary landscape of the case. State Teachers Retirement Bd., 654 F.2d at 856 (district court abused discretion in denying motion to amend complaint, explaining in part: "This is not a case where the amendment came on the eve of trial and would result in new problems of proof."); but see Monette v. Cnty. of Nassau, March 31, 20152015 U.S. Dist. LEXIS 42523, at *22-23 (E.D.N.Y., Mar. 31, 2015) (denying defense amendment to answer four days before trial where defense was not simple to litigate, was based on non-exhaustive list of factors and required proof with documents and witnesses not part of discovery process). Thus, the balance of equities weighs in favor of treating the Defendant's summary judgment motion as both: (1) a motion to amend the SDs Answers to include the affirmative defense of testimonial immunity, (2) and a motion for summary judgment predicated on the defense itself.[2]

[2] Of course, it is also within this Court's discretion to re-open discovery solely on the issue of this defense and allow the parties to craft a discovery plan to be executed in short order. Benavidez v. Burger Bros. Rest. Grp., Inc., 2019 U.S. Dist. LEXIS 56579, *13 (E.D.N.Y., Mar. 29, 2019); see also Wingates, LLC v. Commonwealth Ins. Co. of Am., 626 Fed. Appx. 316, 319 (2d Cir. 2015) (summary order). When analyzing a request to re-open discovery, factors for consideration include: "1) whether trial is imminent; 2) whether the request is opposed; 3) whether the non-

## II. There are no genuine issues of material fact in dispute surrounding Defendant Lee's Testimonial Immunity

In opposition to the Defendant's motion for summary judgment, the Plaintiffs argue that the Defendant is not entitled to the protections of absolute testimonial immunity because the Plaintiffs can make out the elements of their fabrication of evidence claim without resorting to the Defendant's trial testimony.[3] The evidence they point to is the Defendant's pretrial conversations with the prosecutor which, they claim, were not preparatory for trial, but part of the state's investigation. The Plaintiffs are mistaken on both points.

### A. The Plaintiffs' fabrication of evidence claim against the Defendant rests solely on his trial testimony

The Plaintiffs argue that Attorney Shepack's closing argument from each trial, and not the Defendant's trial testimony, is the only evidence that they need to prove their fabrication of evidence claim against the Defendant. [ECF 138, p. 10[4]]. Consequently, they maintain, their claim against the Defendant does not implicate the protections of testimonial immunity. This argument cannot stand.

---

moving party would be prejudiced; 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court; 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court; and 6) the likelihood that the discovery will lead to relevant evidence." Benavidez, at *14.

[3] While both Plaintiffs have filed fabrication of evidence claims and that claim is the focus of the Plaintiffs' opposition memorandum, Plaintiff Henning has also filed several state claims against the Defendant which are not mentioned in the Plaintiffs' joint opposition memo as claims that can be proven (in the Plaintiff's view), without reference to Defendant's trial testimony. Regardless, as explained in the Defendant's memorandum in support of his motion for summary judgment [ECF 127-1], the Defendant's entitlement to absolute testimonial immunity applies equally to all claims arising from his trial testimony.

[4] "They can meet that burden with Attorney Shepack's testimony as outlined in his deposition…. Accordingly, the Plaintiffs' claims are not based on Dr. Lee's in-court testimony, and he is not absolutely immune." (Internal citations omitted.)

The Plaintiffs and Defendant all agree, as memorialized in their respective 56(a) statements, that the Plaintiffs' convictions were vacated by the Connecticut Supreme Court because the Defendant's *trial testimony*, which was the only evidence that the bathroom towel tested positive for the presence of blood, was incorrect, and that the state could not prove beyond a reasonable doubt that the jury was not swayed by the incorrect testimony. [ECF 127-2, *Defendant Lee's Statement*, ¶¶ 4, 9, 15, 18 ; ECF 138-1, *Plaintiffs' Statement*, ¶¶ 4, 9, 15, 18]. No other witnesses testified at either trial about the positive blood test of the towel, and no documentary evidence was introduced to support that fact either. This record supports, therefore, only one conclusion – that the entirety of the Plaintiffs' fabrication of evidence claim – based on evidence that the white bathroom towel tested positive for the presence of blood – rests *solely* on the Defendant's trial testimony.

The Plaintiffs' assertion that Attorney Shepack's marshalling of evidence before the jury can serve as an independent evidentiary source of their fabrication claim is fatally flawed. First, it is black-letter law that summation by counsel is not evidence. Desia v. GE Life & Annuity Assur. Co., 2008 U.S. Dist. LEXIS 86407, at *33 (D. Conn. Oct. 24, 2008), aff'd 350 Fed. Appx. 542 (2009), cert. denied., 562 U.S. 829 (2010). Second, Attorney Shepack would not have been able to make the argument about the value of the towel evidence if the Defendant had not testified about the positive blood test in the first place, because counsel are prohibited from introducing facts not in evidence during their closing arguments and, here, outside of the Defendant's testimony there was no evidence that the bathroom towel tested positive for the presence of blood. United States v. Rosa, 17 F.3d 1531, 1548-49 (2d Cir.), cert. denied, 513 U.S. 879 (1994).

Finally, using a prosecutor's reference during summation to a witness's trial testimony as a basis for subsequently denying that witness the protections of testimonial immunity would effectively eliminate the privilege. Part of a prosecutor's job is to marshal the evidence during his or her summation for the jury. Marshaling evidence involves discussing the evidence introduced at trial to prove that the state has proven each and every element of each and every offense charged. This will almost always require the prosecutor to address, at least briefly, the evidence from each witness in his or her closing argument. If that act alone can defeat testimonial immunity then no witness can be assured that he or she will be protected when testifying in any case. This novel interpretation of the testimonial immunity privilege, which is inconsistent with Supreme Court precedent, should be flatly rejected. See Briscoe v. Lahue, 460 U.S. 325, 333 (1983) (absolute testimonial immunity shields testifying witness who, out of fear of defending a subsequent lawsuit and paying damages, might shade testimony in favor of potential plaintiff, magnify uncertainties, and thereby deprive factfinder of "candid, objective, and undistorted evidence"); Rehberg v. Palk, 566 U.S. 356, 369-70 (2012) (absolute testimonial privilege extends to grand jury witnesses because considerations underlying privilege are same at grand jury stage as at trial).

**B. The Plaintiffs' speculation that the Defendant conveyed the substance of his future testimony to the State during the investigative stage of the case, and not strictly during a "trial testimony preparation session," does not defeat summary judgment**

The Plaintiff's related argument, that the Defendant is not entitled to the protections of testimonial immunity because Defendant Lee shared the content of his testimony with the State while the case was still being investigated and not strictly during a trial testimony preparation session, must also be rejected. [ECF 138, p. 11]. First, the evidence does

not support the Plaintiffs' assertion on timing but is based on mere speculation and conjecture which is insufficient to overcome a motion for summary judgment. Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 12 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987) ( "A nonmoving party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment."). Second, even if the Plaintiffs are correct about the timing, they are wrong that the timing matters.

During discovery, counsel for the Plaintiffs deposed the Defendant and Attorney Shepack about the timing of the Defendant's initial disclosure (about the positive blood test) to the state. Counsel asked both men during their respective depositions what they remembered about their pretrial conversations concerning the blood-testing of the towel evidence and each indicated that he did not have a good memory of those communications. [ECF 138, pp. 11-2]. Attorney Shepack testified that he knew he met with the Defendant "prior to testifying" but could not recall the specifics. Id., at 21. The Defendant also testified, when asked if he had communications with the State's Attorney's office about the blood test evidence after December 10, 1985, and the Defendant testified in the affirmative that he did: "before testimony." *Lee Deposition, March 22, 2022, p. 146.* By way of clarification, Counsel then inquired: "Just before you testified?" The Defendant replied "yeah." Id.[5] When Plaintiffs' counsel revisited this issue with the Defendant approximately four months later, he further testified in response to questioning, that he believed he told Attorney Shepack about the positive blood test "during my testimony"[6]

[5] The Plaintiffs do not address this testimony in this opposition memorandum. [ECF 138, pp. 11-12.

[6] The Plaintiffs do not address this testimony by the Defendant in their opposition memorandum either. Id., n. 5.

but stated that he could not remember if he told Attorney Shepack about the test prior to taking the stand. *Lee Deposition, July 12, 2022, p. 319-20.* While this testimony does not provide a firm timeline as to when exactly prior to the trials the two men met and discussed the blood test evidence, it does not support the Plaintiff's assertions that "neither [Attorney Shepack nor Defendant Lee] had any recollection as to when [the Defendant] communicated to the State's Attorney's Office…." [ECF 138, p. 11]. Nor does it support the conclusion that the conversations occurred at some other time during the early course of the investigation. On the contrary, both men testified to the best of their recollection, that the conversations occurred prior to the Defendant testifying.

However, to the extent that the testimony was not full-throated on timing, that fact does not support the Plaintiff's contention that there remains a genuine issue of material fact with respect to the availability of testimonial immunity. This is because absolute testimonial immunity extends to all preparatory activities that are inextricably tied to testimony "such as telling a prosecutor the same lies that would ultimately reach the jury through perjured testimony." Fappiano v. City of New York, 2014 U.S. Dist. LEXIS, at *66 (E.D.N.Y. Dec. 31, 2014).[7] Whether these preparatory activities occur on the eve of trial, or sometime prior thereto, is of no moment. "Were it otherwise, a criminal defendant turned civil plaintiff could simply reframe a claim *to attack the preparation* instead of the absolutely immune actions themselves." (Emphasis added.) Rehberg, 566 U.S. at 369.

**C. Testimonial immunity remains a lawful defense for those like the Defendant who are accused of testimonial fabrication**

[7] The Defendant does not concede that he perjured himself at either trial or that he lied to Attorney Shepack when they discussed the substance of his testimony in anticipation of trial.

In a final effort to deny the Defendant the protections of the absolute testimonial immunity defense, the Plaintiffs further argue to this Court that it should bar the defense because permitting it would "unjustifiably shield" the Defendant from his non-documentary fabrication. This claim must be rejected. In Briscoe v. Lahue, 460 U.S. at 332-33, the Supreme Court acknowledged the gut-wrenching reality that "some defendants might indeed be unjustly convicted on the basis of knowingly false [or inaccurate] testimony" and nevertheless held that the policy considerations justifying absolute testimonial immunity outweighed the interests of an individual who may wish to seek relief from that injustice through a claim for damages. Id., 460 U.S. at 332-33 ("the claims of the individual must yield to the dictates of public policy"). As a recognized legal defense, therefore, the Defendant is entitled to its benefits as long as the law and facts are on his side. That the Plaintiffs don't like the defense, while understandable, is simply not a basis for denying the Defendant's motion for summary judgment predicated upon it.

The Plaintiffs are also wrong that the defense of absolute testimonial immunity provides an "escape hatch" for all nondocumentary fabrications as long as the witness ultimately testifies about the fabrication. [ECF, p. 15]. If an individual attempts to solicit fabrication by another, or otherwise attempts to unlawfully influence another's testimony, that individual, even if he or she later testifies about the fabrication, can be held responsible for his or her role in influencing or attempting to influence the other witness(es). See Fappiano, 2014 U.S. Dist. LEXIS, at *66-67 (citing McCaffrey v. City of New York, 2013 U.S. Dist. LEXIS 18815, 2013 WL 494025, at *4 ("[A]lthough a police officer's actions in … influencing witnesses may be relevant to a fair trial claim, Rehberg's holding is clear that that police officer is still entitled to absolute immunity for claims based

on his actual *testimony*.") (emphasis in original)). A witness who testifies falsely may also, depending on the facts and circumstances of the case, be subject to a charge of perjury. Had the Defendant attempted to influence the testimony of another forensic lab witness with respect to the towel evidence or submitted a report from the forensic laboratory purporting to document the test in question, those documentary and non-documentary actions would not be shielded by testimonial immunity despite the fact that the Defendant testified about the positive blood test. Because the information about the positive blood test only reached the jury through the Defendant's testimony, however, he *is* shielded by absolute testimonial immunity and entitled to summary judgment thereon.

## CONCLUSION

Because Lee is absolutely immune from suit for his testimony and preparation as a trial witness, this Court should enter judgment in Lee's favor as to all claims against him[8] and dismiss him from these consolidated cases. .

*Respectfully submitted,*

STATE DEFENDANT
Dr. Henry Lee

WILLIAM TONG
ATTORNEY GENERAL

By: /s/ Terrence M. O'Neill
Terrence M. O'Neill
Assistant Attorney General

[8] See ECF 54: *Birch Amended Complaint*, pp. 50-51 ("First Cause of Action"); ECF 1 (1792) *Henning Complaint*, pp. 46-47 ("First Cause of Action"); pp. 49-50 "Fourth Cause of Action"); p. 52 ("Sixth Cause of Action"); pp. 52-53 ("Seventh Cause of Action"); p. 53 ("Eighth Cause of Action").

        110 Sherman Street
Hartford, CT 06105
Federal Bar #ct10835
E-Mail: terrence.oneill@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

BY: /s/ Lisamaria T. Proscino
Lisamaria T. Proscino
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct30588
E-Mail: lisamaria.proscino@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

By: /s/ Robin S. Schwartz
Robin S. Schwartz
Assistant Attorney General
110 Sherman Street
Hartford, CT 06105
Federal Bar #ct24891
E-Mail: robin.schwartz@ct.gov
Tel.: (860) 808-5450
Fax: (860) 808-5591

**CERTIFICATION**

I hereby certify that on January 12, 2023, a copy of the foregoing was filed electronically [and served by mail on anyone unable to accept electronic filing]. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system (or by mail to anyone unable to accept electronic filing). Parties may access this filing through the Court's system.

/s/ Robin S. Schwartz
Robin S. Schwartz
Assistant Attorney General