UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>                    Plaintiff,<br><br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>                    Defendants. | No. 3:20-CV-1790 (VAB)<br>[*rel.* No. 3:20-CV-1792]<br><br><br><br>January 13, 2022 |

**PLAINTIFFS' JOINT REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DR. HENRY LEE**

**TABLE OF CONTENTS**

I.  INTRODUCTION ........................................................................................................... 1

II. DISCUSSION ................................................................................................................. 1

    A.  Dr. Lee Has Conceded Plaintiffs' Motion by Failing to Respond Substantively ......... 1

    B.  Dr. Lee's Summary Judgment Rehash is Meritless ....................................................... 5

        1.  Dr. Lee Waived Any Absolute Testimonial Immunity Affirmative Defense ................................................................................................................ 6

        2.  It Is Not Plaintiffs' Burden To Disprove Affirmative Defenses ................. 6

        3.  Dr. Lee's Motion Is Factually Meritless ...................................................... 7

III. CONCLUSION............................................................................................................. 10

## TABLE OF AUTHORITIES

**Cases**

*Briscoe v. La Hue*,
    460 U.S. 325 (1983) ................................................................................................ 10

*Buckley v. Fitzsimmons*,
    509 U.S. 259 (1993) .................................................................................................. 7

*Castle v. United States*,
    1:15-CV-0197 (GTS/TWD), 2017 WL 6459514 (N.D.N.Y, Dec 18. 2017) ...................... 3

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .................................................................................................. 6

*Coggins v. Buonora*,
    776 F.3d 108 (2d Cir. 2015) ............................................................................ 5, 8, 10

*Fappiano v. City of New York*,
    No. 01-CV-2476 (SLT)(SMG), 2015 WL 94140 (E.D.N.Y. Dec. 31, 2014) .................... 8

*Gaither v. Stop & Shop Supermarket Co., LLC*,
    84 F. Supp. 3d 113 (D.Conn. 2015) ........................................................................... 2

*Godson v. Eltman, Eltman & Cooper, P.C.*,
    285 F.R.D. 255 (W.D.N.Y 2012) ................................................................................ 1

*Harasz v. Katz*,
    239 F. Supp. 3d 461 (D. Conn. 2017) ........................................................................ 1

*Hill v. City of New York*,
    45 F.3d 653 (2d Cir. 1995) ........................................................................................ 7

*Jackson v. Federal Exp.*,
    766 F.3d 189 (2d Cir. 2014) ................................................................................... 2, 5

*Jeffreys v. City of New York*,
    426 F.3d 549 (2d Cir. 2005) ................................................................................... 3, 4

*Kee v. City of New York*,
    12 F.4th 150 (2d Cir. 2021) ....................................................................................... 5

*Kochan v. Kowalski*,
    478 F. Supp. 3d 440 (W.D.N.Y. 2020) ....................................................................... 1

*Onofrio v. Savoy*,
    No. 3:15-cv-1744(WIG), 2018 WL 4568410 (D. Conn. Sept. 24, 2018) .................. 2, 5

*Red Tree Investments LLC v. Petroleos de Venezuela, S.A.*,
   No. 19-CV-2519 (PKC), 2021 WL 6092462 (S.D.N.Y. Dec. 22, 2021) ............................ 6

*Rehberg v. Paulk*,
   566 U.S. 356 (2012) ................................................................................................. 5, 8, 10

*Robinson v. Am. Int'l Grp., Inc.*,
   No. 08-cv-1724, 2009 WL 3154312 (S.D.N.Y. Sept. 30, 2009),
   *aff'd*, 396 Fed. App'x 781 (2d Cir. 2010) ..................................................................... 2, 5

*Shmueli v. City of N.Y.*,
   424 F.3d 231 (2d Cir. 2005) .............................................................................................. 6

*Townsend v. City of New York*,
   19-CV-10944, 2022 WL 1446532 (S.D.N.Y. April 20, 2022) .......................................... 5

**Rules**

Local Rule 7 ............................................................................................................................. 1

Local Rule 56 ........................................................................................................................... 2

Local Rule 56(a) ...................................................................................................................... 2

Local Rule 56(a)(3) .................................................................................................................. 4

**Other Authorities**

"How Many Murder Cases Did Celeb Forensic Scientist Henry Lee Botch?",
   The Daily Beast, October 18, 2021 .................................................................................. 8

Moore's Federal Practice–Civil § 56.122 ................................................................................ 3

## I. INTRODUCTION

The title of Dr. Lee's Response to Plaintiffs' Motion for Partial Summary Judgment ("Def's Br.") [ECF 142] is telling.  It is not an ***opposition*** in which Dr. Lee challenges Plaintiffs' arguments or undisputed material facts. Those remain wholly unopposed and unrebutted. Rather, Dr. Lee's "response" simply argues that Plaintiffs' claims fail because ***Dr. Lee*** is entitled to summary judgment solely based on an affirmative defense that, to this day, he has not pled (and of which he has provided no legal or factual notice to Plaintiffs).[1]  Because Dr. Lee failed to respond substantively to Plaintiffs' summary judgment arguments, he has conceded those arguments under well-settled Second Circuit precedent, and Plaintiffs are entitled to summary judgment on their fabrication claims.  Further, because Dr. Lee's testimonial immunity affirmative defense is unpled, and meritless in any event, it is no bar to summary judgment for Plaintiffs.[2]

## II. DISCUSSION

### A. Dr. Lee Has Conceded Plaintiffs' Motion by Failing to Respond Substantively

There is no dispute that to obtain summary judgment on their evidence fabrication claims against Dr. Lee, Plaintiffs must establish that "an (1) investigating official (2) fabricates evidence (3) that is likely to influence a jury's decision, (4) forwards that information to prosecutors, and (5) the plaintiff suffers a deprivation of liberty as a result." *Harasz v. Katz*, 239 F. Supp. 3d 461, 491 (D. Conn. 2017) (citation omitted).   Rather than raising any genuine, material factual

---

[1] Dr. Lee filed an untimely motion to amend his affirmative defenses on January 12, 2023.  Plaintiffs will file an opposition within twenty-one days under Local Rule 7.  For summary judgment purposes, however, the court should reject the proposed "bare affirmative defense" because it does not "provid[e] the plaintiff with fair notice, buttressed by sufficient facts"—and, indeed, contains ***no facts***. *Godson v. Eltman, Eltman & Cooper, P.C.*, 285 F.R.D. 255, 259 (W.D.N.Y 2012); *Kochan v. Kowalski*, 478 F. Supp. 3d 440, 452 (W.D.N.Y. 2020).

[2] Plaintiffs address the procedural and substantive shortcomings of Dr. Lee's unpled affirmative defense both below and in their Joint Opposition to Henry Lee's Motion for Summary Judgment [ECF No. 138] ("Opp. to Lee MSJ").

1

disputes as to these elements, Dr. Lee has simply averred that *every one* of Plaintiffs' undisputed facts is "not a material fact with respect to summary judgment because it is irrelevant to Defendant's testimonial immunity." *See generally* Lee's Local Rule 56(a)2 Statement In Opposition to Summary Judgment [ECF 142-1] ("Lee's 56(a)2 Response").

In his nine-page brief, Dr. Lee does not discuss, let alone analyze or contest, Plaintiffs' arguments that (1) he was an investigating official (element one), (2) the towel "test" was likely to influence the jury's decision (element three) and (3) Plaintiffs suffered a deprivation of liberty as a result of the supposed positive blood "test" on the towel (element five). *See* Opening Br. at 14-15; *see generally* Def's Br. Accordingly, those elements are conceded, and, at a minimum, the Court should enter summary judgment as to those elements of Plaintiffs' claims. *Jackson v. Federal Exp.,* 766 F.3d 189, 198 (2d Cir. 2014) (a court may "infer from a party's partial opposition [to a motion for summary judgment] that relevant claims or defenses that are not defended have been abandoned"); *Onofrio v. Savoy*, No. 3:15-cv-1744(WIG), 2018 WL 4568410, at *4 (D. Conn. Sept. 24, 2018) (summary judgment appropriate when opposing party "fails to address the argument in any way"); *Robinson v. Am. Int'l Grp., Inc*., No. 08-cv-1724, 2009 WL 3154312, at *4 & n.65 (S.D.N.Y. Sept. 30, 2009) (collecting cases deeming claims abandoned for failure to oppose arguments raised in summary judgment motions), *aff'd*, 396 Fed. App'x 781 (2d Cir. 2010) ("we conclude that the district court correctly granted summary judgment . . . based on substantially the same reasons as articulated by that court in it detailed memorandum and order").[3]

---

[3] Plaintiffs maintain that they are entitled to summary judgment on the entirety of their fabrication of evidence claims, but, at a minimum, the Court can grant summary judgment as to "part of a claim" under Rule 56(a). *Gaither v. Stop & Shop Supermarket Co., LLC*, 84 F. Supp. 3d 113, 123 n. 8 (D. Conn. 2015) ("'The freedom to use summary judgment procedure to address particular issues *or elements of a claim* is an important feature of Rule 56,

As to Dr. Lee's (1) fabrication of evidence (element two) and (2) his forwarding of fabricated evidence to the state's attorney's office (element four), Dr. Lee also fails to challenge the undisputed material facts on which Plaintiffs' motion relies.

With respect to the fabrication element, the most Dr. Lee can muster is a parenthetical on page 5 of his opposition brief, in which he says that "he does not" admit that his towel "test" was "knowingly false," and a brief reference in footnote 1, wherein he claims that Plaintiffs' detailed discussion of Dr. Lee's facially incredible testimony about the presence of blue TMB reactions on images of the towel is a "wasted effort."  Neither passing reference constitutes a reasoned, responsive argument or a challenge to Plaintiffs' undisputed facts, and a bald denial of fabrication does not defeat summary judgment. *Jeffreys v. City of New York*, 426 F.3d 549, 554-55 (2d Cir. 2005) ("a nonmoving party 'must offer some hard evidence showing that its version of the events is not wholly fanciful'") (citations omitted).

Far from being a "wasted effort," Dr. Lee's deposition testimony is ***proof*** of his fabrication. Dr. Lee acknowledged that there exists none of the routine and expected documentation of his supposed blood "test." Lee's 56(a)2 Response at Nos. 26-28.  Instead, he claimed that he "took some slide [sic] in lieu of the notes" as proof of the TMB "test." *Id*. at No. 29. Dr. Lee testified unequivocally that the presence of blood creates a blue reaction during a TMB test and he confirmed the presence of the "telltale blue reaction" on images ***other than*** of the towel. *Id*. at Nos. 25, 30.

Dr. Lee was then asked in deposition if he saw any TMB reaction on images of the towel that his counsel prepared from Dr. Lee's slides, and Dr. Lee said that he did see a positive TMB

---

making it a much more useful case management device'") (*quoting* 11–56 Moore's Federal Practice–Civil § 56.122) (emphasis added); *see also Castle v. United States*, 1:15-CV-0197 (GTS/TWD), 2017 WL 6459514, at *16 n. 23 (N.D.N.Y. Dec 18. 2017).

3

reaction. *Id*. at Nos. 31-33, 39-40. Plaintiffs' counsel then asked Dr. Lee to circle where he claimed there was a positive TMB reaction, which necessarily would be blue, and Dr. Lee did so. *Id*. at Nos. 34, 40. As the Court can see by looking at those images, and as Dr. Lee's own expert agreed, there is no "telltale blue reaction" to TMB on any image of the towel. *See* Attachment R (Depo. Ex. 149A) and Attachment T (Depo. Ex. 170A) to Plaintiff's motion ([ECF Nos. 125-18 and 125-20] respectively); Opening Br. at 11-12 (discussing Dr. Kammrath testimony). Accordingly, Dr. Lee's "proof" through his slides that he conducted a positive TMB "test" on the towel is "unsubstantiated by any other direct evidence" and is "'replete with inconsistencies and improbabilities.'" *Jeffreys*, 426 F.3d at 555. Dr. Lee's testimony is undeniable proof that he fabricated his supposed blood "test" that was used to convict Plaintiffs, and it shows that he is willing to perpetuate that fabrication to this Court, under oath, in his deposition.[4]

With respect to the forwarding element, Dr. Lee concedes—as he must—that he told the prosecutor about the supposed positive "test." Lee 56(a)2 Response at No. 15; *see also* Section II(B)(3), *infra* (Dr. Lee conceding that he had discussed the "test" with former State's Attorney Santore during investigatory stage of case). Under binding Second Circuit precedent, these oral

---

[4] Dr. Lee's increasingly bizarre attempts to avoid his prior deposition testimony also are sanctionable under Local Rule 56(a)(3). For example, Dr. Lee was asked, ***objectively***, to confirm that there was no blue on Deposition Exhibit 149A (Attachment R) [ECF No. 125-18]. *See* Lee 56(a)2 Response at No. 35. The answer is clear on the face of the exhibit: there is no blue. But rather than admit the clear and indisputable truth, Dr. Lee chose to evade the question, responding that he "denies and maintains that he stated he was able to see blue on Exhibit 149A during his deposition." *Id*. The Court can see that his answer is non-responsive and factually false: there simply is no blue for ***anyone*** to see on the towel in Exhibit 149A and his response to Undisputed Fact No. 35 should be deemed admitted under Local Rule 56(a)(3) for this summary judgment record.

Similarly, Dr. Lee was asked to confirm that he circled what he claimed were blue TMB reactions on Deposition Exhibit 170A (Attachment T) [ECF No. 125-20]. Lee 56(a)2 Response at No. 40. Specifically, he was asked, "Do you see any indication of a positive reaction to a Tetramethylbenzine test on Exhibit 170A?" Attachment S [ECF No. 15-19], 297:25 – 298:2. Dr. Lee has admitted that any positive reaction to a TMB test would be blue. Lee 56(a)2 Response at No. 25. Dr. Lee then placed circles on Deposition Exhibit 170A where he claimed there was a positive reaction, and he answered, "I can see some little light ***blue*** pinkish color I the middle of this towel," Attachment S at 298:3-4, and that his original slide "had ***more blue*** color," *id*. at 298:5-25. In his 56(a)2 statement, however, Dr. Lee now "denies that he agreed what he circled was blue." Lee56(a)2 Response at No. 40. This false denial also should be sanctioned under Local Rule 56(a)(3) and be deemed admitted for this summary judgment record.

transmissions of fabricated information to the prosecutors satisfy the "forwarding" element of Plaintiffs' claim as a matter of law. *Kee v. City of New Y*ork, 12 F.4th 150, 170 (2d Cir. 2021) (reaffirming that any information that a law enforcement official fabricates and "'conveys to prosecutors'" violates the due process right to a fair trial and can form the basis for a § 1983 action") (citation omitted). "Such falsified information underlying the claim may be conveyed in documents, *or orally*, to prosecutors." *Id*. (emphasis added).

That Dr. Lee later testified about the same fabrication at trial does not immunize the fabrication from civil liability, as Dr. Lee wrongfully claims. Lee Reply Br. at 8. The Court of Appeals has made clear that such a claim would set a "dangerous precedent" and would "be inconsistent with the limitations *Rehberg* [*v. Paulk*, 566 U.S. 356 (2012)] explicitly imposes on the scope of the absolute immunity." *Coggins v. Buonora*, 776 F.3d 108, 112-13 (2d Cir. 2015); *accord Townsend v. City of New York*, 19-CV-10944, 2022 WL 1446532, at *6-7 (S.D.N.Y. April 20, 2022) (non-documentary fabrications not immunized by subsequent testimony).

By failing to challenge the "record evidence" as to elements two and four, Dr. Lee has also conceded those elements. *See* Opening Br. at 14-15; *Jackson,* 766 F.3d at 198; *Onofrio*, 2018 WL 4568410, at *4; *Robinson*, 2009 WL 3154312, at *4 & n.65. Plaintiffs have established, and Dr. Lee has submitted no evidence rebutting, that there is no genuine factual dispute as to all five elements of Plaintiffs' fabrication of evidence claims. The Court should grant Plaintiffs' motion for summary judgment.

**B. Dr. Lee's Summary Judgment Rehash is Meritless**

Dr. Lee's principal position is that "the record evidence does nothing more than establish that the complained of misconduct occurred exclusively during the Defendant's oral testimony at each Plaintiff's trial." Def's Br. at 7. But that is no response at all. Dr. Lee's gambit to avoid

liability for fabricating evidence *only* by rehashing his summary judgment arguments fails completely. Unable to refute the proof that he fabricated evidence, Dr. Lee seeks to escape his significant liability by way of an immunity doctrine. But that defense is a procedurally barred dead end, and his conduct does not fall within its protections in any event.

### 1. Dr. Lee Waived Any Absolute Testimonial Immunity Affirmative Defense

As discussed in Plaintiffs' opposition to Dr. Lee's summary judgment motion, absolute immunity must be pled as an affirmative defense. *Shmueli v. City of N.Y.,* 424 F.3d 231, 236 (2d Cir. 2005); *see also* Opp. to Lee MSJ at 2-3.  Dr. Lee did not plead absolute immunity in his answers to the Plaintiffs' complaints and any such defense is waived. *See* Answer to Henning Complaint [ECF 84 at ECF pp. 47-48] & Answer to Birch Amended Complaint [ECF 83 at pp. 49-50].  For this reason alone, the court should grant Plaintiffs' summary judgment motion.[5]

### 2. It Is Not Plaintiffs' Burden To Disprove Affirmative Defenses

Dr. Lee's implicit contention that Plaintiffs have an obligation to disprove his unpled affirmative defense is meritless.  Even if he had pled absolute immunity as an affirmative defense, a summary judgment movant has no obligation to disprove an affirmative defense to prevail.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ("we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim"); *Red Tree Investments LLC v. Petroleos de Venezuela, S.A.*, No. 19-CV-2519 (PKC), 2021 WL 6092462, at *7 (S.D.N.Y. Dec. 22, 2021) (granting summary judgment to plaintiff notwithstanding affirmative defense and noting that "[i]t is not [the movant's] burden to disprove the affirmative defense" but "[r]ather, it is the defendants'

---

[5] For the many reasons discussed in Plaintiffs' Opposition, Dr. Lee cannot now fairly be permitted to amend his affirmative defenses.  Opp. to Lee MSJ at 3-7.

burden to come with evidence which if believed would entitled them to judgment in their favor on the affirmative defense"). As Dr. Lee's motion supplies no proof that he communicated the fabricated test result to prosecutors only in an immune context, he has failed to carry this burden.

### 3. Dr. Lee's Motion Is Factually Meritless

The Court should never reach the merits of Dr. Lee's absolute immunity defense because it has been waived by his failure to plead it in his answer. Plaintiffs would be severely prejudiced by the belated assertion of such a defense now that discovery has been closed for months.[6] If the Court were to address the merits, however, it should reject the defense on the merits and enter summary judgment for Plaintiffs. The Second Circuit has made clear that "immunity does not protect efforts to manufacture evidence that occur during the investigatory phase of a criminal case." *Hill v. City of New York*, 45 F.3d 653, 662 (2d Cir. 1995) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273-74 (1993)). Dr. Lee claims to have performed the blood "test" on the towel at the crime scene at the beginning of the case's investigatory phase. Deposition of Henry Lee, March 1, 2022 ("Lee I"), at 78:25 – 79:8 (Index of Record Tab 6) [ECF 137-6].[7]

Importantly, and fatal to Dr. Lee's motion, Dr. Lee does not in his Reply Memorandum dispute that he communicated the fabricated "test" results to former Litchfield State's Attorney Dennis Santore ("SA Santore"), who retired during the investigatory phase—before Plaintiffs' arrests and well before the criminal trials. *See generally* Lee Reply Memorandum [ECF 144]; *see also* Opp. To Lee MSJ at 12-13 [ECF 138]; Plaintiffs' Statement of Additional Material Facts Nos. 19-24 [ECF 138-1]. It is thus undisputed that Dr. Lee told a reporter, Natalie O'Neill at the Daily Beast, that he ***told*** former SA Santore that "***[t]here was a positive reaction*** . . . but the DA

---

[6] *See* Opp. to Lee MSJ 3-5.

[7] Subsequent "Tab" references are to the Index of Record filed in conjunction with Plaintiffs' oppositions to Defendants' various motions for summary judgment [ECF 137].

7

said 'That's not important,' so I didn't request a lab confirmation test." PX76 at p. 46 of 49, "*How Many Murder Cases Did Celeb Forensic Scientist Henry Lee Botch?*", The Daily Beast, October 18, 2021 (Tab 58) [ECF 137-58] (emphasis added). This undisputed evidence that, during the investigative phase of the case, Dr. Lee communicated his fabrication to a prosecutor –who necessarily played no part in trial preparation because Plaintiffs had not even been arrested when he retired—defeats Dr. Lee's claim of testimonial immunity. *Rehberg*, 566 U.S at 370 n.1.[8]

Further, Dr. Lee's testimony about the quotation attributed to him in The Daily Beast article further supports a finding that he communicated his fabrication prior to any testimony preparation sessions with Attorney Shepack. When Plaintiff's counsel examined Dr. Lee about the article in deposition, Dr. Lee testified as follows:

> **Q:** My question is just about this one sentence, and I just want to make sure, in fairness to you, that we have your testimony about this clear. You never said that the DA told you not to test the towel?
>
> **A:** I often say that is when we work in the laboratory, we ***constantly get phone call from the prosecutor***, from the family, from the police, from defense attorney. . . .

Lee I at 149:4-12 (emphasis added) (Tab 6) [ECF 137-6]. This testimony supports the inference that Dr. Lee communicated to the prosecutor his fabrication of a test that he supposedly performed in 1985 in one of those "constant" phone calls in the three years before the criminal trials, and not only in a trial testimony preparation session.[9]

---

[8] Dr. Lee claims that any conversation with a prosecutor about a fabrication that later is conveyed through testimony is immune and that the timing of the conversation "is of no moment." He is wrong. Dr. Lee cites *Fappiano v. City of New York*, No. 01-CV-2476 (SLT)(SMG), 2015 WL 94140, at *20 (E.D.N.Y. Dec. 31, 2014). Reply Memorandum at 8. To the extent that the 2014 *Fappiano* decision can be read to support Dr. Lee's sweeping claim, the Second Circuit specifically rejected such a "dangerous precedent" the next year in *Coggins*, 776 F.3d at 112-23.

[9] In addition, in early 1987—a year and a half before the first trial—SA Santore wrote to Dr. Lee asking him to expedite blood stain testing that Dr. Lee and his colleagues were performing on the Plaintiffs' seized clothing. Plaintiffs' Deposition Exhibit ("PX") 5 (Tab 57). Former SA Santore's letter included a letter from the victim's wife complaining about the stalled investigation. *Id*. The logical conclusion is that Dr. Lee reported his supposed towel test result from December 1985 in follow-up to SA Santore's letter in 1987 as the investigation floundered.

Finally, Dr. Lee has his lawyers argue, with no factual evidence, what he himself cannot say (and has never himself testified to): that his *only* communication with the state's attorney's office about his supposed "test" occurred during preparation for his trial testimony.  In fact, Dr. Lee testified that he has *no* recollection of *whether* he talked to the trial prosecutor, let alone when he might have done so.  In deposition, Plaintiff's counsel asked Dr. Lee directly if he had told former ASA Shepack about the purported "test."  Lee did not know:

> **Q:**  To be very specific, do you recall discussing before your trial testimony with Assistant State's Attorney Shepack that you had performed a presumptive test for blood on that towel and it resulted in a positive reaction?
> . . .
> **THE WITNESS:  I don't remember.**

Deposition of Henry Lee, July 12, 2022 at 320:3 – 10 (emphasis added) (Tab 56) [ECF 137-56].

Similarly, former ASA Shepack could not remember when he spoke with Dr. Lee:

> **Q:**  And the reason you believed that [Dr. Lee] had conducted a presumptive test was because he conveyed that to you, correct?
>
> **A:**  I believe that – yes. I mean, otherwise how would I have known that? Yes.
>
> **Q:**  Do you have any specific recollection of when Dr. Lee conveyed to that [sic] you?
>
> **A:**  *No. No*. And you guys are asking me a lot of questions about the trials and [Hearings on Probable Cause] and *I don't have a great deal of recollection of what occurred*. Obviously I know I met with him prior to testifying, I assume it was before the first trial, that would be my assumption. But I don't recall the verbiage. I just don't.

Shepack Tr. at 152:6-24 (Tab 29) [ECF 137-29] (emphasis added).

Given this absence of any evidence as to when any communications occurred with ASA Shepack, Dr. Lee cannot establish beyond genuine dispute that he communicated his supposed "test" *only* in a "preliminary discussion in which the witness relates the substance of his intended

9

testimony." *Rehberg*, 566 U.S. at 370. Accordingly, Dr. Lee cannot carry his burden to establish his unpled affirmative defense.[10]

In sum, Dr. Lee is wrong when he claims that Plaintiffs do not have "evidence that proves Defendant Lee engaged in any *pretrial* manufacturing of false evidence (element two) or that he took that false evidence and forwarded it to the prosecutor to use at trial (element four)." Def. Br. at 4. The plaintiffs clearly have evidence that Defendant Lee engaged in the pretrial manufacturing of false evidence, including Dr. Lee's own undisputed admissions. Dr. Lee's still unpled absolute testimonial immunity defense is meritless and does not bar summary judgment for Plaintiffs on their fabrication of evidence claims.

Dr. Lee performed no tests on the bathroom towel. Dr. Lee falsely told prosecutors that he had tested the towel and he falsely told them it tested positive for blood. The state then relied on those fabrications to unfairly convict both Plaintiffs, and they each spent more than thirty years is prison as a result. They are entitled to summary judgment on their fabrication of evidence claims.

### III. CONCLUSION

For the foregoing reasons, the court should grant partial summary judgment for Plaintiffs against Dr. Lee.

By: */s/ Craig A. Raabe*
IZARD, KINDALL & RAABE LLP
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
(860) 513-2939

---

[10] Dr. Lee admits that "this testimony does not provide a firm timeline" as to when he indisputably conveyed the fabrication to prosecutors, but he then ignores this factual void by asserting that his absence of a "firm timeline" "is of no moment." Reply Memorandum at 8. As discussed in footnote 8, he is wrong. *See also Rehberg*, 566 U.S. at 369; *Briscoe v. LaHue*, 460 U.S. 325, 332-33 (1983); *Coggins*, 776 F.3d at 112-13.

10

W. JAMES COUSINS, P.C.
W. James Cousins (ct06382)
54 Danbury Road, Suite 413
Ridgefield, Connecticut 06877
(203) 205-0622


LAW OFFICES OF PAUL CASTELEIRO
Paul Casteleiro (ct31177)
1000 Herrontown Road
Princeton, NJ 08540
(914) 714-0543

*Counsel for Plaintiff Shawn Henning*


By: */s/ David A. Lebowitz*
KAUFMAN LIEB LEBOWITZ & FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP, LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT  06040
(860) 522-7000

*Counsel for Plaintiff Ralph Birch*

11