UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>         Plaintiff,<br><br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>         Defendants. | No. 3:20-CV-1790 (VAB)<br>[*rel.* No. 3:20-CV-1792]<br><br>August 1, 2023 |

## APPLICATION FOR PREJUDGMENT REMEDY AND MOTION FOR DISCLOSURE OF ASSETS

To the United States District Court for the District of Connecticut, the undersigned represents:

  1. Pursuant to Fed. R. Civ. P. 64, D. Conn. L. Civ. R. 4(c) and Conn. Gen. Stat. §52-278a, *et seq.*, Plaintiffs Ralph Birch and Shawn Henning file (1) this joint Application for Prejudgment Remedy ("PJR") in the amount of at least $60,000,000 against each Defendant and (2) this Motion for Disclosure of Assets.

  2. As set forth in the accompanying Memorandum of Law, probable cause exists for a PJR based on the Court's Ruling and Order on Motions for Summary Judgment [ECF 161] ("SJ Order") finding Defendant Henry Lee liable for fabricating evidence, *id*. at 36, and finding that a reasonable jury could render a verdict against every other defendant for one or more claims of fabricating evidence, maliciously prosecuting the Plaintiffs, withholding exculpatory evidence, failing to intervene, causing emotional distress and violating civil rights. *See, e.g., id*. at 43-44, 47, 50, 61, 65, 67, 68, 75-76, 81 & 83.  The Court also found that a reasonable jury could hold the Town of New Milford liable for the wrongs of Defendants Shortt and Jordan. *Id*. at 84.

3. As set forth in the accompanying Memorandum of Law, probable cause also exists that a jury could conservatively return verdicts exceeding $60,000,000 in total. Juries and courts regularly award more than $1 million per year in compensatory damages for wrongful incarceration, and each Plaintiff was incarcerated for thirty years. SJ Order at 12.

4. Due to the strength of their cases—particularly against Defendant Lee, who already has been found liable—the Court should excuse the Plaintiffs from posting a bond under Conn. Gen. Stat. § 52-278d.

5. While the Plaintiffs dispute that a hearing is necessary or warranted based on the comprehensive summary judgment record and well-settled case law on damages, they hereby provide the following notice to all Defendants pursuant to Conn. Gen. Stat. §52-278e(b): YOU HAVE RIGHTS SPECIFIED IN THE CONNECTICUT GENERAL STATUTES, INCLUDING CHAPTER 903a, THAT YOU MAY WISH TO EXERCISE CONCERNING THIS APPLICATION FOR A PREJUDGMENT REMEDY. THESE RIGHTS INCLUDE THE RIGHT TO A HEARING: (1) TO OBJECT TO THE PROPOSED PREJUDGMENT REMEDY BECAUSE YOU HAVE A DEFENSE TO OR SET-OFF AGAINST THE ACTION OR A COUNTERCLAIM AGAINST THE PLAINTIFF OR BECAUSE THE AMOUNT SOUGHT IN THE APPLICATION FOR THE PREJUDGMENT REMEDY IS UNREASONABLY HIGH OR BECAUSE PAYMENT OF ANY JUDGMENT THAT MAY BE RENDERED AGAINST YOU IS COVERED BY ANY INSURANCE THAT MAY BE AVAILABLE TO YOU; (2) TO REQUEST THAT THE PLAINTIFF POST A BOND IN ACCORDANCE WITH SECTION 52-278d OF THE GENERAL STATUTES TO SECURE YOU AGAINST ANY DAMAGES THAT MAY RESULT FROM THE PREJUDGMENT REMEDY; (3) TO REQUEST THAT YOU BE ALLOWED TO SUBSTITUTE A BOND FOR THE PREJUDGMENT REMEDY

SOUGHT; AND (4) TO SHOW THAT THE PROPERTY SOUGHT TO BE SUBJECTED TO THE PREJUDGMENT REMEDY IS EXEMPT FROM SUCH A PREJUDGMENT REMEDY.

WHEREFORE, the Plaintiffs apply and move for:

(1) A PJR in the amount of $60,000,000 against each Defendant and jointly in favor of both Plaintiffs (without a bond), including a writ of attachment, lien and/or garnishment of the Defendants' assets;

(2) An order requiring each Defendant to disclose, pursuant to Conn. Gen. Stat. § 52-278n, any asset in which he or it has a beneficial interest, whether present or future, including, but not limited to: bank accounts; retirement accounts; investment accounts; money market accounts; trusts; accounts receivable; life insurance policies and/or any insurance policy with cash value; real estate; intellectual property (including but not limited to patents, trademarks, copyrights, licenses, and royalty rights); personal property exceeding $1,000 in value; motorized vehicles of any kind; artwork; non-costume jewelry; stock; bonds; commercial paper; and cash exceeding $500; and

(3) An order that each Defendant disclose whether he or it has disposed of any such assets since December 2, 2020 when Plaintiffs filed this action.

Dated: August 1, 2023                                              Respectfully submitted,

                                                                */s/ Craig A. Raabe*

IZARD, KINDALL & RAABE, LLP
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
29 South Main Street, Suite 305
West Hartford, CT 06107
(860) 513-2939

W. JAMES COUSINS, P.C.
W. James Cousins (ct06382)
54 Danbury Road, Suite 413
Ridgefield, CT 06877
(203) 205-0622

LAW OFFICES OF PAUL CASTELEIRO
Paul Casteleiro (ct31177)
1000 Herrontown Road
Princeton, NJ 08540
(914) 714-0543

*Counsel for Plaintiff Shawn Henning*


By: /s/ David A. Lebowitz
KAUFMAN LIEB LEBOWITZ
& FRICK LLP
David A. Lebowitz, pro hac vice
Douglas E. Lieb (ct31164)
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP, LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT  06040
(860) 522-7000

*Counsel for Plaintiff Ralph Birch*