UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>                        Plaintiff,<br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>                        Defendants. | No. 3:20-CV-1790 (VAB)<br>[*rel.* No. 3:20-CV-1792]<br><br><br><br>September 25, 2024 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO SUGGEST A SPECIFIC DAMAGES FIGURE TO THE JURY

    The Court should permit Plaintiffs to suggest specific dollar figures in their closing arguments to aid the jury in its assessment of damages. The Second Circuit has adopted a "flexible approach" on this issue, holding that "[i]t is best left to the discretion of the trial judge, who may either prohibit counsel from mentioning specific figures or impose reasonable limitations, including cautionary jury instructions." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). Just last month, the Second Circuit reaffirmed this approach, affirming a jury verdict and finding no abuse of discretion in the district court's choice to permit the plaintiff to request a specific dollar figure for pain and suffering in summation. *See Lupia v. N.J. Transit Rail Ops., Inc.*, 110 F.4th 450, 455 n.19 (2d Cir. 2024).

    District courts routinely allow such suggestions. *See, e.g., Dunham v. Lobello*, No. 11 Civ 1223, 2023 WL 3004623, at *7 (S.D.N.Y. Apr. 19, 2023) ("The Court will allow the Plaintiff to suggest a specific amount from the jury."); *Collado v. City of New York*, No. 11-CV-9041, 2017 WL 4533772, at *4 (S.D.N.Y. Sept. 27, 2017) ("In its discretion, the Court will allow Plaintiff in this case to request the jury award her a specific dollar amount."); *Newton v. City of New York*, 171 F. Supp. 3d 156, 172 & n. 94 (S.D.N.Y. 2016) (rejecting argument that counsel

impermissibly suggested a dollar figure for damages in summation because the Second Circuit allows it).

Concerns about the weight of such a suggestion are appropriately addressed by a limiting instruction stating that numbers offered by counsel are merely a suggestion and the jury should make its own assessment of damages based on the evidence. *See, e.g., Lupia*, 110 F.4th at 455 n.19; *Collado*, 2017 WL 4533772, at *4.

    Respectfully submitted,
THE PLAINTIFFS

By: */s/ Craig A. Raabe*
IZARD, KINDALL & RAABE LLP
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
(860) 513-2939

W. JAMES COUSINS, P.C.
W. James Cousins (ct06382)
54 Danbury Road, Suite 413
Ridgefield, Connecticut 06877
(203) 205-0622

LAW OFFICES OF PAUL CASTELEIRO
Paul Casteleiro (ct31177)
204 Radcliff Drive
Nyack, NY 10960
(914) 714-0543

*Counsel for Plaintiff Shawn Henning*

By: */s/ David A. Lebowitz*
KAUFMAN LIEB LEBOWITZ
& FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP, LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT 06040
(860) 522-7000

*Counsel for Plaintiff Ralph Birch*

3