UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>                Plaintiff,<br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>                Defendants. | No. 3:20-CV-1790 (VAB)<br>[*rel.* No. 3:20-CV-1792]<br><br>September 25, 2024 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE TO PRECLUDE THE DEFENSE FROM ELICITING PRIVILEGED INFORMATION OR OPINION TESTIMONY CONCERNING THE MATERIALITY OF SUPPRESSED EVIDENCE FROM TESTIFYING ATTORNEYS

Pursuant to Federal Rules of Evidence 402-03 and 702-04, Federal Rule of Civil Procedure 26, and the law of attorney-client privilege, the Court should preclude Defendants from: (i) eliciting testimony from Attorney Alfred Mencuccini concerning any attorney-client privileged communications or privileged attorney work product, except to the extent they bear on the limited issue of whether the defense was aware of the $1,000 cash at the time of trial; and/or (ii) eliciting the personal opinion of Attorney Mencuccini or former Assistant State's Attorney David Shepack about the utility of the $1,000 cash to the defense at either Plaintiff's criminal trial or its likely effect on the criminal jury.

    **I.    Defendants Should Be Barred from Eliciting Privileged Information from Mencuccini**

Attorney Mencuccini was Plaintiff Birch's appointed defense counsel at his criminal trial in 1989. Defendants have disclosed Attorney Mencuccini as a witness they may call at trial in this action. As Mr. Birch's former lawyer, Attorney Mencuccini—to the extent he remembers anything about the case—can be expected to have knowledge of privileged communications with Mr. Birch and privileged attorney work product. While Mr. Birch waived these privileges for the

1

purpose of prior postconviction proceedings by asserting that Attorney Mencuccini had provided him ineffective assistance, that waiver applied only to those prior proceedings and does not extend to this case. In this case, the attorney-client privilege and attorney work product protection are waived only to the limited extent they bear upon whether Plaintiffs had knowledge of the allegedly suppressed *Brady* material at the time of their criminal trials. *See Horn v. City of New Haven*, No. 3:18-CV-1502, 2019 WL 3997095, at *2 (D. Conn. Aug. 23, 2019) (prior privilege waiver in postconviction proceedings did not extend to follow-on wrongful conviction damages case, and privileges waived only to the extent relevant to "[plaintiff's] or his "trial counsel's knowledge of the allegedly exculpatory [evidence]"); *Truman v. City of Orem*, 362 F. Supp. 3d 1121, 1128 (D. Utah 2019) (same). The Court should therefore preclude Defendants from eliciting any privileged testimony from Attorney Mencuccini except to the extent it bears on the limited issue of whether he or Mr. Birch knew about the $1,000 cash at the time.

## II. Defendants Should Be Barred from Eliciting Mencuccini's or Shepack's Opinions Concerning the Materiality of Suppressed Evidence

Defendants' assertion that Attorney Mencuccini will testify about "the impact that allegedly suppressed evidence may have had at the criminal trial" suggests that they may invite Attorney Mencuccini to opine about the likely effect of the $1,000 cash on the jury's verdict at Mr. Birch's trial. While Defendants do not specifically declare their intention to elicit such testimony from Attorney Shepack, the trial prosecutor, it is possible that they may seek to do so as well. Any such testimony would be improper and should be precluded for two reasons.

First, it is not relevant. Whether evidence is material for *Brady* purposes depends on its weight and value in the objective sense, not on how the particular criminal defense lawyer assigned to the accused would have used it. *See United States v. Avellino*, 136 F.3d 249, 256 (2d Cir. 1998) ("Assessment of that question involves an objective inquiry that asks not what a

particular defendant would do but rather what is the likely persuasiveness of the withheld information." (internal quotation marks omitted)); *Miller v. Angliker*, 848 F.2d 1312, 1323 (2d Cir. 1988) (*Brady* requires "an objective evaluation of the likely impact that the withheld information would have had on typically competent counsel, rather than . . . a retrospective finding as to what the effect would actually have been on [trial counsel]" with an "idiosyncratic view"). Put another way, ineffective defense lawyering and idiosyncratic prosecutorial tactics are no defense to a *Brady* violation. Mencuccini and Shepack's personal opinion of the likely utility of the $1,000 is irrelevant.

     Second, any such testimony would, in effect, be improper expert opinion testimony from an undisclosed and unqualified expert that would invade the province of the jury. To state the obvious, an ordinary lay witness would not be competent to testify about the likely effect of a particular piece of evidence upon the deliberations of a criminal jury. To the extent they intend to elicit such testimony from Mencuccini or Shepack, Defendants would necessarily be relying upon their supposed expertise as a criminal defense lawyer and prosecutor, respectively. But Defendants have never disclosed either attorney as an expert witness pursuant to Federal Rule of Civil Procedure 26, and Plaintiffs have had no opportunity to vet their purported qualifications as experts. In any event, materiality—meaning the likely effect of the $1,000 cash upon the jury at Plaintiffs' criminal trials—is a matter for the jury in this case to decide. While no *per se* bar to expert testimony on an ultimate issue exists, Fed. R. Evid. 704(a), such testimony is generally unhelpful and warrants preclusion here, *see Hernandez v. Conn. Ct. Support Servs. Div.*, 726 F. Supp. 2d 153, 158 (D. Conn. 2009); *Jones v. Midland Funding*, 616 F. Supp. 2d 224, 227-28 (D. Conn. 2009).

Respectfully submitted,
THE PLAINTIFFS

By: /s/ Craig A. Raabe
IZARD, KINDALL & RAABE LLP
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
(860) 513-2939

W. JAMES COUSINS, P.C.
W. James Cousins (ct06382)
54 Danbury Road, Suite 413
Ridgefield, Connecticut 06877
(203) 205-0622

LAW OFFICES OF PAUL CASTELEIRO
Paul Casteleiro (ct31177)
204 Radcliff Drive
Nyack, NY 10960
(914) 714-0543

*Counsel for Plaintiff Shawn Henning*


By: /s/ David A. Lebowitz
KAUFMAN LIEB LEBOWITZ
& FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP, LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT. 06040
(860) 522-7000

*Counsel for Plaintiff Ralph Birch*

4