UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>       Plaintiff,<br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>       Defendants. | No. 3:20-CV-1790 (VAB)<br>[*rel.* No. 3:20-CV-1792]<br><br><br><br>September 25, 2024 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE
## TO PROHIBIT SPECULATION

  One of the key issues in this case centers on law enforcement's seizure of $1,000 in cash at the crime scene and their failure to disclose that fact to Plaintiffs for use in their defense at their 1989 criminal trials. Plaintiffs maintain that the failure to disclose the seizure of the cash constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). The fact that law enforcement found $1,000 of cash at the crime scene was inconsistent with the state's trial theory that Mr. Henning and Mr. Birch killed Everett Carr because he interrupted them burglarizing the house. In deposition, the Plaintiffs asked Defendant Steven Jordan whether he thought the discovery of the money at a supposed burglary scene was "significant." He testified: "I have never seen it, in all my years, [burglars] leaving money behind." Jordan Deposition at 185:10-14 (attached as Exhibit A). He testified further that "most burglars wouldn't leave that much money behind." *Id*. at 197:18-24. The prosecutor who tried Mr. Henning and Mr. Birch admitted in deposition that the presence of the $1,000 "could help" defense counsel "to challenge [the] assumption that this was a burglary." Shepack Deposition at 134:15 – 135:2 (attached as Exhibit B).

  Plaintiffs move to prohibit improper speculative testimony and argument that the Town Defendants might proffer relating to the *Brady* violation. Specifically, based on deposition

1

testimony, Plaintiffs believe that the Town Defendants may attempt to speculate as to issues about which they have no personal knowledge.

**A. Speculative Testimony and Argument Are Not Permitted**

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has ***personal knowledge*** of the matter." Fed. R. Evid. 602 (emphasis added). It is axiomatic that witnesses may not speculate in their testimony. *See, e.g., Village of Freeport v. Barella*, 814 F.3d 594, 611 (2d Cir. 2016) (reversing a district court's decision to allow testimony that was "naked speculation"). Similarly, courts should not permit or accept speculative arguments by counsel. *See, e.g., United States v. Hilario*, 449 F.3d 500, 501-02 (2d Cir. 2006); *Stein v. United States*, 377 Fed. App'x 69, 70 (2d Cir. 2010) (summary order).

**B. The Defense Cannot Speculate as to the Location of the Cash at the Carr Crime Scene**

Based on deposition testimony, Plaintiffs anticipate that as part of his defense Defendant Jordan and the Town of New Milford might claim that the bank envelope containing $1,000 in cash that law enforcement seized at the Carr murder scene may have been "hidden," not readily visible to burglars, and thus not exculpatory. *See* Jordan Deposition at 197:25 – 198:6. When former state police detective Michael Graham was a defendant and facing potential liability for this *Brady* violation, he also speculated in deposition that the money could have been "hidden." Graham Deposition at 135:3-12 (attached as Exhibit C). Any such defense by the Town Defendants would be based on impermissible speculation and should be prohibited.

Defendant Jordan admitted at deposition that he has "no idea" where the money was found at the crime scene. Jordan Deposition at 191:1-9. Former Defendant Michael Graham similarly testified that he does not know where the money was located when law enforcement

2

initially seized it. Graham Deposition at 125:18 – 126:10. Indeed, *no* identified witness in this case has claimed to know where the money was located at the crime scene.

Because no witness in this case has "personal knowledge" as to where law enforcement found the bank envelope containing $1,000 in cash, no witness should be questioned or permitted to testify as to its *possible* location at the crime scene. Just as Mr. Henning and Mr. Birch cannot testify that the cash was in plain sight, because they have no first-hand knowledge, neither should any defense witness be able to offer "naked speculation" that the cash might not have been in plain sight. *Village of Freeport*, 814 F.3d at 611. Similarly, defense counsel should not be permitted to argue as to the *possible* location of the money or the *possibility* that it could have been hidden. Such speculation has no basis in the evidentiary record and would prejudice the Plaintiffs.

### C. The Defense Cannot Speculate as to Whether the Cash Was Disclosed to the Prosecutor

Similarly, no designated witness in this case has personal knowledge as to whether the form JD-CR-18 that described the seizure of the $1,000 cash (*see* Plaintiffs' Deposition Ex. 35, attached as Exhibit D) or the Possessed Property Receipt for the $1,000 (*see* Plaintiffs' Deposition Ex. 36, attached as Exhibit E) (collectively, "$1,000 Documents") were disclosed to the prosecutor. The $1,000 Documents are the only documents from the 1989 criminal cases that reference law enforcement's seizure of $1,000 at the crime scene. To the extent that the Town Defendants may seek to argue that the $1,000 Documents might have been known to the prosecutor at the time of Plaintiffs' underlying criminal trials, such argument would be rank speculation and should be barred.

The only designated witnesses in this case who have any personal knowledge about the $1,000 Documents were Defendant Jordan and former Defendant Graham. According to

Jordan's interrogatory responses, he "has no information as to what happened to Exhibit 35" and "has no specific recollection as to what was done with exhibit 36[.]" Jordan Interrog. Resp. Nos. 1-2 (attached as Exhibit F). Jordan thus lacks any personal knowledge that could form a proper basis for testimony that the $1,000 Documents were disclosed to the State's Attorney.

Former Defendant Graham from the Connecticut State Police also has no personal knowledge as to whether the form JD-CR-18 that he prepared was disclosed. Mr. Graham speculated that he "would have thought" that the prosecutor "would have seen" such a document, but he has no personal knowledge as to whether it actually was disclosed. Graham Deposition at 133:8-19. Graham conceded that he never discussed anything about the Carr investigation with prosecutors. *Id.* at 135:17-21.

Based on this record, the defense should not be able to speculate through testimony or argument that the seizure of the $1,000 in cash ***might*** have been disclosed to the prosecutor and thus ***might*** have been available to defense counsel through the prosecutor's open file policy. Such speculation would not be based on personal knowledge and would be highly prejudicial to Plaintiffs.

Respectfully submitted,
THE PLAINTIFFS

By: */s/ Craig A. Raabe*
IZARD, KINDALL & RAABE LLP
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
(860) 513-2939

W. JAMES COUSINS, P.C.
W. James Cousins (ct06382)
54 Danbury Road, Suite 413
Ridgefield, Connecticut 06877
(203) 205-0622

LAW OFFICES OF PAUL CASTELEIRO
Paul Casteleiro (ct31177)
204 Radcliff Drive
Nyack, NY 10960
(914) 714-0543

*Counsel for Plaintiff Shawn Henning*

By: /s/ *David A. Lebowitz*
KAUFMAN LIEB LEBOWITZ
& FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP, LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT 06040
(860) 522-7000

*Counsel for Plaintiff Ralph Birch*