# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BIRCH and SHAWN HENNING, | : | 3:20-cv-01790-VAB |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF NEW MILFORD et al., | : | |
| | : | |
| *Defendants* | : | |
| | : | SEPTEMBER 25, 2024 |

## MOTION IN LIMINE REGARDING OPINION TESTIMONY AS TO PLAINTIFFS' GUILT OR INNOCENCE

The Defendants, Town of New Milford; Steven Jordan; and Robert Santoro, as Administrator of the Estate of David Shortt (collectively, the "Defendants"), respectfully move the Court to exclude any evidence, witnesses, or testimony related to the opinions of lay witnesses, including but not limited to former New Milford Police Captain Norbert Lillis ("Lillis"), regarding the Plaintiffs' guilt or innocence for the murder of Everett Carr ("Carr"). Such testimony is irrelevant as to the Plaintiffs' claims, constitutes inadmissible lay opinion testimony and the probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. As such, Defendants seek to preclude Lillis, and any other witness, from testifying to their belief that Plaintiffs were innocent of the crimes for which they were originally convicted.

1

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

## I. FACTS AND BACKGROUND

Generally, Shawn Henning ("Henning") and Ralph Birch ("Birch") (together, the "Plaintiffs") allege that the Defendants violated the Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983, and violated various Connecticut state laws, related to the investigation of the murder of Everett Carr, which occurred on the night of December 1-2, 1985. In particular, the Plaintiffs have asserted § 1983 causes of action for suppression of material favorable evidence (as to Detective Jordan), and fabrication of evidence in violation of the right to a fair trial (as to Detective Shortt). The Plaintiffs' state law claims encompass negligence, negligent infliction of emotional distress, indemnification pursuant to Conn. Gen. Stat. § 7-465, and liability against New Milford pursuant to Conn. Gen. Stat. § 52-577n.

It is anticipated that Plaintiffs may attempt to elicit testimony from Lillis, and other fact witnesses, related to opinions as to whether the Plaintiffs were innocent of the crimes for which they were charged in the 1980's. In his deposition, Lillis stated repeatedly that he believed that Plaintiffs were innocent of the crimes charged and he recalled telling other officers that belief during the investigation. During discovery depositions, Plaintiffs' elicited opinions from other officers (i.e., John Roma) regarding those officers' beliefs about Lills' statements and the innocence of Plaintiffs. Presmably, at trial, Plaintiffs will attempt to elicit similar testimony regarding Lillis' belief that the Plaintiffs did not murder Mr. Carr.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

## II. LEGAL STANDARD

Motions in limine provide courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See *Luce v. United States,* 469 U.S. 38, 40 n.2; *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). "The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Genève v. Union Mines,* 652 F. Supp. 1400, 1401 (D. Md. 1987)); see *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984) ("We use the term ["in limine"] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.").

## III. ARGUMENT

The evidence related to Lillis', and any other officer's, opinion is irrelevant to Plaintiffs' claims. Even if such evidence were relevant—which it is not—its probative value is greatly outweighed by the prejudice it would inflict. Therefore, any evidence related to Lillis' opinion,


3

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

and any similar opinions shared by other witnesses, should be precluded from being proffered at trial.

### A. Any Evidence Relating to Lillis' Opinion Regarding The Plaintiffs' Guilt Or Innocence Is Irrelevant And Should Be Precluded From Trial

Lillis' opinion is irrelevant to Plaintiffs' claims. Evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant when it has "any tendency to make a fact more or less probable than it would be without the evidence" provided that the fact is "of consequence in determining the action." Fed. R. Evid. 401.

To succeed on a fabrication of evidence claim, the Plaintiffs must establish that an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) Plaintiffs suffered a deprivation of life, liberty, or property as a result. *See Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021) (quoting Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016)); *see Barnes v. City of New York*, 68 Fed.4th 123, 128 (2d Cir. 2023); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). Moreover, a suppression of material favorable evidence claim has four components: (1) The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence was intentionally suppressed by the defendant; (3) the evidence was material to the prosecution; and (4) prejudice must have ensued.

Here, Lillis testimony regarding his opinion of the guilt or innocence of the Plaintiffs is not relevant because that fact (Lillis' opinion) is not "of consequence in determining the action."

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

Fed. R. Evid. 401. In no way does it have "any tendency to make a fact more or less probable" in the present action. In essence, this jury will be determining whether Detective Jordan suppressed exculpatory evidence related to the $1,000 and whether Detective Shortt failed to intervene during State Police Detective Ocif's interview of Todd Cocchia. Whether another officer that was also involved in the investigation of the Carr homicide may have believed that Plaintiffs did not commit the murder is of no consequence to the legal issues before this jury.

Any evidence relating to Lillis' opinions on the culpability of Plaintiffs is irrelevant and should be precluded from trial.

**B. Lillis' Opinions Constitute Impermissible Lay Opinions.**

Federal Rules of Evidence, 701 states:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid., 701.

Plaintiffs cannot meet any of the requirements in Rule 701 for admitting opinion testimony regarding guilt or innocence and therefore such testimony must be precluded.

First, Lillis' opinions are not based on his perception, but upon the entirety or totality of information gathered in the investigation. *See United States v. Garcia*, 413 F.3d 201, 211 (2005) (*citing United States v. Grinage*, 390 F.3d 746, 750-51 (2004) (stating that when an agent relies

5

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

on the "entirety" or "totality" of information gathered in an investigation to offer a "lay opinion" as to a person's culpable role in a charged crime, he is not presenting the jury with the unique insights of an eyewitness's personal perceptions).

Second, such testimony from Lillis' would not be helpful to the jury. Rather, then helping the jury understand the evidence, Lillis' would be hitting the jury over the head with his interpretation of the evidence and conclusions as to Plaintiffs' innocence. That is not helpful. *See generally, Grinage*, 390, F.3d at 750 (explaining that jurors were not "helped" within the meaning of Rule 701 by opinion testimony that, in addition to telling them "what was in the evidence," also told them "what inferences to draw from it"). "If such broadly based opinion testimony as to culpability were admissible under 701, 'there would be no need for the trial jury to review personally any evidence at all." *Garcia*, 413 F.3d at 214(*citing Grinage,* 390 F.3d at 750.

Finally, Rule 701 provides that testimony cannot be received as lay opinion if it is based on scientific, technical, or other specialized knowledge. Fed. R. Evid. 701. "Rather, a lay opinion must be the product of reasoning process familiar to the average person in everyday life." Garcia, 413 F.3d at 215. Lillis' opinions about the innocence of Plaintiffs is based upon his training, skill and experience as a law enforcement officer and therefore fails to meet the third prong of Fed. R. Evid. 701. *See Id*. at 215-216.

Lillis' testimony is admissible under Fed. R. Evid. 701.

6

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

### C. Any Evidence Pertaining To Lillis' Opinion Regarding The Plaintiffs' Guilt Or Innocence Should Be Precluded From Trial As It Is Prejudicial And Unduly Burdensome.

The Court may also exclude evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice or confusion of the issues. Fed. R. Evid. 403. Not only is Lillis' opinion irrelevant to the claims to be tried, and constitute impermissible lay opinion testimony, but allowing such evidence in would be unduly prejudicial to the Defendants, as they would have to respond to allegations and claims that are not part of the case.

More particularly, the Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. The Advisory Committee Note to Rule 403 "explains that 'unfair prejudice' means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case. Prejudice is also unfair if the evidence was designed to elicit a response from the jurors that is not justified by the evidence." *Id.* (internal citations and quotations omitted); see also *Hygh v. Jacobs,* 961 F.3d 359, 364 (2d Cir. 1992) (finding that expert's testimony condemning an officer's actions as unjustified should not have been admitted because it told the jury what result to reach).

7

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

If Lillis were permitted to testify to his impressions regarding the Plaintiffs' guilt or innocence in the underlying crime, then other officers must also be allowed to testify to their impressions regarding the Plaintiffs' guilt or innocence. As a result, a side-show of multiple officers would be required to come in and testify to their impressions—stemming from an investigation that occurred in the 1980s—regarding the Plaintiffs' guilt or innocence. Such a carousel of witnesses, like the testimony of Lillis, is irrelevant to the Plaintiffs' claims. Further, responding to such evidence would require testimony of multiple unnecessary rebuttal witnesses, which would be a waste of both the Court's and the Jury's time. Defendants would be required to explain the particular facts and circumstances, and proffer evidence to address Lillis' opinion—creating a mini trial within the trial to refute Lillis' opinion. Such a mini trial would distract the jury from the central issues in this case. Thus, not only would the defendant be prejudiced by the admission of such evidence, he would also have to essentially litigate the merits of claims that are not even in the case—i.e., whether the Plaintiffs should be considered innocent or guilty. The only purpose plaintiffs would have to introduce such evidence is to prejudice the Defendants and arouse angst amongst the jurors, and elicit a response based on emotion, rather than the facts of the case. Any such evidence is not only irrelevant as stated above, but unduly prejudicial to the Defendants.

Lastly, the jury can determine if the Plaintiffs were guilty or innocent, and if the alleged wrongdoing sufficiently altered the outcome of the criminal trials. Lillis' testimony

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

impermissibly suggests a conclusion that the jury should reach—that the Plaintiffs were innocent. Such testimony is prejudicial and ought to be precluded.

## IV.    CONCLUSION

For all of the forgoing reasons, the Defendants respectfully request that the Motion in Limine be granted in its entirety, and the Plaintiffs be precluded from proffering or eliciting any such evidence and/or testimony from Lillis' and any other witness regarding opinions as to the innocence of Plaintiffs.

        DEFENDANTS
        TOWN OF NEW MILFORD, STEVEN JORDAN, ROBERT SANTORO AS ADMINISTRATOR OF THE ESTATE OF DAVID SHORTT

        BY/s/   Jeffrey O. McDonald
        Jeffrey O. McDonald (ct28195)
        Elliot B. Spector (ct05278)
        Forrest Noirot
        Hassett & George, P.C.
        628 Hebron Avenue Suite 212
        Glastonbury, CT 06033
        T: (860)651-1333
        F: (860)651-1888
        ebspector87@gmail.com
        jmcdonald@hgesq.com

9

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

## CERTIFICATE OF SERVICE

I hereby certify that on the date first above a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY/s/ Jeffrey O. McDonald
Federal Bar No.: ct28195

**10**

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894