UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BIRCH and SHAWN HENNING, | : | 3:20-cv-01790-VAB |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF NEW MILFORD et al., | : | |
| | : | |
| *Defendants* | : | |
| | : | SEPTEMBER 25, 2024 |

## MOTION IN LIMINE REGARDING EVIDENCE OF THIRD-PARTY CULPABILITY

The Defendants, Town of New Milford; Steven Jordan; and Robert Santoro, as Administrator of the Estate of David Shortt (collectively, the "Defendants"), respectfully move the Court to exclude evidence, testimony and/or arguments related to third-party culpability for the murder of Everrett Carr ("Mr. Carr"). Whether or not the murder of Carr was committed by a third party, and the evidence related thereto, is irrelevant to the issues before the jury, and any probative value of such evidence is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. For these reasons, Defendants move this Court to preclude Plaintiffs from introducing evidence related to third-party culpability for the death of Mr. Carr.

**I.    FACTS AND BACKGROUND**

Shawn Henning ("Henning") and Ralph Birch ("Birch") (together, the "Plaintiffs") allege that the Defendants violated the Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983,

1

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

and violated various Connecticut state laws, related to the investigation of the murder of Everett Carr, which occurred on the night of December 1-2, 1985. In particular, the Plaintiffs have asserted § 1983 causes of action for suppression of material favorable evidence (as to Detective Jordan), and fabrication of evidence in violation of the right to a fair trial (as to Detective Shortt). The Plaintiffs' state law claims encompass negligence, negligent infliction of emotional distress, indemnification pursuant to Conn. Gen. Stat. § 7-465, and liability against New Milford pursuant to Conn.. Gen. Stat. § 52-577n.

It is anticipated that Plaintiffs may attempt to establish that a third party (not Plaintiffs) was responsible for the murder of Mr. Carr. The Plaintiffs have disclosed several exhibits and witnesses that they intend to introduce at trial that appear to suggest the potential culpability of individuals—Diana Colombo ("Colombo") and Richard Burkhart ("Burkhart")—for the murder of Mr. Carr. Specifically, Plaintiffs have identified Jerome Dombrowski ("Dombrowski") to testify regarding his observations of Colombo at the murder scene, and Anita (Bagot) Brearton ("Brearton") to likewise testify regarding the actions of Colombo at the crime scene and the statements she made to Brearton. It also appears that the Plaintiff intends to introduce documentary evidence[1] related to Burkhart and Colombo; the relationship between the two of

---

[1] Including, but not limited to: PX10 – 6/10/86 Ocif Report Re Burkhart interview; PX11 -- 6/16/86 Acker Report re Burkhart interview; PX 87 – 12/2/85 report re Roma Interview of Bill Smith; PX103 – 12/4/85 – report re interview of George Burkhart; PX104 – 12/4/85 report re Robert Wassong interview; PX105 – 12/5/85 Quartiero report re 12/2/85 Richard Burkhart interview.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

them; and Burkhart's allegedly acrimonious relationship with the victim, Carr. It appears the above will be offered in an attempt to paint those two individuals as culpable for the murder of Carr. Such testimony, evidence and/or argument is irrelevant to the issues before the Court and would serve only to distract the jury and should be precluded.

## II.     LEGAL STANDARD

Motions in limine provide courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See *Luce v. United States,* 469 U.S. 38, 40 n.2; *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). "The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Genève v. Union Mines,* 652 F. Supp. 1400, 1401 (D. Md. 1987)); see *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984) ("We use the term ["in limine"] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.").

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

### III. ARGUMENT

This case is not about who might have killed Mr. Carr in 1985. Plaintiffs should not be allowed to use this action to argue or suggest that someone else killed Mr. Carr to garner sympathy from the jury. The issues as to the Detective Jordan and Detective Shortt's alleged culpability are discrete: did Detective Jordan suppress exculpatory evidence; and (2) did Detective Shortt fail to intervene during the interview of Todd Cocchia in violation of Plaintiffs' constitutional rights. Neither of those claims relate to issue of whether a third party may be responsible for killing Mr. Carr. Allowing Plaintiffs to make such arguments would create a side show for the jury, welcoming the jury to speculate about the commission of a crime from 1985. That is not the jury's role, and the jury should not be distracted form their role, which is to determine the legal claims set forth in the operative complaint.

Moreover, should Plaintiffs be allowed to argue that a third party was responsible for the death of Mr. Carr, that would only expand the trial, welcoming additional testimony, evidence and argument as to whether that claim is accurate. As the claim of third party culpability is not before this jury, Plaintiffs should not be allowed to argue that theory to the jury.

**A. Argument Of a Third Paty's Culpability Is Irrelevant And Should Be Precluded From Trial**

Whether or not another individual was ultimately responsible for the murder of Carr is irrelevant to the Plaintiffs' claims against the Defendants. Under Federal Rule of Evidence 402, evidence must be relevant to be admissible. Fed. R. Evid. 402. Evidence is relevant when it has

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

"any tendency to make a fact more or less probable than it would be without the evidence" provided that the fact is "of consequence in determining the action." Fed. R. Evid. 401.

To succeed on a fabrication of evidence claim, the Plaintiffs must establish that an (1) investigating official (2) fabricated information (3) that is likely to influence a jury's verdict, (4) forwarded that information to prosecutors, and (5) Plaintiffs suffered a deprivation of life, liberty, or property as a result. *See Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021) (quoting Garnett v. Undercover Officer C0039, 838 F.3d 265, 279 (2d Cir. 2016)); *see Barnes v. City of New York*, 68 Fed.4th 123, 128 (2d Cir. 2023); *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997). Moreover, a suppression of material favorable evidence claim has four components: (1) The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; (2) that evidence was intentionally suppressed by the defendant; (3) the evidence was material to the prosecution; and (4) prejudice must have ensued. None of Plaintiffs' claim require the introduction of facts or evidence as to whether a third-party is responsible for the murder of Mr. Carr.

Plaintiff's constitutional claims require a showing that Plaintiffs were prejudiced by alleged wrongful conduct and suffered a deprivation of life, liberty or property. *See generally, Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021). With respect to the *Brady* claim, the jury will determine if there is a reasonable probability that, had the evidence been disclosed, the disclosure would have changed the outcome of the case. *See United States v. Kirk Tang Yuk*,

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

885 F.3d 57, 86 (2d Cir. 2018). That does not require, or permit, Plaintiffs to relitigate the entirety of the criminal prosecution and establish whether some other party may have been culpable. The pertinent question for the jury is whether the alleged wrongful conduct impacted Plaintiffs right to a fair trial.

Testimony and evidence related to the conduct of third parties at the time of the underlying crime and prosecution was known and available back at the time of the criminal trial. There is no claim that such evidence was suppressed or not otherwise available. To the extent that Plaintiffs seek to argue or intimate that certain third parties committed the murder, those same arguments could have been pursued at the criminal trial. Presenting these arguments now, using the benefit of hindsight, would only serve to distract the jury. This jury is not determining whether Plaintiffs committed the murder. This jury is determining, in addition to other elements of the claims, whether disclosure of the allegedly suppressed and/or fabricated evidence, may reasonably have led to a different result in the criminal action. Thus, the introduction of new theories based upon the same evidence that was available at the time of the criminal trials is irrelevant to the issues in this matter. Testimony, evidence and argument concerning third party culpability should be precluded from trial as irrelevant.

**B. Any Evidence Pertaining To The Culpability Of Any Third Party Should Be Precluded From Trial As It Is Prejudicial And Unduly Burdensome.**

The Court may also exclude evidence if its probative value is substantially outweighed by a danger of, among other things, unfair prejudice or confusion of the issues. Fed. R. Evid.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

403. Evidence of the potential third-party culpability of Colombo and Burkhart is irrelevant to the claims to be tried in the present matter. Further, allowing such evidence—even if it was relevant—would unduly prejudice the Defendants.

The Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. *See* Fed. R. Evid. 403. The Advisory Committee Note to Rule 403 "explains that 'unfair prejudice' means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one. Unfairness may be found in any form of evidence that may cause a jury to base its decision on something other than the established propositions in the case. Prejudice is also unfair if the evidence was designed to elicit a response from the jurors that is not justified by the evidence." *Id.* (internal citations and quotations omitted).

In the criminal context, the Tenth Circuit Court of Appeals stated in *United States v. McVeigh*:

> In the course of weighing probative value and adverse dangers, courts must be sensitive to the special problems presented by "alternative perpetrator" evidence. Although there is no doubt that a defendant has a right to attempt to establish his innocence by showing that someone else did the crime, a defendant still must show that his proffered evidence on the alleged alternative perpetrator is sufficient, on its own or in combination with other evidence in the record, to show a nexus between the crime charged and the asserted "alternative perpetrator." It is not sufficient for a defendant merely to offer up unsupported speculation that another

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

> person may have done the crime. Such speculative blaming intensifies the grave risk of jury confusion, and it invites the jury to render its findings based on emotion or prejudice.

153 F.3d 1166, 1191 (10th Cir. 1998) (internal citation omitted). The Second Circuit Court of Appeals has adopted this approach. *See Mantello*, 333 F.3d at 61-62; *United States v. Hendricks*, 921 F.3d 320, 331 (2d Cir. 2019); *United States v. Wade*, 512 F. App'x 11, 13-14 (2d Cir. 2013). *United States v. Gilmore*, 2021 U.S. Dist. LEXIS 173393, at *5-6 (S.D.N.Y. Sep. 13, 2021). The court further explained in *Mantello* that "[t]he Court of Appeals for the Second Circuit concluded that the trial court's exclusion of the alternative perpetrator evidence was not arbitrary, but rather involved an application of conventional evidentiary principles—namely, the evidence's limited relevance, the lack of a nexus between the charged crime and any third party, and the concerns also expressed in Rule 403 such as prejudice and confusion. The court of appeals also concluded that the defendant's theory of third-party culpability lacked a sufficient factual predicate, and that it rested on a brittle chain of inferences because the fact that a third party may have borne animus towards the victim, standing alone, does little to establish that the third party committed the crime. (Citations omitted, internal quotation marks omitted.) *Id.* at *8.

Plaintiffs should not be allowed to present evidence for purposes of arguing third party culpability now, while challenging the fairness of the underlying criminal trial, based upon the same unsupported speculation that would not have been allowed at the criminal trial. The presentation of Plaintiffs' evidence regarding third-party culpability—along with the

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

Defendants' response to it—would be a waste of the Court's time, confuse the issues, distract the jury from the central issues in the case, and unduly delay the trial. The Plaintiffs' presentation of third-party culpability evidence opens the door to a trial regarding the murder of Carr, rather than a trial on the discrete legal claims against Defendants. The admission of this evidence would further unfairly prejudice the Defendants, as it would suggest a decision be made by the jury on an improper basis—on emotion due to the presentation of evidence aimed at linking third parties to the murder of Mr. Carr. These third parties are not on trial, and their guilt or innocence should not be a matter for the jury's consideration.

The probative value of the Plaintiffs' alternative perpetrator evidence is minimal, while the prejudicial impact is wide ranging. Plaintiffs ought to be precluded from presenting evidence, witness and/or arguments regarding the culpability of third parties for Mr. Carr's murder.

## IV. CONCLUSION

For all of the forgoing reasons, the Defendants respectfully request that the Motion in Limine be granted in its entirety, and the Plaintiffs be precluded from proffering or eliciting any such evidence and/or testimony.

9

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

DEFENDANTS
TOWN OF NEW MILFORD, STEVEN JORDAN, ROBERT SANTORO AS ADMINISTRATOR OF THE ESTATE OF DAVID SHORTT

BY/s/ Jeffrey O. McDonald
Jeffrey O. McDonald (ct28195)
Elliot B. Spector (ct05278)
Forrest Noirot
Hassett & George, P.C.
628 Hebron Avenue Suite 212
Glastonbury, CT 06033
T: (860)651-1333
F: (860)651-1888
ebspector87@gmail.com
jmcdonald@hgesq.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date first above a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY/s/ Jeffrey O. McDonald
Federal Bar No.: ct28195