# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RALPH BIRCH and SHAWN HENNING, | : | 3:20-cv-01790-VAB |
| *Plaintiffs* | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF NEW MILFORD et al., | : | |
| | : | |
| *Defendants* | : | |
| | : | SEPTEMBER 25, 2024 |

## MOTION IN LIMINE REGARDING RECANTED TESTIMONY

The Defendants, Town of New Milford; Steven Jordan; and Robert Santoro, as Administrator of the Estate of David Shortt (collectively, the "Defendants"), respectfully move the Court to exclude evidence, testimony, and/or arguments regarding witnesses who subsequently recanted their testimony and/or statements following the criminal trial for the murder of Everrett Carr ("Mr. Carr"). Any claim that a witness changed his testimony now, dozens of years after the criminal trial, is irrelevant to issues that this jury will be determining.

It is expected that Plaintiffs may attempt to introduce evidence that witnesses, Todd Cocchia and Robert Perugini, changed their testimony dozens of years after the underlying criminal convictions. What those witnesses might say now about what occurred in the 1980's is irrelevant to the issues involved in this lawsuit, whether Detective Shortt failed to intervene during the 1988 interview of Todd Cocchia, in violation of his constitutional obligations.

1

Evidence, testimony and/or arguments related to witnesses recanting many years after the criminal trial should be precluded.

## I. FACTS AND BACKGROUND

Plaintiff Ralph Birch ("Birch") alleges that the Detective Shortt violated his constitutional rights pursuant to 42 U.S.C. § 1983, and violated various Connecticut state laws, related to the investigation of the murder of Everett Carr, which occurred on the night of December 1-2, 1985. In particular, the Plaintiffs have asserted § 1983 causes of action for fabrication of evidence in violation of the right to a fair trial (as to Detective Shortt). The Plaintiff's' state law claims encompass negligence, negligent infliction of emotional distress, indemnification pursuant to Conn. Gen. Stat. § 7-465, and liability against New Milford pursuant to Conn.. Gen. Stat. § 52-577n.

It is expected that Plaintiff may attempt to introduce evidence that witnesses, Todd Cocchia and Robert Perugini, both witnesses at the underlying criminal trials, have changed their testimony in recent years. Prior to testifying at the criminal trial, both witnesses provided statements to Connecticut State Police Detective Ocif regarding Plaintiff Birch's involvement in Mr. Carr's murder. Plaintiff has listed Todd Cocchia as a witness and has identified exhibits related to Robert Perugini's prior statements, which Plaintiff intends to introduce at trial. As testimony, evidence and/or argument related to recently changed testimony is irrelevant to the issues to be decided in this case, such testimony, evidence and/or argument ought to be precluded.

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

## II. LEGAL STANDARD

Motions in limine provide courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. See *Luce v. United States,* 469 U.S. 38, 40 n.2; *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine." *Highland Capital Mgmt., L.P. v. Schneider,* 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008). "The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " *Palmieri v. Defaria,* 88 F.3d 136, 141 (2d Cir. 1996) (quoting *Banque Hypothecaire Du Canton De Genève v. Union Mines,* 652 F. Supp. 1400, 1401 (D. Md. 1987)); see *Luce v. United States,* 469 U.S. 38, 40 n.2 (1984) ("We use the term ["in limine"] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered.").

## III. ARGUMENT

The evidence and testimony related to Cocchia's and Perugini's changed testimony is irrelevant to Plaintiff's fabrication of evidence claims and must be precluded.

Plaintiff alleges that Connecticut State Polce Detective Ocif fabricated evidence during the 1988 interview of Cocchia. Plaintiff claims that Detective Short failed to intervene to correct

3

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

the fabrication of evidence, amounting to a constitutional violation. To establish Plaintiff's fabrication of evidence claim, he must first establish that Detective Ocif fabricated evidence during the interview of Todd Cocchia. *See Ashley v. City of New York*, 992 F.3d 128, 139 (2d Cir. 2021). A fabrication claim against an officer differs significantly from a claim that the officer used improper methods to obtain evidence. Coerced testimony is testimony that a witness is forced by improper means to give; the testimony may be true or false. Fabricated testimony is testimony that is made up; it is invariably false. False testimony is the equivalent to fabricated testimony; it is testimony known to be untrue by the witness and by whoever cajoled or coerced the witness to give it. *Petty v. City of Chicago*, 754 F.3d 416, 422 (7th Cir. 2014) (quoting *Fields v. Wharrie*, 740 F.3d 1107, 1110 (7th Cir. 2014)); see also *Anderson v. City of Rockford*, 932 F.3d 494, 510-11 (7th Cir. 2019).

To establish liability as to Detective Shortt, Plaintiff must also establish that Detective Shortt knew, or should have known, that Detective Ocif was fabricating evidence. *Anderson v. Branen,* 17 F.3d 552, 552 (2d Cir. 1994). Thus, evaluating Plaintiff's claim that Todd Cocchia's testimony was fabricated, and if so, whether Detective Shortt failed to intervene, hinges on the involved parties knowledge at the time of the interview, on July 12, 1988. That is the critical time frame. Information that has come to light dozens of years later about a change in testimony is irrelevant to the inquiry required to establish the fabrication claim. Any recent recantation by Cocchia, long after the criminal trial, is irrelevant to the claims related to Detective Shortt's

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888  Juris 407894

obligation to intervene in 1988. Allowing the jury to hear about a change to Cocchia's testimony so many years later would not aid the jury, but would like cause confusion.

Further, there is no claim of fabrication with respect to witness Robert Perugini, or even any claim that Defendants played any role in obtaining Perugini's original statement. There is simply nothing to connect Perugini to the claims against Detective Shortt, aside from Detective Ocif's involvement as the detective that interviewed Perugini. Introducing evidence that Perugini has changed his testimony could only be used as an attempt to persuade the jury that Detective Ocif may have obtained a false confession on one occasion (Perugini), which may push the jury to conclude, improperly, that he must have obtained a false confession on the other occasion (Cocchia). Rule 404 of the Federal Rules of Evidence provides that "[e]vidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," *Fed. R. Evid. 4040 (a),* and that "[e]vidence of other crimes, wrong, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," Fed. R. Evid 404 (b). This evidence cannot be admitted for these impermissible purposes.

## IV. CONCLUSION

For all of the forgoing reasons, the Defendants respectfully request that the Motion in Limine be granted in its entirety, and the Plaintiff be precluded from proffering or eliciting any such evidence and/or testimony regarding recanted testimony this number of years later.

5

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

DEFENDANTS
TOWN OF NEW MILFORD, STEVEN
JORDAN, ROBERT SANTORO AS
ADMINISTRATOR OF THE ESTATE OF
DAVID SHORTT

BY/s/   Jeffrey O. McDonald
Jeffrey O. McDonald (ct28195)
Elliot B. Spector (ct05278)
Forrest Noirot
Hassett & George, P.C.
628 Hebron Avenue Suite 212
Glastonbury, CT 06033
T: (860)651-1333
F: (860)651-1888
ebspector87@gmail.com
jmcdonald@hgesq.com

## CERTIFICATE OF SERVICE

I hereby certify that on the date first above a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY/s/   Jeffrey O. McDonald
Federal Bar No.: ct28195

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894