# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RALPH BIRCH,

     Plaintiff,

-against-

TOWN OF NEW MILFORD et al.,

     Defendants.

No. 3:20-CV-1790 (VAB)
[*rel.* No. 3:20-CV-1792]

September 25, 2024

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Plaintiffs Ralph Birch and Shawn Henning respectfully request that the Court issue the following instructions to the jury and use the verdict sheet annexed hereto as Exhibit A at trial in the above-captioned action.

By:   */s/ Craig A. Raabe*
IZARD, KINDALL & RAABE LLP
Craig A. Raabe (ct04116)
Seth R. Klein (ct18121)
29 South Main Street, Suite 305
West Hartford, Connecticut 06107
(860) 513-2939

W. JAMES COUSINS, P.C.
W. James Cousins (ct06382)
54 Danbury Road, Suite 413
Ridgefield, Connecticut 06877
(203) 205-0622

PAUL CASTELEIRO, ESQ.
Paul Casteleiro (ct31177)
204 Radcliff Drive
Nyack, New York 10960
(914) 714-0543

*Counsel for Plaintiff Shawn Henning*

By:   */s/ David A. Lebowitz*
KAUFMAN LIEB LEBOWITZ & FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
18 East 48th Street, Suite 802
New York, New York 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP, LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, Connecticut 06040
(860) 522-7000

*Counsel for Plaintiff Ralph Birch*

**Curative Instruction Regarding Settled Claims Against the State Defendants**

*For the reasons set forth further in Plaintiffs' concurrently filed motion in limine, Plaintiffs respectfully request that the Court issue the following curative instruction in its preliminary and final instructions regarding the involvement of the State Defendants.*

As you [will hear] / [have heard], members of the Connecticut State Police and other employees of the State of Connecticut were also involved in the investigation and prosecution of the Plaintiffs. You should draw no inferences or conclusions one way or another from the fact that the State of Connecticut and its employees are not Defendants at this trial. You should not speculate about those matters, and you should put them out of your mind.

**Section 1983 – Elements Generally**

Mr. Birch and Mr. Henning each bring claims under a federal law, 42 U.S.C. 1983, which we call "Section 1983." Mr. Henning has one claim under Section 1983, and Mr. Birch has two. I will start by instructing you on the law of Section 1983 claims in general.

Section 1983 is a law that creates a federal remedy for persons who have been deprived by state officials of the rights, privileges and immunities that are secured to everyone by the Constitution and laws of the United States.

To prevail on a Section 1983 claim, the plaintiff must prove each of the following elements by a preponderance of the evidence:

First, the defendant was acting under color of state law in his actions toward the plaintiff.

Second, the defendant's conduct deprived the plaintiff of a constitutional right.

I will discuss each of these elements in order now.

*Sources*: *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *O'Mara v. Town of Wappinger*, 485 F.3d 693, 699-700 (2d Cir. 2007); *Jones v. Sansom*, No. 3:21-CV-422 (VAB), 2023 WL 1069487, at *19 (D. Conn. Jan. 27, 2023).

**Section 1983 Element One – Color of Law**

The first element of a Section 1983 claim is that the defendant was acting under color of state law. I instruct you that this element is satisfied with respect to each of the plaintiffs' Section 1983 claims. At the relevant times, Detective Jordan and Detective Shortt were acting as police officers for the Town of New Milford, so they were acting under color of state law.

*Sources*: *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998); *O'Mara v. Town of Wappinger*, 485 F.3d 693, 699-700 (2d Cir. 2007); *Jones v. Sansom*, No. 3:21-CV-422 (VAB), 2023 WL 1069487, at *19 (D. Conn. Jan. 27, 2023).

**Section 1983 Element Two – Deprivation of a Constitutional Right: *Brady***

The second element of a Section 1983 claim is deprivation of a constitutional right. In this case, the right at issue is the right to a fair trial under the United States Constitution.

An accused person has a right to a fair trial. The right to a fair trial includes a requirement that prosecutors disclose to the accused any evidence that is favorable to the accused. Police officers, in turn, have a constitutional duty to disclose to prosecutors any evidence they have that is favorable to the accused, so that the prosecutor can turn it over to the accused.

Evidence favorable to the accused is also sometimes called exculpatory evidence–that is, evidence that tends to show the accused is not guilty of the crime charged. Because this requirement was first articulated by the Supreme Court in a case called *Brady v. Maryland*, we call evidence favorable to the accused "*Brady* material," and we call the requirement to disclose it the government's "*Brady* obligation." In the context of *Brady*, "evidence" does not refer solely to physical evidence or information that is written down. *Brady* material includes all information known to law enforcement that is favorable to the accused, regardless of its form.

Here, Mr. Birch and Mr. Henning claim that Detective Jordan violated his *Brady* obligation by failing to disclose to the prosecutor the fact that $1,000 in cash was found at the crime scene. In order to establish that Detective Jordan violated his *Brady* obligations in this case, Mr. Birch and Mr. Henning must each prove three things by a preponderance of the evidence.

First, the evidence that was not turned over was favorable to the plaintiff.

Second, the defendant intentionally did not disclose the evidence to the prosecutor.

Third, the evidence was material to the prosecution.

Evidence is material when there is a reasonable probability that the result of a criminal trial would have been more favorable if the evidence had been disclosed. In a criminal case, the prosecution must convince all jurors of the accused's guilt beyond a reasonable doubt. If even one juror out of 12 entertained a reasonable doubt about the accused's guilt, the jury cannot convict him. Either an acquittal, meaning that all 12 jurors agree that the accused has not been proven guilty beyond a reasonable doubt, or a hung jury, meaning that at least one but fewer than 12 jurors votes for acquittal, qualifies as an outcome more favorable to the accused. Here, in other words, if there is a reasonable probability that one or more jurors would have voted to acquit Mr. Birch at his criminal if they had learned about the $1,000 cash, then the evidence is material as to Mr. Birch. Similarly, if there is a reasonable probability that one or more jurors would have voted to acquit Mr. Henning at his criminal trial if they had learned about the $1,000 cash, then the evidence is material as to Mr. Henning.

Sources: *Bellamy v. City of New York*, 914 F.3d 727, 744-45 (2d Cir. 2019); *Jeanty v. Cerminaro*, No. 21-1974, 2023 WL 325012, at *4 (2d Cir. Jan 20, 2023); *Turner v. United States*, 582 U.S. 313, 330 (2017) (Kagan, J., dissenting) ("[W]e agree on the legal standard by which to assess the materiality of undisclosed evidence for purposes of applying the constitutional rule: Courts are to ask whether there is a "reasonable probability" that disclosure of the evidence would have led to a different outcome—*i.e.,* an acquittal or hung jury rather than a conviction."); Trial Transcript at 955-59, ECF No. 178, *Jawun Fraser v. City of New York*, No. 20-CV-4926 (S.D.N.Y. Mar. 20, 2023).

**Section 1983 Element Two – Deprivation of a Constitutional Right: Evidence Fabrication**

The right to a fair trial under the United States Constitution also includes the right to a trial based on evidence that is not fabricated, meaning that it is not made up.

Here, Mr. Birch claims that another police officer fabricated statements by Todd Cocchia incriminating Mr. Birch in the murder of Everett Carr, and that Detective Shortt failed to intervene to prevent this fabricated evidence from being used to deprive Mr. Birch of liberty. In order to prevail on this claim, Mr. Birch needs to prove two things by a preponderance of the evidence. First, an underlying fabrication of evidence by another investigating officer. Second, a failure to intervene by Detective Shortt. Each of these two parts of the claim has multiple elements.

To establish an underlying deprivation of the right to a fair trial resulting from the fabrication of evidence, Mr. Birch must prove four elements by a preponderance of the evidence.

First, an investigating officer fabricated information.

Second, the fabricated information was forwarded to the prosecutor.

Third, the fabricated information was of the kind that is likely to influence the jury's verdict. Evidence is of the kind likely to influence a jury's verdict if a reasonable juror would consider it important in evaluating the charges against the accused.

Fourth, the plaintiff suffered a deprivation of liberty as a result. I instruct you that incarceration constitutes a deprivation of liberty as a matter of law.

To hold Detective Shortt liable for failure to intervene, Mr. Birch also needs to prove three elements with respect to Detective Shortt:

First, the defendant had a realistic opportunity to intervene.

Second, a reasonable person in the defendant's position would know that the plaintiff's constitutional rights were being violated.

Third, the defendant did not take reasonable steps to intervene.

Sources: *Ashley v. City of New York*, 992 F.3d 128, 142-43 (2d Cir. 2021); *Garnett v. Undercover Officer UC0039*, 838 F.3d 265, 279-80 (2d Cir. 2016); *Nnodimele v. Dirienzo*, No. 13-CV-3461, 2016 WL 3561708, at *9 (E.D.N.Y. June 27, 2016) (explaining objective nature of materiality element of evidence fabrication claims); *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) (regarding failure to intervene); *Cotto v. City of Middletown*, 158 F. Supp. 3d 67, 83 (D. Conn. 2016) (same).

**Section 1983 – Summary**

To summarize the Section 1983 claims:

If you find that Mr. Henning has shown by a preponderance of the evidence that Detective Jordan violated his right to a fair trial by suppressing *Brady* material, you must find for Mr. Henning on that claim. On the other hand, if you find that Mr. Henning has failed to prove each element of this claim by a preponderance of the evidence, you must find for Detective Jordan.

Similarly, if you find that Mr. Birch has shown by a preponderance of the evidence that Detective Jordan violated his right to a fair trial by suppressing *Brady* material, you must find for Mr. Birch on that claim. On the other hand, if you find that Mr. Birch has failed to prove each element of this claim by a preponderance of the evidence, you must find for Detective Jordan.

Finally, if you find that that Mr. Birch has shown by a preponderance of the evidence that Detective Shortt violated his right to a fair trial by failing to intervene to prevent fabricated evidence from being used to deprive him of liberty, you must find for Mr. Birch on that claim. On the other hand, if you find that Mr. Birch has failed to prove each element of this claim by a preponderance of the evidence, you must find for Detective Shortt.

**Negligence – Overview**

Mr. Birch and Mr. Henning also assert claims for negligence against Detective Jordan, and Mr. Birch asserts one against Detective Shortt.

Negligence is the violation of a legal duty which one person owes to another.

There are, for purposes of this case, two kinds of negligence: statutory negligence and common-law negligence. Statutory negligence is the failure to conform one's conduct to a duty imposed by the legislature through the enactment of a statute. Common-law negligence is a violation of the duty to use reasonable care under the circumstances. A violation of either of these duties is negligence.

Source: Connecticut Civil Jury Instructions ss. 3.6-1 through 3.6-2, *available at* https://jud.ct.gov/Ji/Civil/Civil.pdf.

**Negligence – Statutory Negligence**

Negligence can arise from a violation of a statute that creates a duty by declaring that certain requirements must be followed or that certain acts must not be done. By enacting such a law, the legislature has determined the appropriate standard of care to which an individual's conduct must conform. Conduct that violates the requirements of such a statute constitutes negligence.

Here, Mr. Birch and Mr. Henning allege that Detective Jordan violated the following statutory duty under Connecticut General Statute 54-86c(c): ""Each peace officer, as defined in subdivision (9) of section 53a-3, shall disclose in writing any exculpatory information or material which he may have with respect to any criminal investigation to the prosecutorial official in charge of such case." Mr. Birch and Mr. Henning allege that Detective Jordan violated this duty by failing to disclose to the prosecutor that $1,000 cash was found at the crime scene.

Source: Connecticut Civil Jury Instructions ss. 3.6-13, *available at* https://jud.ct.gov/Ji/Civil/Civil.pdf.

**Negligence - Common-Law Negligence and Duty of Care**

Common-law negligence is the failure to use reasonable care under the circumstances. Reasonable care is the care that a reasonably prudent person would use in the same circumstances.

In determining the care that a reasonably prudent person would use in the same circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question. Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances. It is common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.

A duty to use care exists when a reasonable person, knowing what the defendant here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct. If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre or unforeseeable.

Mr. Birch and Mr. Henning allege that Detective Jordan violated his common-law duty of care by failing to disclose to the prosecutor that $1,000 cash was found at the crime scene.

Mr. Birch further alleges that Detective Shortt violated his common-law duty of care by failing to intervene to prevent him from being deprived of liberty on the basis of fabricated evidence.

Source: Connecticut Civil Jury Instructions ss. 3.6-3, 3.6-4, 3.6-7, 3.6-10, *available at* https://jud.ct.gov/Ji/Civil/Civil.pdf.

**Negligence – Proximate Cause**

The Plaintiff must prove that any injury for which he seeks compensation from the defendant was caused by the Defendant. The first issue for your consideration is, "Was the Plaintiff injured?" If the answer is no, you will render a verdict for the Defendant. If the answer is yes, you will proceed to the second issue, which is "Were such injuries caused by the negligence of the Defendant?" This is called "proximate cause."

Negligence is a proximate cause of an injury if it was a substantial factor in bringing the injury about. In other words, if the Defendant's negligence contributed materially and not just in a trivial or inconsequential manner to the production of the injury, then his negligence was a substantial factor. If you find that the Defendant's negligence was not a substantial factor in bringing about the injury suffered by the plaintiff, you will render a verdict in favor of the Defendant. However, if you find that the Defendant's negligence was a substantial factor in causing injury to the plaintiff, you will consider the assessment of damages.

Under the definitions I have given you, negligent conduct can be a proximate cause of an injury if it is not the only cause, or even the most significant cause of the injury, provided it contributes materially to the production of the injury, and thus is a substantial factor in bringing it about. Therefore, when a Defendant's negligence combines together with one or more other causes to produce an injury, such negligence is a proximate cause of the injury if its contribution to the production of the injury, in comparison to all other causes, is material or substantial. When, however, some other cause contributes so powerfully to the production of an injury as to make the Defendant's negligent contribution to the injury merely trivial or inconsequential, the Defendant's negligence must be rejected as a proximate cause of the injury, for it has not been a substantial factor in bringing the injury about.

To prove that an injury is a reasonably foreseeable consequence of negligent conduct, a Plaintiff need not prove that the Defendant actually foresaw or should have foreseen the extent of the harm suffered or the manner in which it occurred. Instead, the Plaintiff must prove that it is a harm of the same general nature as that which a reasonably prudent person in the Defendant's position should have anticipated, in view of what the Defendant knew or should have known at the time of the negligent conduct.

Connecticut Civil Jury Instructions 3.1-1, 3.1-2, 3.1-4, *available at* https://jud.ct.gov/Ji/Civil/Civil.pdf.

**Negligent Infliction of Emotional Distress**

Mr. Birch and Mr. Henning bring claims for negligent infliction of emotional distress against Detective Jordan. Mr. Birch also brings a negligent infliction of emotional distress claim against Detective Shortt.

There are three elements that the Plaintiff must prove for a finding of negligent infliction of emotional distress.

First, the Defendant engaged in conduct that the defendant should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury.

Second, the conduct caused emotional distress to the Plaintiff.

Third, the distress was of such a nature as might result in illness or bodily harm.

As to the first element, that is, that the Defendant engaged in conduct that the Defendant should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury, the Plaintiff need not prove that the Defendant intended to cause any harm or distress to the Plaintiff but only that the Defendant should have known that it was likely that a reasonable person under the circumstances would be distressed by the conduct and that that distress might result in illness or bodily injury.

As to the second and third elements, you must determine whether the Plaintiff actually experienced fear or distress, and if so, whether the fear or distress experienced by the plaintiff was reasonable in light of the conduct of the defendant. If you find that it was reasonable for the Plaintiff to experience distress in light of the conduct of the defendant, then the Plaintiff is entitled to prevail and you can go on to consider damages. Conversely, if any distress

experienced by the Plaintiff was unreasonable in light of the Defendant's conduct, then you cannot find in favor of the Plaintiff on this count and you must return a verdict for the Defendant.

If you find that the Plaintiff has proved all of the elements of negligent infliction of emotional distress, you will find for the Plaintiff and award damages on this count as I will describe in the "damages" section of these instructions.  If you find that the Plaintiff has not proved the elements of negligent infliction of emotional distress then you will return a Defendant's verdict on this count.

Connecticut Civil Jury Instructions 3.12-2, *available at* https://jud.ct.gov/Ji/Civil/Civil.pdf

**Governmental Immunity – Identifiable Victim, Imminent Harm Exception**

*With respect to Plaintiff's negligence claims against Detective Jordan arising from the alleged violation of Connecticut General Statute 54-86c(c), Plaintiffs move to preclude the defense of governmental immunity from being submitted to the jury on the basis that this statute sets forth a nondiscretionary duty as a matter of law.*

*In the event the Court disagrees, and in all events with respect to any other negligence claims as to which Defendants assert the defense of governmental immunity, Plaintiffs request that the Court issue the following instruction.*

Ordinarily, a municipal employee has immunity from liability for negligence. Here, Defendant [INSERT] asserts the defense of governmental immunity with respect to Plaintiffs' claims for [INSERT].

However, a municipal employee is not immune from liability if the harm likely to be caused by his actions or inactions was imminent and that imminent harm was apparent to the municipal employee. Plaintiffs claim that this exception to governmental immunity applies with respect to these claims.

This exception to immunity has three components, each of which the Plaintiff must prove, by a preponderance of the evidence, existed at the time of the Plaintiff's alleged injury. These components are:

First, the Plaintiff was an identifiable victim with respect to his claims of negligence against the Defendant.

Second, the harm which the Plaintiff claims befell him was imminent when the Defendant acted or failed to act.

Third, that it was apparent to the Defendant that his conduct was likely to subject the Plaintiff to the particular harm alleged.

You must first determine whether the Plaintiff was an identifiable victim. The Plaintiff allege that, as the primary suspects in the Everett Carr homicide investigation, they were identifiable victims at the time of the Defendants' alleged negligence. If you find that either Plaintiff was an identifiable victim, you will proceed to the next component. If you do not find that either Plaintiff was an identifiable victim, you will return a verdict in favor of the Defendant on the claims at issue.

The second component of this exception requires you to determine whether the Plaintiff has proven that the harm to which he was subjected, if any, was "imminent." In this context, "imminent" means about to occur at any moment, close to happening, or on the verge of happening. The Plaintiff must prove what the surrounding circumstances were and that the need for the Defendant to act to prevent imminent harm to the Plaintiff was clear and unequivocal.

The third component that the Plaintiff must prove is that the particular, imminent danger to which he claims he was exposed, as an identifiable victim, was apparent to a reasonable person in the Defendant's position. The risk has to have been sufficiently great that it must have been apparent to the Defendant that there was a clear and unequivocal need to act promptly. "Apparent" means easily observed and understood. The circumstances must have been such that it would have been apparent to the Defendant that his failure to act would likely subject the plaintiff to imminent harm.

You must refrain from resorting to the clarity of hindsight when evaluating the situation of the Defendant. Also, you must use only the information that was available to the Defendant when assessing whether it was apparent that injury of the sort sustained by the Plaintiff was imminent unless the Defendant acted to prevent it.

Although the components have been identified separately, they are interconnected. The criteria of identifiable person and imminent harm must be evaluated with reference to each other. An allegedly identifiable person must be identifiable as a potential victim of a specific imminent harm. Likewise, the alleged imminent harm must be imminent in terms of its impact on a specific identifiable person. For the purposes of the imminent harm exception, it is impossible to be an identifiable person in the absence of any corresponding imminent harm.

Unless you find that the Plaintiff has proved both imminency and apparentness components as I have explained them to you, the Defendant retains immunity from responsibility for the plaintiff's injuries, and you must return a verdict for the defendant on the claims as to which immunity is raised as a defense. If you find that the Plaintiff has proven both imminency and apparentness by a preponderance of the evidence, the Defendant has no immunity.

Connecticut Civil Jury Instructions 3.3-5, *available at* https://jud.ct.gov/Ji/Civil/Civil.pdf

**Municipal Liability – Connecticut General Statutes 7-465**

*Plaintiffs have moved* in limine *that the jury be instructed that the Town of New Milford will indemnify Detective Jordan or Detective Shortt against any judgment as a matter of law. If the Court agrees, Plaintiffs request that it issue this instruction:*

Under Connecticut General Statute 7-465, a municipality, such as a town, can be liable for the actions of its employees under certain circumstances. This is called indemnification. Mr. Birch and Mr. Henning assert claims for indemnification against the Town of New Milford.

I instruct you that, if you find Detective Jordan and/or Detective Shortt liable on any claim, you must find the Town of New Milford liable for indemnification.

*Alternatively, if the Court does not agree and concludes that the jury should deliberate regarding the issue of indemnification, Plaintiffs request that the Court issue the following charge:*

Under Connecticut General Statute 7-465, a municipality, such as a town, can be liable for the actions of its employees under certain circumstances. This is called indemnification. Mr. Birch and Mr. Henning assert claims for indemnification against the Town of New Milford.

If you have not found Detective Jordan or Detective Shortt liable under Section 1983 or for negligence, then the Town of New Milford cannot be liable for indemnification. If, however, you have found either Detective Jordan or Detective Short liable under Section 1983 or for negligence, then you must consider the issue of indemnification.

Where a municipal employee has violated a plaintiff's civil rights or been found liable for negligence toward the plaintiff, the municipality is liable for indemnification if the plaintiff proves two elements by a preponderance of the evidence.

First, the employee was acting in the performance of his job duties and within the scope of his employment.

Second, the employee's actions were not willful or wanton. Conduct is wanton if it involves reckless or callous indifference to the protected rights of others.

Sources: Connecticut General Statute 7-465; *Sestito v. City of Groton*, 178 Conn. 520, 528 (1979) (submitting indemnification under 7-465 to jury); *City of W. Haven v. Hartford Ins. Co.*, 221 Conn. 149, 159-61 (1992).

**Damages Generally**

If the Plaintiffs fail to prove the elements of their claims against all of the Defendants, then the Defendants have prevailed on the issue of liability and you should not consider the issue of damages. Only if one or more of the Plaintiffs has proved by a preponderance of the evidence one or more of his claims against one or more of the Defendants should you address the issue of damages.

Before I instruct you on the issue of damages, a few words of caution are in order. The fact that I am instructing you on the subject of damages does not mean that I have an opinion one way or another on whether you should or should not reach the issue of damages in your deliberations. Again, you are only to reach the issue of damages if you find by a preponderance of the credible evidence that Mr. Birch and/or Mr. Henning has established his claims. These instructions are for your guidance only if you reach the issue of damages.

In respect to the damages claimed, as in respect to every other matter before you, you can award only such damages as are justified by the proof and the law. The burden is on each Plaintiff to prove by a preponderance of the evidence the extent and nature of the losses he suffered as a result of any liable Defendant's actions. It is not the burden of any Defendant to disprove the claimed losses.

The law permits counsel for any party to argue to the jury his view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence, but only argument. The determination of the amount to be awarded, if any, is solely your function, and in your deliberations you may accept or disregard any argument by counsel about the amount of damages.

Source: Court's damages instructions, ECF No. 233 at 28, *Gilead Community Services, Inc. v. Town of Cromwell*, No. 3:17-CV-627 (VAB).

**Compensatory Damages**

The purpose of money damages is to compensate Mr. Birch and/or Mr. Henning for the damages inflicted upon them by any violations of the law they have proven. Compensatory damages are limited to restoring the Plaintiff, as far as money can, what they lost because of the harm they suffered. They are not awarded to punish the Defendant for his unlawful actions.

The law places the burden on Mr. Birch and Mr. Henning to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision, and you are permitted to determine the amount of damages by estimation or approximation, so long as Mr. Birch and Mr. Henning provide you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense.

If either Plaintiff has proven all of the essential elements of any of his claims, then you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a proximate result of the liable Defendant's conduct.

You shall award damages only for those injuries that you find the prevailing Plaintiff has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by the prevailing Plaintiff. You must award damages only for those injuries proximately caused by the liable Defendant's conduct that violated the law.

You have already heard about proximate cause in my instructions regarding the negligence claims. To reiterate, proximate cause means that there must be a sufficient causal connection between a Defendant's act or omission and any injury or damage that was sustained by the Plaintiff. An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about or actually causing that injury. In other words, a defendant's act or omission is

a proximate cause of an injury if the injury is a foreseeable result of the defendant's act or omission.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

There are two types of damages that you may consider: economic damages and non-economic damages. Economic damages are compensation for pecuniary losses, which may include lost income and lost wages. Non-economic damages, on the other hand, are compensation for all non-pecuniary losses including loss of liberty, humiliation, injury to reputation, physical pain and suffering, and mental and emotional distress.

Injuries of any kind are to be fully and fairly compensated if they are proximately caused by any violation of law for which you find a Defendant liable. You should award damages to the extent the loss or injury can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated. The damages you award should be proportional to the actual loss sustained, whether that loss is mental, physical, or emotional, or one of the other types of loss discussed in this instruction.

Source: Court's damages instructions, ECF No. 233 at 29-30, *Gilead Community Services, Inc. v. Town of Cromwell*, No. 3:17-CV-627 (VAB); *Kerman v. City of New York*, 374 F.3d 93, 124-30 (2d Cir. 2003) (loss of liberty is a compensable category of injury requiring an award of compensatory damages under Section 1983 where it is the proximate result of a constitutional violation); *Cash v. County of Erie*, 654 F.3d 324, 331-32 (2d Cir. 2011) (regarding proximate cause).