UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>                    Plaintiff,<br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>                    Defendants. | No. 3:20-CV-1790 (VAB)<br>[*rel.* No. 3:20-CV-1792]<br><br><br><br>October 11, 2024 |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION IN LIMINE TO EXCLUDE EVIDENCE OF THE SETTLEMENT WITH THE STATE DEFENDANTS AND ISSUE AN APPROPRIATE LIMITING JURY INSTRUCTION**

Despite their agreement that the jury should not learn of Plaintiffs' prior settlement with the State Defendants, and their lack of objection to Plaintiffs' proposed curative instruction, Defendants object to Plaintiffs' motion *in limine* (ECF No. 220) on the basis that they "must be able to question Plaintiffs about their claims against the other settled-out state defendants." ECF No. 242 ("Opp.") at 1. Revealingly, Defendants cite no authority whatsoever for their novel assertion that such questioning would be relevant to "whether the disclosure of the $1,000, along with the testimony of [Todd] Cocchia, would have had a reasonable likelihood of impacting the criminal proceedings" (i.e., materiality). *Id.* Any such testimony would be speculative and irrelevant, while also prejudicially circumventing the nondisclosure of the settlement itself.

First, there is zero competent proof found on Defendants' witness and exhibit lists concerning much of the other alleged misconduct about which Defendants apparently wish to question Plaintiffs. For example, Plaintiffs have no personal knowledge of whether Henry Lee tested the towel at the crime scene for blood, as they were not present when Lee processed the bathroom, and the parties' Joint Trial Memorandum (JTM) includes no exhibit or witness

1

bearing on that question. Similarly, Plaintiffs have no personal knowledge of what Tina Yablonski said during her pre-polygraph interview, as they were not present for it, and the JTM similarly discloses no competent proof of that issue, let alone whether such statements were suppressed. Of course, the absence of proof on these issues is for good reason: they are no longer part of the case. In the absence of actual proof of such wrongdoing by others, it appears that Defendants simply want to ask Plaintiffs if they *believe* that other such acts of misconduct may have contributed to their wrongful convictions. Indeed, by asserting that they want to "evaluat[e] . . . other alleged acts, and argue the potential impact of those acts," Opp. at 2, Defendants effectively admit that they want to speculate about other possible causes of Plaintiffs' injuries in the absence of evidence. But Plaintiffs' subjective views of others' culpability are irrelevant to whether other misconduct occurred or whether it actually caused Plaintiffs' injuries. This is a trial. There can be no "evaluat[ing] alleged acts" or "arguing the potential impact" of "alleged acts" without *evidence that the alleged acts happened*, which Defendants do not intend to offer.

Second, even to the extent competent proof of misconduct by other absent defendants were available, it still has limited or no relevance to the specific purpose for which Defendants proffer it: the materiality of the $1,000 cash or of Cocchia's statements. With respect to the $1,000, the materiality of suppressed evidence under *Brady* depends upon its weight and value, assessed in the context of the actual trial record. *See, e.g.*, *United States v. Avellino*, 136 F.3d 249, 256 (2d Cir. 1998). The existence of other additional exculpatory information not at issue that may also happen to have been suppressed is not part of this inquiry. With respect to Cocchia, the materiality of fabricated evidence is assessed objectively, based on whether it is the kind of evidence that would be likely to influence a jury in the general sense. *Nnodimele v. Dirienzo*, No.

13-CV-3461, 2016 WL 3561708, at *9 (E.D.N.Y. June 27, 2016). Whether someone else may have also fabricated other unrelated evidence is, again, not relevant.

      Third, permitting Defendants to question Plaintiffs in the manner they propose would simply reinforce the Rule 403 concerns about prejudice and confusion that Plaintiffs' motion sought to remedy in the first place. The more Defendants are permitted to ask Plaintiffs about Plaintiffs' prior allegations of wrongdoing against the State Defendants, the more the jury will naturally wonder why the State Defendants are not parties and why those claims are not being tried. A significant risk exists that the jury will fill the information vacuum with speculation of its own, which threatens to prejudice Plaintiffs if the jury wrongly surmises that Plaintiffs' claims against the State Defendants were found to be unmeritorious or that Plaintiffs' claims against the State Defendants already resulted in full compensation for Plaintiffs' injuries.

      Respectfully submitted,
      THE PLAINTIFFS

      By:  */s/ Craig A. Raabe*
      IZARD, KINDALL & RAABE LLP
      Craig A. Raabe (ct04116)
      Seth R. Klein (ct18121)
      29 South Main Street, Suite 305
      West Hartford, Connecticut 06107
      (860) 513-2939

      W. JAMES COUSINS, P.C.
      W. James Cousins (ct06382)
      54 Danbury Road, Suite 413
      Ridgefield, Connecticut 06877
      (203) 205-0622

      LAW OFFICES OF PAUL CASTELEIRO
      Paul Casteleiro (ct31177)
      204 Radcliff Drive
      Nyack, NY 10960
      (914) 714-0543

*Counsel for Plaintiff Shawn Henning*

By:  */s/ Douglas E. Lieb*
KAUFMAN LIEB LEBOWITZ & FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP, LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT 06040
(860) 522-7000

*Counsel for Plaintiff Ralph Birch*