# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

RAPLH BIRCH,
*Plaintiff*,

v.

TOWN OF NEW MILFORD et al.,
*Defendants*.

No. 3:20-cv-01790 (VAB)

## RULING AND ORDER ON MOTIONS IN LIMINE

Ralph Birch has sued the Town of New Milford, David Shortt, Steven Jordan, and Robert Santoro (collectively the "Town Defendants"), as well as Andrew Ocif, Scott O'Mara, John Mucherino, Joseph Quartiero, Michael Graham, Brian Acker, and Dr. Henry Lee under 42 U.S.C. § 1983 and state common law torts for alleged fabrication of evidence, malicious prosecution, and suppression of material exculpatory evidence, which allegedly resulted in Mr. Birch's wrongful conviction for felony murder and burglary and subsequent incarceration for more than thirty years. See First Am. Compl., No. 3:20-CV-1790, ECF No. 54 (Apr. 16, 2021) ("Am. Compl.").

Shawn Henning, a co-defendant with Mr. Birch in the state criminal proceeding, likewise sued Andrew Ocif, Scott O'Mara, John Mucherino, Joseph Quartiero, Michael Graham, Brian Acker, H. Patrick McCafferty, and Dr. Henry Lee (collectively the "State Defendants") and Town Defendants, alleging virtually the same claims. *See* Compl., No. 3:20-CV-1792, ECF No. 1 (Dec. 2, 2020) ("Compl.").[1]

---

[1] To simplify matters, and to avoid any confusion between and among the State and local police entities, as well as the law enforcement officials who were involved in the relevant events, the Court will consistently refer to any of the Defendants by their title during the time period relevant to this case, regardless of any subsequent titles they may have held since then.

Following a stipulation of dismissal, the claims against the State Defendants were terminated. *See* Order, ECF No. 206.

Following the Court's order dismissing claims against the State Defendants and leaving claims only against the Town Defendants, Mr. Birch and Mr. Henning filed eight motions *in limine* seeking to preclude certain categories of argument, evidence, and defenses [ECF Nos. 218, 219, 220, 221, 223, and 224], to allow Mr. Birch to suggest a specific damages figure to the jury [ECF No. 217], and to instruct the jury that the Town of New Milford will indemnify Defendants Jordan and Shortt.

The Defendants have filed four motions *in limine* to exclude certain categories of evidence [ECF Nos. 225, 226, and 227] and to bifurcate the case into separate trials on the issues of liability and damages [ECF No. 230].

Since the filing of the motions *in limine*, the claims brought by Mr. Henning have now been dismissed from the case. *See* Order, ECF No. 260.

For the reasons outlined below, these motions *in limine* have been addressed as follows:

The Town Defendants' motion *in limine*, ECF No. 230 to bifurcate the case into separate trials on the issues of liability and damages, is **DENIED**.

The Town Defendants' motion *in limine*, ECF No. 225, to exclude any evidence, witnesses, or testimony related to the opinions of lay witnesses regarding the Plaintiffs' guilt or innocence of the murder of Everet Carr, is **GRANTED** in part, and **DENIED** in part, consistent with this Ruling and Order.

The Town Defendants' motion *in limine*, ECF No. 226, to exclude evidence, testimony, or arguments related to third-party culpability for the murder of Everett Carr, is **DENIED** without prejudice to renewal at trial, consistent with this Ruling and Order.

2

The Town Defendants' motion *in limine*, ECF No. 227, to exclude evidence, testimony, or arguments regarding witnesses who subsequently recanted their testimony or statements following the criminal trial for the murder of Everett Carr, is **DENIED** without prejudice to renewal at trial.

Mr. Birch's motion *in limine*, ECF No. 222, to instruct the jury that the Town of New Milford will indemnify Defendants Jordan and Shortt as a matter of law, is **DENIED**.

Mr. Birch's motion *in limine*, ECF No. 217, to suggest a specific damages figure to the jury, is **DENIED** without prejudice to renewal at trial.

Mr. Birch's motion *in limine*, ECF No. 218, to preclude any evidence of Plaintiffs' convictions from the 1980s, is **GRANTED** in part, and **DENIED** in part, consistent with this Ruling and Order.

Mr. Birch's motion *in limine*, ECF No. 219, to preclude any reference to past litigation advances received and repaid by Plaintiffs after their release from incarceration, is **GRANTED**.

Mr. Birch's motion *in limine*, ECF No. 220, to exclude evidence of the settlement with the State Defendants and to issue an appropriate limiting jury instruction, is **GRANTED** in part, and **DENIED** in part, consistent with this Ruling and Order.

Mr. Birch's motion *in limine*, ECF No. 221, to preclude Defendants' governmental immunity defense in relation to negligence claims based upon suppression of exculpatory evidence, is **DENIED** without prejudice to renewal, consistent with this Ruling and Order.

Mr. Birch's motion *in limine*, ECF No. 223, to preclude Defendants from eliciting privileged information or expert opinion testimony concerning the materiality of suppressed evidence from testifying attorneys, is **GRANTED** in part, and **DENIED** in part without prejudice to renewal at trial, consistent with this Ruling and Oder.

3

Mr. Birch's motion *in limine*, ECF No. 224, to prohibit speculation, is **DENIED** without prejudice to renewal at trial.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Familiarity with the facts and prior proceedings, as detailed in the Court's July 21, 2023, Ruling and Order on Motions for Summary Judgment, is assumed. *See* Ruling and Order on Motions for Summary Judgment at 4–13, ECF No. 161.

On July 21, 2023, the Court denied State Defendant Dr. Henry Lee's motion for summary judgment and motion to amend his answer. *Id.* at 3. The Court denied the Town Defendants' motions for summary judgment. *Id.* at 4. The Court granted in part and denied in part the State Defendants' motion for summary judgment. *Id.* at 3. Specifically, the Court granted State Police Sergeant Acker's motion for summary judgment as to Plaintiffs' fabrication claim, but denied the motion in all other respects. *Id.* at 3–4.

On September 25, 2024, the parties filed their Joint Trial Memorandum. Joint Trial Mem., ECF No. 228 (Sept. 25, 2024) ("Joint Trial Mem.").

The same day, the Town Defendants moved *in limine* to bifurcate the case into separate trials on the issues of liability and damages, Mot. in Lim. To Bifurcate Trial, ECF No. 230, and to exclude certain categories of evidence, Mot. in Lim. Regarding Opinion Testimony as to Plaintiffs' Guilt or Innocence, ECF No. 225; Mot. in Lim. Regarding Evidence of Third-Party Culpability, ECF No. 226; Mot. in Lim. Regarding Recanted Testimony, ECF No. 227.

Also, on that day, Mr. Birch moved *in limine* to determine what can be said to the jury, Mot. in Lim. to Instruct the Jury That the Town Will Indemnify Defendants Jordan and Shortt as A Matter of Law, ECF No. 222; Mot. in Lim. to Suggest a Specific Damages Figure to the Jury, ECF No. 217, and to exclude and preclude certain categories of evidence, Mot. in Lim. to

Preclude Any Evidence of Plaintiffs' Convictions From the 1980s, ECF No. 218; Mot. in Lim. to

Preclude Any Reference to Past Litigation Advances Received and Repaid by Plaintiffs, ECF

No. 219; Mot. in Lim. to Exclude Evidence of The Settlement with The State Defendants and to

Issue An Appropriate Limiting Jury Instruction, ECF No. 220; Mot. in Lim. to Preclude

Defendants' Governmental Immunity Defense in Relation to Negligence Claims Based Upon

Suppression of Exculpatory Evidence, ECF No. 221; Mot. in Lim. to Preclude Defendants from

Eliciting Privileged Information or Expert Opinion Testimony Concerning the Materiality of

Suppressed Evidence from Testifying Attorneys, ECF No. 223; Mot in Lim. to Prohibit

Speculation, ECF No. 224.

On October 7, 2024, Mr. Birch responded to the Town Defendants' motions *in limine*.

Pl.'s Opp'n to Def.'s Mot. in Lim. Regarding Recanted Testimony, ECF. No 235; Pl.'s Opp'n to

Def.'s Mot. in Lim. Regarding Opinion Testimony as to Plaintiffs' Guilt or Innocence, ECF No.

236; Pl.'s Opp'n to Def.'s Mot. in Lim. to Bifurcate Trial, ECF No. 237; Pl.'s Opp'n to Def.'s

Mot. in Lim. Regarding Evidence of Third-Party Culpability, ECF No. 245.

The same day, the Town Defendants filed objections to Mr. Birch's motions *in limine*.

Obj. to Mot. in Lim. to Preclude Def.'s Governmental Immunity Defense in Relation to

Negligence Claims Based Upon Suppression of Exculpatory Evidence, ECF No. 238; Obj. to

Pl.'s Mot. in Lim. to Instruct the Jury that the Town of New Milford Will Indemnify Defendants

Jorden and Shortt as A Matter of Law, ECF No. 239; Obj. to Mot. in Lim. to Preclude the

Defense from Eliciting Privileged Information or Expert Opinion Testimony Concerning the

Materiality of Suppressed Evidence from Testifying Attorneys, ECF No. 240; Obj. to Mot. in

Lim. to Preclude Any Evidence of Plaintiffs' Conviction From the 1980s, ECF No. 241; Obj. to

Mot. in Lim. to Exclude Evidence of the Settlement with the Defendants, ECF No. 242; Obj. to

Mot. in Lim. to Permit Plaintiffs to Suggest a Specific Damages Figure to the Jury, ECF No. 243; Obj. to Mot. in Lim. to Prohibit Speculation, ECF No. 244.

On October 11, 2024 Mr. Birch filed replies in further support of his motions *in limine*. Pl.'s Reply in Further Support of Mot. in Lim. to Preclude Defendants from Eliciting Privileged Information or Expert Opinion Testimony Concerning the Materiality of Suppressed Evidence from Testifying Attorneys, ECF No. 247; Pl.'s Reply in Further Support of Mot. in Lim. to Instruct the Jury That the Town Will Indemnify Defendants Jordan and Shortt as A Matter of Law, ECF No. 248; Pl.'s Reply in Further Support of Mot. in Lim. to Preclude Defendants' Governmental Immunity Defense in Relation to Negligence Claims Based Upon Suppression of Exculpatory Evidence, ECF No. 249; Pl.'s Reply in Further Support of Mot. in Lim. to Exclude Evidence of The Settlement With The State Defendants And Issue An Appropriate Limiting Jury Instruction, ECF No. 250; Pl's Reply in Support of Mot. in Lim. to Prohibit Speculation, ECF No. 251.

On the same day, the Town Defendants filed replies in further support of their motions. Def.'s Reply in Support of Mot. in Lim. to Prohibit Evidence of Third-Party Culpability, ECF No. 252; Def.'s Reply in Support of Mot. in Lim. to Exclude Testimony Regarding Recanted Testimony, ECF No. 253; Def.'s Reply in Support of Mot. in Lim. to Preclude Opinion Testimony as to Plaintiffs' Guilt or Innocence, ECF No. 254.

On October 23, 2024, the Court set the final pre-trial conference for February 26, 2025, with jury selection and the trial date set to take place on March 10, 2025. Scheduling Order, ECF No. 258.

## II.    STANDARD OF REVIEW

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co*., 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## III.    DISCUSSION

### A.  Town Defendants' Motions *in Limine*

The Town Defendants seek to: (1) bifurcate the case into separate trials on the issues of liability and damages, ECF No. 230 at 1, (2) exclude any evidence, witnesses, or testimony related to the opinions of lay witnesses, regarding the Plaintiffs' guilt or innocence for the murder of Everett Carr, ECF No. 225 at 1, (3) exclude evidence, testimony, or arguments related to third-party culpability for the murder of Everrett Carr, ECF No. 226 at 1, and (4) exclude evidence, testimony, or arguments regarding witnesses who subsequently recanted their testimony or statements following the criminal trial for the murder of Everrett Carr, ECF No. 227 at 1.

The Court will address each of these motions in turn.

1.  *The Motion to Bifurcate the Case into Separate Trials on the Issues of Liability and Damages*

At its discretion, a court may order separate trials on liability and damages "[f]or convenience, to avoid prejudice, or to expedite and economize" proceedings. Fed. R. Civ. P. 42(b); *see also ABB Indus. Sys. V. Prime Tech., Inc.*, 32 F. Supp.2d 38, 43 (D. Conn. 1998) (noting that bifurcation is not routinely ordered but that it may be appropriate "'where the evidence offered on two different issues will be wholly distinct'" or where "'litigation of one issue may obviate the need to try another.'") (citations omitted).

The Town Defendants argue that, without the bifurcation of the trial into separate trials on the issues of liability and damages, the Defendants would suffer unnecessary and undue prejudice. ECF No. 230 at 8. In their view, if the trial is not bifurcated, the introduction of "voluminous evidence regarding Plaintiffs' alleged damages. . . . creates a significant risk of influencing the jury to reach a verdict regarding the liability of Defendants based on sympathy, rather than fact." *Id*. at 10.

They also argue that bifurcation will promote judicial efficiency. *Id*. at 9. In their view, bifurcation will be judicially efficient because if the verdict is in favor of Defendants on liability, then it would "eliminate the need for witnesses and evidence related to damages. In such a case, this would shorten the trial and conserve the Court's time and resources, thereby promoting efficiency." *Id*. at 9.

Mr. Birch agues in response that there are no efficiencies gained by bifurcation and that the trial should not be bifurcated because Mr. Birch's damages are relevant to the Town Defendants' liability. ECF No. 237 at 1. As to the Defendants' efficiency argument, he notes that he would have to testify at both trials and his damages experts would have to testify in both trials because their expert testimony would be relevant in both trials. *Id*. at 4–5.

The Court agrees.

Given the risk of duplicating liability and damages testimony through calling the same witnesses more than once, the Court chooses not to exercise its discretion to bifurcate the trial into liability and damages phases. *See e.g.*, *Vichare v. AMBAC Inc.*, 106 F.3d 457, 466–67 (2d Cir.1996) (denying bifurcation when "[t]he issues of liability and damages are intertwined: Vichare claims that his rate of pay while at AMBAC is evidence of both liability and damages. The litigation of Vichare's claim would not necessarily obviate AMBAC's counterclaim. Several of the same witnesses would have to be called on AMBAC's counterclaim as on Vichare's claim."); *Ake v. Gen. Motors Corp.*, 942 F. Supp. 869, 877 (W.D.N.Y. 1996) ("Bifurcation here is not warranted. Some evidence, such as that relating to the fire, would be relevant to both liability (to show the cause of death) and damages for conscious pain and suffering."); *Mensler v. Wal-Mart Transportation, LLC*, No. 13 CIV. 6901 (JCM), 2015 WL 7573236, at *4 (S.D.N.Y. Nov. 24, 2015) (denying bifurcation in part because "[t]he evidence in this matter regarding liability and damages, while separate and potentially severable, overlaps."); *Chase v. Near*, No. 06-CV-685C(SC), 2007 WL 2903823, at *2 (W.D.N.Y. Oct. 1, 2007) ("[T]here will necessarily be some overlap of witnesses and their testimony. It is not apparent that the ends of judicial convenience and economy will be served by two separate trials.").

The risk of prejudice from any potentially inflammatory liability or damages evidence can appropriately be addressed by proper jury instructions rather than bifurcation. "As numerous courts have found[,] prejudice—even potentially 'substantial prejudice'—to the Individual Defendants from the introduction of such [inflammatory] evidence can be adequately addressed through the ubiquitous and efficacious means of limiting instructions and jury charges." *Rutherford v. City of Mount Vernon*, No. 18 Civ. 10706, 2023 WL 8676815, at *4 (S.D.N.Y.

Dec. 15, 2023) (denying bifurcation and citing other courts in the Second Circuit who have done

so) (quotation marks and citations omitted).

Accordingly, the Court will deny the Town Defendants motion to bifurcate the case into

separate trials on the issues of liability and damages.

> 2. *The Motion to Exclude Any Evidence, Witnesses, or Testimony Related to the Opinions of Lay Witnesses Regarding the Plaintiffs' Guilt or Innocence for the Murder of Everett Carr*

Under Rule 701 of the Federal Rules of Evidence 701, a lay witness may only offer

an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly

understanding the witness's testimony or determining a fact in issue; and (c) not based on

scientific, technical, or other specialized knowledge within the scope of Rule 702." The rational-

basis requirement "is the familiar requirement of first-hand knowledge or observation." *United*

*States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992) (citations omitted). The helpfulness

requirement is principally "designed to provide assurance[ ] against the admission

of opinions which would merely tell the jury what result to reach." *Id.* The "not based on

specialized knowledge" requirement states that "a lay opinion must be the product of reasoning

processes familiar to the average person in everyday life." *United States v. Garcia*, 413 F.3d 201,

215 (2d Cir. 2005). The proponent of lay opinion testimony must satisfy the rule's three

foundation requirements. *See United States v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004).

In addition, all testimony "is subject to the general balancing rule of [Federal Rule of

Evidence] 403, which provides that 'evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of

cumulative evidence.'" *Cameron v. City of New York*, 598 F.3d 50, 62 (quoting Fed. R. Evid. 403).

The Town Defendants argue that any lay opinion testimony, particularly from former New Milford Police Captain Norbert Lillis, regarding the Plaintiffs' guilt or innocence for the murder of Everett Carr should be excluded because it is (1) inadmissible lay opinion testimony, and (2) would be unfairly prejudicial to Defendants. *See* ECF No. 225 at 1; ECF No. 254 at 1–2. In Defendants' view, Lillis' testimony about his interviews with Mr. Henning and Mr. Birch are based on specialized knowledge that he had as a police officer and therefore would be improper lay opinion testimony under Federal Rule of Evidence 701(c) *See* ECF No. 254 at 2–3. They also argue that Mr. Lillis' testimony would be unfairly prejudicial because it would necessarily allow other officers to testify to their impressions, and create a mini trial around Mr. Lillis' testimony, as to whether Mr. Birch was innocent. *See* ECF No. 225 at 8–9.

Mr. Birch argues in response that (1) Lillis' testimony is proper lay opinion testimony as the testimony is based on his immediate impression, (2) Lillis' testimony could also be introduced as proper fact testimony of past utterances for the purpose of showing their effect on the listener, and (3) Lillis' testimony is not unfairly prejudicial and highly relevant to the key issues at dispute at trial. *See* ECF No. 236 at 1, 4, and 8–10.

In his view, Mr. Lillis' testimony is more properly seen as fact testimony introduced for the purpose of its effect on the listener rather than opinion testimony, to the extent that Mr. Lillis' opinion affected or did not affect the opinion of the rest of the New Milford Police Department. *See* ECF No. 236 at 9–10 ("Defendants' Rule 701 objection has no bearing on Lillis's anticipated testimony about *his outward expressions of his opinions to his colleagues, including Defendants*. Lillis's testimony about his conversations with his colleagues during the

investigation from 1985-89 is not "testimony in the form of an opinion." *Cf.* Fed. R. Evid. 701. It is ordinary fact testimony about the substance of Lillis's past utterances, for the purpose of showing their effect on the listener.") (emphasis in original); *see also* ECF No. 236 at 1–4 (describing the importance of Mr. Lillis' anticipated testimony to Mr. Birch's case).

The Court agrees.

"[T]he line between [a witness's] opinion and fact witness testimony is often hard to discern." *United States v. Feliciano*, 223 F.3d 102, 121 (2d Cir. 2000).

In his deposition, Mr. Lillis, testified to the following regarding his interview with the Defendants:

> Q. You told us earlier today that you came to the decision or the opinion that Mr. Birch and Mr. Henning didn't commit the Carr murder based on an interview that you did of one of them; is that right?
>
> A. That's basically it. I formed that opinion that night and I still have it today. But that's me doing the interview.
>
> Q. I understand. Did you base your opinion on anything else other than that interview?
>
> A. I based my opinion on talking to these individuals–you know. As a veteran police officer, I saw a lot of people over [time] and I interviewed a lot of people. When I got through interviewing those two that night, especially the young man, Henning, I was convinced . . . . I said they're not involved. That's exactly where I stand today.
>
> . . .
> Q. Did you base your opinion on anything other than your interview of the individual that evening?
>
> A. That's what I based it on that night. That's correct. After that interview.
>
> Lillis Deposition Transcript 88:7-90:12, ECF No. 236-1 at 6–7.

Because Mr. Lillis' opinion was based on his experience interviewing other individuals as a veteran police officer, and not solely his personal perceptions from the interview with Mr. Birch, this testimony may be best characterized as "specialized knowledge" beyond the scope of

lay opinion testimony and may be prohibited by Rule 701(c) as to lay opinion testimony. *See e.g.*, *United States v. Garcia*, 413 F.3d 201, 216 (2d Cir. 2004) ("the foundation requirements of Rule 701 do not permit a law enforcement agent to testify to an opinion so based and formed if the agent's reasoning process depended, in whole or in part, on his specialized training and experience.").

But a statement introduced for its effect on the listener is not hearsay, *United States v. Dupree*, 706 F.3d 131, 136 (2d Cir. 2013) ("Thus, a statement offered to show its effect on the listener is not hearsay"), and can be otherwise admissible, even if not proper lay opinion testimony. *See e.g.*, *Rivera v. Incorporated Village of Farmingdale*, 29 F. Supp. 3d 121, 135 n.18 (E.D.N.Y. 2013) (finding that evidence was admissible and relevant for the non-hearsay purpose of showing the defendant's state of mind and thus declining to reach the defendant's Rule 701 objection); *HLT Existing Franchise Holding LLC v. Worcester Hosp. Grp., LLC*, 609 F. App'x 669, 671 (2d Cir. 2015) (finding that guests' survey responses that would otherwise be hearsay if admitted for the truth of the matter asserted in the statement were admissible "because those responses were admitted solely for the purpose of showing their effect on HLT's decision to terminate the franchising agreement." (citing *Dupree,* 706 F.3d at 136 ("[A] statement offered to show its effect on the listener is not hearsay."))); *McEvoy v. Fairfield Univ.*, No. 3:17-CV-1861 (MPS), 2019 WL 5579375, at *2 (D. Conn. Oct. 29, 2019), aff'd, 844 F. App'x 420 (2d Cir. 2021) (finding that testimony that would otherwise be hearsay was admissible because "[t]he [c]ourt does not rely on Dr. Sapp's statements for their truth, but rather for their effect on Dr. Williams, who was involved in the decision not to renew Dr. McEvoy's appointment." (citing *Dupree,* 706 F.3d at 136 ("[A] statement offered to show its effect on the listener is not hearsay."))).

Thus, Mr. Lillis' testimony can be properly admitted for the purpose of its effect on the listener rather than as lay opinion testimony.

As to the alleged prejudicial effect of allowing this testimony, this can be addressed by limiting the scope of any testimony from Mr. Lillis to testimony about what he did during the course of the criminal investigation of the case at the time, and what he told other members of the New Milford Police Department about his views on Mr. Birch's innocence, and nothing more. Unless Mr. Lillis conveyed the basis for these opinion to other members of the New Milford Police Department, Mr. Lillis cannot testify beyond that, unless and until the Town Defendants open the door otherwise. With this limitation, any Lillis testimony can be limited to non-hearsay statements and the case would properly focus on what certain officers knew (or did not know) when, and what they did (or did not do) with that information surrounding the culpability of Mr. Birch, without unduly prejudicing the rights of the Town Defendants. *See e.g.*, *Costantino v. David M. Herzog, M.D., P.C.*, 203 F.3d 164, 175 (2d Cir. 2000) ("Because virtually all evidence is prejudicial to one party or another, to justify exclusion under Rule 403, the prejudice must be unfair . . . [and involve] some adverse effect beyond tending to prove a fact or issue that justifies admission."); *see also Iverson v. Surber*, 800 F. App'x 50, 52 (2d Cir. 2020) ("Prejudice under [Rule 403] means unfair rather than harmful.").

Accordingly, the Town Defendants' motion will be granted in part, and denied in part, consistent with this opinion.

### 3. The Motion to Exclude Evidence, Testimony, or Arguments Related to Third-Party Culpability for The Murder of Everett Carr

Third-party culpability evidence, like all evidence, "is subject to the general balancing rule of [Federal Rule of Evidence] 403, which provides that 'evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Cameron*, 598 F.3d at 62 (quoting Fed. R. Evid. 403).

The Town Defendants argue that evidence of a third-party's culpability for the murder of Everett Carr should be excluded because it would (1) distract the jury from the actual claims of the trial, and (2) unnecessarily expand the trial. *See* ECF No. 226 at 6. The Town Defendants argue that any evidence of third-party culpability as to the murder of Mr. Carr would be irrelevant to Mr. Birch's claims about his right to a fair trial, because the testimony and evidence of third-party conduct was known and available at the time of the criminal trial. The Town Defendants argue that the evidence would be too speculative, open the door to a trial on the murder of Mr. Carr, and just generally be overly prejudicial. *See* ECF No. 226 at 4–8.

Mr. Birch argues in response that such evidence is relevant to "(1) Defendants' motive and/or states of mind in suppressing exculpatory evidence and failing to intervene in an improperly suggestive witness interview; (2) Defendants' breach of duty, and the foreseeability and severity of Plaintiffs' emotional distress; (3) the extent of Plaintiffs' emotional harm and damages from being incarcerated for a crime of which they are completely innocent; and (4) the weakness of the case against Plaintiffs and thus the materiality of the withheld exculpatory evidence" and if such evidence is excluded it would prejudice Mr. Birch in meeting his burden of proof. *See* ECF No. 245 at 1.

The Town Defendants reply by arguing that such evidence is again not relevant and would be unfairly prejudicial to the Defendants. ECF No. 252 at 1–3.

The Court disagrees, in part.

In order to prove his *Brady* claims, Mr. Birch must prove that: "(1) Defendant Jordan, either willfully or inadvertently, suppressed the $1,000 [found at the crime scene]; (2) the

evidence at issue was favorable to Plaintiffs; and (3) the failure to disclose this evidence resulted in prejudice." *Henning v. Town of New Milford*, No, 20-cv-1790 (VAB), 2021 WL 4940970, at *13 (D. Conn. Sept. 24, 2021). In order to prove his failure to intervene/fabrication of evidence claim, Mr. Birch must show that "an (1) investigating official (2) fabricated evidence (3) that is likely to influence a jury's decision, (4) forwarded that information to prosecutors, and (5) the plaintiff suffered a deprivation of liberty as a result." *Birch v. Town of New Milford*, No. 3:20-CV-1790 (VAB), 2023 WL 4684720, at *21 (D. Conn. July 21, 2023).

To the extent that third-party culpability evidence can be properly linked to either of these claims, and a proper evidentiary foundation is laid for the admissibility of this evidence, *i.e.,* that the Defendants knew about this evidence, and rather than properly evaluate this evidence choose instead to either willfully or inadvertently suppress the significance of the $1,000 found at the crime scene, or rely on other fabricated evidence, then this evidence may be admissible. *See e.g.*, *United States v. Krumwiede*, No. 3:18-CR-00274-IM, 2021 WL 1720266, at *2 (D. Or. May 1, 2021) (finding that third-party culpability evidence would be relevant and admissible to prove "the third party's intent, ability, motive, and/or opportunity to possess and distribute methamphetamine with intent to deliver, and to possess firearms" and that the evidence would also be "relevant and supports Defendant's theory that the Government 'got the wrong guy' by making it at least somewhat less likely that Defendant had the knowledge and/or intent required to commit the charged acts."); *contra United States v. Wells*, 879 F.3d 900, 937 (9th Cir. 2018) ("At trial, Wells sought to introduce evidence of an alternative perpetrator, Jason Barnum. The district court allowed Wells to proffer the testimony of Mr. Barnum himself, along with seven other witnesses, in an attempt to show some logical connection to any of the facts in this case. Despite multiple witness proffers, Wells was never able to elicit any testimony that Barnum

knew any of the victims or the victims' families or that he had any connection to, or familiarity

with, the COMMSTA facility. The district court . . . found that Mr. Barnum had 'nothing

meaningful, reliable, or relevant to offer.' Having probed the proffered testimony ourselves, we

agree with the district court that it has no probative value.").

Accordingly, the Court will deny this motion by the Town Defendants without prejudice

to renewal at trial, consistent with this opinion.

> *4.  The Motion to Exclude Evidence, Testimony, or Arguments Regarding*
> *Witnesses Who Subsequently Recanted Their Testimony or Statements*
> *Following the Criminal Trial for The Murder of Everrett Carr*

All testimony, including testimony from those who subsequently recanted their prior

statements or testimony "is subject to the general balancing rule of [Federal Rule of Evidence]

403, which provides that 'evidence may be excluded if its probative value is substantially

outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by

considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'"

*Cameron*, 598 F.3d at 62 (quoting Fed. R. Evid. 403).

The Town Defendants argue that all evidence, testimony, and argument about witnesses

who have subsequently recanted their testimony or statements following the criminal trial should

be excluded. ECF No. 227 at 1. They state that, as to Detective Shortt's liability, the fact that

Todd Cocchia recanted his statements after the criminal trial would be irrelevant because that

claim is premised on what Detective Shortt and the involved parties' knowledge at the time of

the interview on July 12, 1988, not information about recanted testimony that occurred years

later. *See* ECF No. 227 at 3–4. The Town Defendants further argue that there is nothing

connecting Mr. Perugini to the fabrication of evidence claim against Detective Shortt other than

Detective Ocif's involvement as the detective that interviewed Mr. Perugini, and that introducing evidence that Mr. Perugini has changed his testimony could only be used for the improper purpose of propensity evidence. *See* ECF No. 227 at 5 (citing Fed. R. Evid. 404 (b) ("[e]vidence of other crimes, wrong, or acts is not admissible to prove the character of a person in order to show action in conformity therewith").

Mr. Birch responds that recanted testimony evidence should not be precluded from trial because it is highly probative on the question of the Defendants' liability for evidence fabrication, and the issue of damages. ECF No. 235 at 1, 5. Mr. Birch argues that this evidence would be not used as improper propensity character evidence, but rather to show that Detective Ocif's intent through a pattern of misconduct during the Carr murder investigation. *See id.* at 3.

The Town Defendants reply by arguing that recanted witness testimony years after a criminal trial is wholly irrelevant to the issue at trial. *See* ECF No. 253 at 1.

The Court disagrees.

At trial, relevant to this motion *in limine*, Mr. Birch must prove (1) "that State Police Detective Ocif knowingly elicited false information in violation of Mr. Birch's constitutional right to a fair trial," ECF No. 235 at 1 (citing *Birch v. Town of New Milford*, No. 3:20-CV-1790 (VAB), 2023 WL 4684720, at *41 (D. Conn. July 21, 2023), and (2) "that Detective Shortt knew or had reason to know that Ocif was unconstitutionally fabricating evidence and had 'a realistic opportunity to intervene but fail[ed] to do so.'" ECF No. 235 at 2 (quoting Birch, 2023 WL 4684720, at *21 (internal quotation marks omitted)).

As Mr. Birch correctly states, since one of the claims he must prove at trial is "that State Police Detective Ocif knowingly elicited false information in violation of Mr. Birch's constitutional right to a fair trial," ECF No. 235 at 1 (citing *Birch v. Town of New Milford*, No.

3:20-CV-1790 (VAB), 2023 WL 4684720, at *41 (D. Conn. July 21, 2023)), Mr. Cocchia's

admission of supplying the police with false information would be the "most relevant evidence"

that Detective Ocif fabricated evidence during the interview of Mr. Cocchia. *See* ECF No. 235 at

2. While recanted testimony evidence that was only recanted after the trial was over could

certainly be irrelevant to the Detectives' knowledge before trial, the fact that the recanted

testimony was false at the time it was given could be probative to whether the detectives,

specifically Detective Shortt knew or had reason to know that Detective Ocif was fabricating

evidence. *See e.g., Rubalcava v. City of San Jose*, No. 20-CV-04191-BLF, 2024 WL 2031641, at

*2 (N.D. Cal. May 6, 2024) (finding that after-acquired "evidence that Plaintiff in fact is

innocent is relevant to Plaintiff's claim that Defendants violated Plaintiff's rights by falsifying

their police reports" because "facts not known to officer defendants at the time of the conduct

giving rise to the plaintiff's claims may be relevant to a determination of liability" since "the

existence of some underlying fact tends to make it more likely that a person knew or should have

known that fact" (internal quotation marks omitted) (citing *Crawford v. City of Bakersfield*, 944

F.3d 1070, 1077 (9th Cir. 2019))).

And using a pattern of misconduct to show an officer's intent is not improper propensity

evidence, but rather a proper evidentiary purpose. *See e.g., Alberty v. Hunter*, 343 F.R.D. 1, 17

(D. Conn. 2022) (finding that "the defendant [officers'] disciplinary records may be relevant to

the claims raised here, and thus discoverable, on the theory that they may be used to prove the

defendants' intent") (citing Fed. R. Civ. P. 404(b)(2)).

While the Town Defendants argue that Mr. Cocchia's testimony would impact the

emotions of the jury rather than permitting them to truly determine Mr. Shortt's liability, because

Mr. Birch has shown that this evidence could be probative and could be introduced for a proper

purpose, and since the Town Defendants have not shown that Mr. Perugini's testimony is clearly inadmissible on all potential grounds, it will not be excluded at this stage. *See Levinson*, 2013 WL 3280013, at *3 ("A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds.").

Accordingly, the Court will deny this motion by the Town Defendants without prejudice for renewal at trial.[2]

## B. Mr. Birch's Motions *in Limine*

Mr. Birch seeks to: (1) instruct the jury that the town will indemnify Defendants Jordan and Shortt as a matter of law, ECF No. 222 at 1, (2) suggest a specific damages figure to the jury, ECF No. 217 at 1, (3) preclude any evidence of Plaintiffs' convictions from the 1980s, ECF No. 218 at 1, (4) preclude any reference to past litigation advances received and repaid by Plaintiffs after their release from incarceration, ECF No. 219 at 1, (5) exclude evidence of the settlement with the State Defendants and to issue an appropriate limiting jury instruction, ECF No. 220 at 1, (6) preclude Defendants' governmental immunity defense in relation to negligence claims based upon suppression of exculpatory evidence, ECF No. 221 at 1, (7) preclude Defendants from eliciting privileged information or expert opinion testimony concerning the materiality of suppressed evidence from testifying attorneys, ECF No. 223 at 1, and (8) prohibit speculation, ECF No. 224 at 1.

The Court will address each of these requests in turn.

---

[2] In denying this motion *in limine*, the Court is not assuming or deciding that Mr. Birch will necessarily be able to introduce evidence of the recanted testimony, but rather that he will not be excluded from attempting to introduce such evidence at this time. *See e.g.*, *Levinson*, 2013 WL 3280013, at *3 ("A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds."). In order to properly introduce such evidence, Mr. Birch must first lay a proper evidentiary foundation for such evidence. *See e.g.*, *Jo v. JPMC Specialty Mortg., LLC*, 369 F. Supp. 3d 511, 516 (W.D.N.Y. 2019), *aff'd*, 818 F. App'x 103 (2d Cir. 2020) ("The denial of a motion *in limine* to preclude evidence in no way eliminates the proponent's burden to lay a proper evidentiary foundation and otherwise demonstrate the admissibility of that evidence at trial.").

1.  *The Motion to Instruct the Jury That the Town Will Indemnify Defendants*

    *Jordan and Shortt as A Matter of Law*

Generally, courts preclude references to indemnification obligations as they can risk

unfairly prejudicing defendants. *See Williams v. McCarthy*, No. 05-CV-10230 (SAS), 2007 WL

3125314, at *7 n.46 (S.D.N.Y. Oct. 25, 2007) (noting that courts generally "exclude evidence of

indemnification out of a fear that it will encourage a jury to inflate its damages award because it

knows the government—not the individual defendants—is footing the bill" (quoting *Lawson v.

Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998), *and citing Larez v. Holcomb*, 16 F.3d 1513, 1518

(9th Cir. 1994) *and Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967)); *see also Nunez v.

Diedrick*, No. 14-CV-4182 (RJS), 2017 WL 4350572, at *2 (S.D.N.Y. June 12, 2017) ("[A]ny

references to the City's potential indemnification obligations run the significant risk of unfairly

prejudicing Defendant."); *Hernandez v. Kelly*, No. 09-CV-1576 (TLM), 2011 WL 2117611, at

*6 (E.D.N.Y. May 27, 2011) (finding that evidence regarding the City's potential indemnification

of defendant police officers would be prejudicial against the defendants).

Under Conn. Gen. Stat. § 7-465, courts have found that, if a jury decides that a municipal

employee is liable for actions within the duty of their employment and their actions were not

willful and wanton, then Conn. Gen. Stat. § 7-465 requires the municipality to indemnify that

employee, and the jury should be instructed on this possible outcome. *See e.g.*, *Martin v. City of

Hartford*, No. 3:14-CV-1350 (MPS), 2017 WL 1088084, at *2 (D. Conn. Mar. 22, 2017) ("The

Court notes that under C[onn].G[en].S[tats]. § 7-465, the municipality's duty to indemnify

attaches only when the employee is found to be liable and the employee's actions do not fall

within the exception for willful and wanton acts, and the jury will be instructed in accordance

with this principle.") (internal quotations removed); Conn. Gen. Stat. § 7-465 ("Any town, city

or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded for infringement of any person's civil rights . . . if the employee, at the time of the occurrence, accident, physical injury or damages complained of, was acting in the performance of his duties and within the scope of his employment, and if such occurrence, accident, physical injury or damage was not the result of any willful or wanton act of such employee in the discharge of such duty.").

Mr. Birch argues that the jury should be instructed that the Town would indemnify Defendants Jordan or Shortt, if they find that they violated Mr. Birch's civil rights because the Town of New Milford represented to the Court that it "continues to defend and indemnify the Town Defendants" in its response to Mr. Birch's application for prejudgment remedies. *See* ECF Nos. 168, 169, and 185-1, ¶ 4, and because the Town "made these representations and having benefited from them, the Town is equitably estopped from denying its liability for indemnification at trial." *See* ECF No. 222-1 at 2.

The Town Defendants respond that generally courts within the Second Circuit "have consistently held that evidence of indemnification is inadmissible, and reference to potential indemnification is prejudicial." ECF No. 239 at 1. And that while there are exceptions to the rule for punitive damages and proffering of evidence of financial resources, given that "it is not expected that Plaintiffs are seeking punitive damages, and certainly there has been no such award of punitive damages, and Defendants will not be offering evidence of personal financial resources," there is no need to instruct the jury on indemnification in this case. *Id.* at 4.

Mr. Birch replies that because he has a cause of action for indemnification under Connecticut General Statutes § 7-465 to be decided by the jury and that "[t]o the extent the Court

is disinclined to tell the jury that the Town will indemnify the officers to avoid potential

prejudice, it should nonetheless conclusively rule that the Town is liable to indemnify Jordan

and/or Shortt against any judgment. If the Court adopts neither of these options, it would need to

submit the issue to the jury for its decision." ECF No. 248 at 3.

      The Court disagrees.

      If the jury in this case finds Jordan or Shortt liable for actions within the duty of their

employment and their actions were not willful and wanton, then the Town will have to indemnify

Jordan and Shortt, given Mr. Birch's cause of action for indemnification under Connecticut

General Statutes § 7-465. *See e.g.*, *Myers v. City of Hartford*, 84 Conn. App. 395, 401, 853 A.2d

621, 625 (2004) ("Section 7–465 is an indemnity statute; it does not create liability. Under § 7–

465, the municipality's duty to indemnify attaches only when the employee is found to be liable

and the employee's actions do not fall within the exception for willful and wanton acts."). Even if

the jury were to find Jordan and Shortt so liable, there is no reason to instruct the jury about any

potential indemnification, given the potential prejudice accompanying any such instruction. *See,

e.g., Nunez*, 2017 WL 4350572, at *2 ("[A]ny references to the City's potential indemnification

obligations run the significant risk of unfairly prejudicing Defendant.")

      Accordingly, Mr. Birch's motion will be denied.

      *2.  Motion to Suggest a Specific Damages Figure to The Jury*

      The decision of whether to permit a party to argue for a specific amount of damages "is

best left to the discretion of the trial judge, who may either prohibit counsel from mentioning

specific figures or impose reasonable limitations, including cautionary jury instructions."

*Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997); *Lupia v. N.J. Transit Rail

Ops., Inc.*, 110 F.4th 450, 455 n.19 (2d Cir. 2024) (reaffirming the flexible approach set forth in

*Lightfoot*). However, "specifying target amounts for the jury to award is disfavored. Such suggestions anchor the jurors' expectations of a fair award at a place set by counsel, rather than by evidence." *Consorti v. Armstrong World Indus., Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995) (citation omitted).

Mr. Birch argues that he should be allowed to suggest a specific damages award to the jury because it is within the district court's discretion, district courts routinely allow such suggestions, and "[c]oncerns about the weight of such a suggestion are appropriately addressed by a limiting instruction stating that numbers offered by counsel are merely a suggestion and the jury should make its own assessment of damages based on the evidence." *See* ECF 217-1 at 1–2.

The Town Defendants argue in opposition that such suggestions are generally disfavored, and that "[a]llowing counsel to suggest a damages figure will only stoke the emotions of the jury regardless of whether a limiting instruction is given." ECF No. 243 at 2–3.

The Court disagrees, in part.

Following the discretion given to district courts by the Second Circuit, this Court will take up this issue again following the close of evidence. It will determine at that time whether to permit Mr. Birch to suggest a specific damages award, and if so, what cautionary jury instructions are necessary. *See Lupia*, 110 F.4th at 455 n.19 (reaffirming the flexible approach and discretion given to district court judges on suggestions of specific amount of damaged set forth in *Lightfoot*).

Accordingly, the Court will deny this motion by Mr. Birch without prejudice to renewal at trial.

> 3. *The Motion to Preclude Any Evidence of Plaintiffs' Convictions from the 1980s*

Rule 609(a)(1) of the Federal Rules of Evidence provides that, in a civil case, "subject to Rule 403," evidence of a prior conviction "must be admitted" to impeach a witness where the conviction was "for a crime that, in the convicting jurisdiction, was punishable ... by imprisonment for more than one year." Fed. R. Evid. 609(a)(1). The applicability of these rules is limited, however, by Rule 609(b), which provides that "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later[,] ... [e]vidence of the conviction is admissible only if ... its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect ...." Fed. R. Evid. 609(b)(1).

In reviewing the admissibility of convictions under Rule 609(b), courts must "make an on-the-record finding based on specific facts and circumstances that the probative value of the evidence substantially outweighs the danger of unfair prejudice." *Jones v. N.Y. City Health & Hosps. Corp.*, 102 F. App'x 223, 226 (2d Cir. 2004) (summary order) (quoting *United States v. Mahler*, 579 F.2d 730, 734 (2d Cir. 1978)). Courts determine whether a conviction falls within the 10-year restriction by looking at the time from release from incarceration to the time of trial. *See Jeanty v. Cerminaro*, No. 6:16-cv-00966 (BKS/TWD), 2021 WL 2778572, at *2 (N.D.N.Y. July 2, 2021) ("[C]ourts in this Circuit typically measure [Rule 609(b)'s] ten-year lookback period from the time of trial."); *United States v. Bumagin*, 136 F. Supp. 3d 361, 377 (E.D.N.Y. 2015) ("Rule 609(b) is not implicated by these convictions[,] as Defendant was release[d] from incarceration ... less than ten years before trial will begin in this case.").

Rule 609(d) of the Federal Rules of Evidence provide that juvenile adjudications are generally inadmissible unless: "(1) it is offered in a criminal case; (2) the adjudication was of a witness other than the defendant; (3) an adult's conviction for that offense would be admissible to

attack the adult's credibility; and (4) admitting the evidence is necessary to fairly determine guilt or innocence."

Outside of Rule 609, "[c]ourts may admit evidence of prior bad acts if the evidence is relevant to an issue at trial other than the defendant's character, and if the probative value of the evidence is not substantially outweighed by the risk of unfair prejudice." *United States v. Barret*, 677 F. App'x 21, 23 (2d Cir. 2017) (summary order) (citing *United States v. Morrison*, 153 F.3d 34, 57 (2d Cir. 1998)) (internal quotations omitted). Further, the Second Circuit "follows the 'inclusionary' approach, which admits all 'other act' evidence that does not serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011).

Mr. Birch argues for the preclusion of (1) any evidence about Mr. Birch and Mr. Henning's convictions from the 1980s under Federal Rule of Evidence 609(b) and because the jury will be informed about their lives generally and "[a]dmitting evidence of their specific offenses of conviction or their number of convictions would have marginal, if any, additional probative value," and (2) any evidence referencing Mr. Henning's prior convictions under Federal Rule of Evidence 609(d) because they are youthful offender adjudications.

The Town Defendants respond that all evidence of the convictions that led up to the murder of Ms. Carr should not be excluded as they are "pertinent as to how the Plaintiffs became suspects and influenced the investigation of the case." ECF No. 241 at 1.

The Court disagrees, in part.

First, because this is a civil case and not a criminal case, Mr. Henning's youthful offender adjudications are inadmissible. *See* Fed. R. Evid. 609(d)(1) ("Evidence of a juvenile adjudication is admissible under this rule only if: it is offered in a criminal case . . ."). But, given the

26

settlement of all claims between Mr. Henning and the Town Defendants, any issues relating to him are not sufficiently probative of the remaining claims.

Second, to the extent that the Town Defendants want to introduce evidence of criminal convictions of Mr. Birch from the 1980s, those convictions fall within the 10-year limitation of Rule 609(b) and the Town Defendants could only have such evidence admitted if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1). To the extent that the Town Defendants want to introduce other bad act evidence that are not criminal convictions, such evidence would have to be shown to not be relevant to character and the "probative value of the evidence [cannot be] substantially outweighed by the risk of unfair prejudice." *Barret*, 677 F. App'x at 23 (citing *Morrison*, 153 F.3d at 57).

In any event, any evidence of any past convictions or alleged criminal activity by Mr. Birch only will be admissible to the extent that it relates to the underlying investigations of the Carr murder at the time, and the reliance of the New Milford Police Department on any such knowledge as part of their investigations. Because the necessary balancing of these interests will be specific to the evidence that the Town Defendants wishes to introduce, the Court will reserve judgment on such evidence until trial. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) ("[C]ourts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.") (internal citation omitted).

Accordingly, Mr. Birch's motion will be granted in part with respect to evidence of Mr. Henning's youthful offender adjudications and denied in part without prejudice to renewal at trial in regard to any other convictions or other allegedly bad acts of Mr. Birch.

>    4.  *The Motion to Preclude Any Reference to Past Litigation Advances Received and Repaid by Plaintiffs After Their Release from Incarceration*

Like any other piece of evidence, any reference to past litigation advances "is subject to the general balancing rule of [Federal Rule of Evidence] 403, which provides that 'evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010) (quoting Fed. R. Evid. 403).

Mr. Birch argues that any reference to his or Mr. Henning's past litigation advances should be precluded because such information "is irrelevant to any issue in dispute, including their damages, and risks confusing the jury into artificially reducing Plaintiffs' damages." ECF No. 219-1 at 1.

The Town Defendants have not filed any opposition to this motion.

For the reasons listed in Mr. Birch's filing and because any such evidence would be irrelevant and potentially prejudicial since those advances have already been repaid, any such references to past litigation advances will be excluded. *See e.g.*, *Bancor Grp. Inc. v. Rodriguez*, No. 22-CV-20201, 2023 WL 6310233, at *13 (S.D. Fla. June 13, 2023) ("Plaintiffs maintain that their counsel have accepted this case on a contingency-fee basis and that the Investor Group has helped cover some of the costs of the litigation. Plaintiffs seek to exclude any reference to the source of this litigation's funding because it is irrelevant and unfairly prejudicial. We agree that litigation funding has no bearing on [the claims in the case] and so it should be excluded as irrelevant. . . . the only instance in which we can imagine that evidence regarding this litigation's funding is properly admissible would be to challenge the credibility of a potentially biased

28

witness."); *MGI Digital Tech. S.A. v. Duplo U.S.A. Corp.*, 2 No. 22-CV-979, 2024 WL 655481, at *8 (C.D. Cal. Jan. 26, 2024) (granting motion *in limine* to preclude reference to third-party litigation funding); *Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-CV-201, 2017 WL 2773944, at *1 (E.D. Tex. May 26, 2017) (same).

Accordingly, Mr. Birch's motion will be granted.

5. *The Motion to Exclude Evidence of The Settlement with The State Defendants and To Issue an Appropriate Limiting Jury Instruction*

Courts routinely exclude "evidence relating to previous litigation involving one or both of the same parties" where the merits of those prior litigations would "become inextricably intertwined with the case at bar." *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007); *see also New Am. Mktg. FSI LLC v. MGA Entm't, Inc.*, 187 F. Supp. 3d 476, 481 (S.D.N.Y. 2016) ("The Court agrees with plaintiffs that evidence of other litigation to which NAM is a party would be irrelevant to this matter and unduly prejudicial to NAM."). Also, under Connecticut law, "release of a tortfeasor in any cause of action shall not be read to a jury or in any other way introduced in evidence by either party at any time during the trial of the cause of action against any other joint tortfeasors, nor shall any other agreement not to sue or release of claim among any plaintiffs or defendants in the action be read or in any other way introduced to a jury." Conn. Gen. Stat. § 52-216a.

Mr. Birch argues that the Court should exclude evidence of a settlement with the State Defendants because (1) the prior settlement is irrelevant, and (2) state law requires that the settlement of Mr. Birch's state law claims to be kept from the jury. ECF No. 220-1 at 2. Mr. Birch also requests an accompanying jury instruction. *See id*.

The Town Defendants respond that they should be allowed to "question the Plaintiffs about their claims against the other settled-out state defendants as those prior claims have a direct bearing on the remaining claims." ECF No. 242 at 1.

Mr. Birch replies that the Town Defendants questioning should not be allowed as "[a]ny such testimony [from Mr. Birch and Mr. Henning] would be speculative and irrelevant, while also prejudicially circumventing the nondisclosure of the settlement itself." ECF No. 250 at 1.

The Court agrees.

Because the claims against the State Defendants are so inextricably tied with the claims headed to trial against the Town Defendants, the Court will exclude any evidence, reference, or testimony related to the settlement with the State Defendants in order to prevent the risk that "the jury might [] [feel] a strong compulsion to conform their verdict" with that of the settlement. *See Arlio*, 474 F.3d at 53; *Rahman v. Lee*, No. 23-CV-5665 (LAP), 2024 WL 4043697, at *3 (S.D.N.Y. Sept. 4, 2024) ("Where, as here, the issues in dispute in the separate litigation are similar to the issues to be disputed at trial, the jury could easily confuse any evidence regarding the merits of the other lawsuit with the merits of the instant case, causing undue prejudice to Defendant.") (internal quotations omitted) (citing *Arlio*, 474 F.3d at 53).

Accordingly, Mr. Birch's motion will be granted in part, to the extent that the Town Defendants will be precluded from introducing any evidence regarding the settlement with the State Defendants but denied without prejudice to renewal regarding any proposed jury instruction.[3]

---

[3] At this point, however, the Court sees no reason to mention or have the jury be informed of the settlement with the State Defendants in any way.

6.   *The Motion to Preclude Defendants' Governmental Immunity Defense in Relation to Negligence Claims Based Upon Suppression of Exculpatory Evidence*

Municipal employees maintain "qualified immunity in the performance of a governmental duty, but [] may be liable if [they] misperform[] a ministerial act, as opposed to a discretionary act...." *Durrant v. Bd. of Educ.*, 931 A.2d 859, 862 n.4 (Conn. 2007) (citation omitted). "[M]inisterial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." *Id.* (citation omitted). "[Connecticut] courts consistently have held that to demonstrate the existence of a ministerial duty on the part of a municipality and its agents, a plaintiff ordinarily must point to some statute, city charter provision, ordinance, regulation, rule, policy, or other directive that, by its clear language, compels a municipal employee to act in a prescribed manner, without the exercise of judgment or discretion." *Doe v. City of New Haven*, 281 A.3d 480, 495 (Conn. App. Ct. 2022) (quoting *Kusy v. City of Norwich*, 217 A.3d 31, 35–36 (Conn. App. Ct. 2019)). A ministerial act may require a predicate determination on the specific facts at issue. *See Bonington v. Westport*, 999 A.2d 700, 709 (Conn. 2010) ("[E]ven when the duty to respond to a violation of law is ministerial because that specific *response* is mandated, the predicate act—determining whether a violation of law exists—generally is deemed to be a discretionary act" [emphasis in original]); *Wisniewski v. Town of Darien*, 42 A.3d 436, 444 (Conn. App. Ct. 2012) ("Although *Bonington* provides that a predicate discretionary determination as to specific facts at issue often precedes any subsequent ministerial response to those facts, the present matter is distinguishable.").

Mr. Birch argues that the Court should "hold that Defendant Jordan had a ministerial duty to disclose exculpatory information to the prosecutor as a matter of law, foreclosing any

governmental immunity defense to Plaintiffs' negligence claims arising from Jordan's failure to make such disclosure." ECF No. 221-1 at 1. In his view, "there is a question of fact for the jury here as to whether the $1,000 was in fact 'exculpatory' and thus within the scope of the ministerial duty, just as there was in [the Connecticut Supreme Court's decision] in *Cole* [*v. City of New Haven*, 337 Conn. 326 (2020)] a question of fact as to whether the police officer's driving techniques constituted a forbidden roadblock of pursuit." *Id.* at 3. And "if the jury finds that the factual predicate is met and the $1,000 was exculpatory – as it must be for Plaintiffs to prevail on their claims about it – it follows as a matter of law that Jordan had a ministerial duty to disclose it. To the extent the jury finds Jordan liable on this claim, he is therefore not entitled to have the jury instructed on the defense of governmental immunity." *Id.*

The Town Defendants argue that, because officers have broad discretion in first determining whether information or materials are exculpatory, it would not count as a ministerial duty for which the Defendants could not claim government immunity. *See* ECF No. 238. They further argue that: "the mystery of where the thousand dollars located and whether Detective Jordan would have known the existence of the thousand dollars was exculpatory must be answered before Defendant Jordan is stripped of his entitlement of governmental immunity." *Id.* at 3. Similarly, "Detective Shortt must have been aware that Detective Ocif employed improper tactics to force Cocchia to provide a statement that is false, and Shortt knew was false, before he would have a duty to intervene. That must be determined before he can be denied his entitlement to governmental immunity." *Id.*

Mr. Birch replies that, despite the fact that officers have discretion in determining what materials are exculpatory, a "ministerial duty to disclose certain information can exist even where the factual predicate needed to trigger that duty depends to some degree on the

defendant's perception and judgment." ECF No. 249 at 2. In his view, "[i]t is for the jury to determine whether the factual predicate to the ministerial duty is satisfied: Was the $1,000 cash exculpatory? If the evidence is not exculpatory, Jordan wins on the merits. If the evidence is exculpatory, then the law is mistakably clear: Jordan had a ministerial duty to disclose it in writing to the prosecutorial official in charge of the case. To the extent the jury finds in Plaintiff's favor on these claims, Jordan therefore has no governmental immunity defense because the jury has necessarily found the factual predicate to his ministerial duty to be met." *Id.*

The Court agrees.

"[T]o demonstrate the existence of a ministerial duty on the part of a municipality and its agents, a plaintiff ordinarily must point to some statute, city charter provision, ordinance, regulation, rule, policy, or other directive that, by its clear language, compels a municipal employee to act in a prescribed manner, without the exercise of judgment or discretion." *Durrant*, 284 Conn. at 95 n.4 (2007). On the issue of exculpatory evidence, Mr. Birch has done precisely that.

Under Connecticut law, law enforcement officers are required by statute to turn over exculpatory evidence. *See* Connecticut General Statutes § 54-86c(c) ("Each peace officer . . . shall disclose in writing any exculpatory information or material which he may have with respect to any criminal investigation to the prosecutorial official in charge of such case."); *see also* Excerpt of Town of New Milford Police Operations Manual, Pl. Dep. Ex. 28, Section 2.3.27, ECF No. 221-2 at 4 (forbidding officers from "withholding . . . any evidence"). Indeed, the Town of New Milford's designated representative testified that its police officers did not have discretion as to whether to comply with these statutory and policy obligations. *See* Excerpt of Transcript of Rule 30(b)(6) Deposition of Town of New Milford, ECF No. 221-3 at 3, Tr. 152:3–

33

5. ("Q: Officers don't have discretion whether to comply with these obligations do they? A: No."). Thus, under Connecticut law, Detective Jordan had a ministerial duty to disclose the $1000, if the money was exculpatory.

And, just as in *Cole*, where there was "a genuine issue of material fact with respect to the predicate for a ministerial duty, namely, whether a 'pursuit' occurred," 253 A.2d at 486 (citation omitted), requiring resolution by a jury, there is a "genuine issue of material fact" for a jury to resolve here: whether the $1000 was exculpatory evidence, and if so, did Detective Jordan violate his ministerial duty to disclose it. *Cf. id.* at 484 ("We agree, however, with the plaintiffs and conclude that the trial court improperly granted the defendants' motion for summary judgment because the plaintiff has established the existence of a ministerial duty under the applicable city and state policies and because a genuine issue of fact exists with respect to the factual predicate for that ministerial duty."); *id.* at 488 ("When the facts are viewed in the light most favorable to the plaintiff, we conclude that [the police sergeant's] testimony, in combination with the General Order and the Statewide Policy, establishes the existence of a ministerial duty as a matter of law not to use a complete roadblock maneuver to stop the plaintiff simply for violating the city's ordinances, and also provides evidence from which a reasonable fact finder could conclude that [the defendant police officer] violated that ministerial duty.").

The Connecticut Supreme Court's application of this principle in *Cole* is consistent with the precedent from Connecticut courts for many years. *See, e.g. Bonington*, 999 A.2d at 707 ("[T]he ultimate determination of whether qualified immunity applies is ordinarily a question of law for the court . . . [unless] there are unresolved factual issues material to the applicability of the defense . . . [where the] resolution of those factual issues is properly left to the jury."); *id.* at 709 ("A ministerial duty on the part of an official often follows a quasi-judicial determination by

34

that official as to the existence of a state of facts. Although the determination itself involves the exercise of judgment, and therefore is not a ministerial act, the duty of giving effect, by taking appropriate action, to the determination is often ministerial."); *Wright v. Brown*, 356 A.2d 176 (Conn. 1975) (determining whether dog had bitten person "involved the exercise of judgment, the subsequent duty to quarantine for fourteen days was mandatory and, therefore, ministerial"); *Leger v. Kelley*, 116 A.2d 429, 431 (Conn. 1955) ("The direction to the commissioner of motor vehicles to require some kind of safety glass as a prerequisite to registration left no room for the exercise of discretion to him. The duty imposed was ministerial.").

As a result, if the jury rules in Mr. Birch's favor on this claim against Detective Jordan, he cannot avoid liability through claiming governmental immunity. *See, e.g. Wright*, 356 A.2d at 180-181 ("Where the municipality through its agent or employee acts in the performance of a governmental duty, it has a limited immunity from liability; but when the act complained of is ministerial, the municipality is responsible for its negligent execution.").

Significantly, the Town Defendants do not suggest anything differently, and instead only want to ensure that the resolution of the immunity issue does not happen before the jury decides the underlying merits of Mr. Birch's claims. *See* ECF No. 238 at 3 ("where the thousand dollars was located and whether Detective Jordan would have known the existence of the thousand dollars was exculpatory must be answered before Defendant Jordan is stripped of his entitlement of governmental immunity."); *id.* ("Detective Shortt must have been aware that Detective Ocif employed improper tactics to force Cocchia to provide a statement that is false, and Shortt knew was false, before he would have a duty to intervene. That must be determined before he can be denied his entitlement to governmental immunity.")

Accordingly, Mr. Birch's motion to preclude Defendants' governmental immunity defense in relation to negligence claims based upon suppression of exculpatory evidence will be denied without prejudice to renewal, following the jury's determination of Mr. Birch's claims against Detective Jordan for the alleged failure to turn over exculpatory evidence.[4]

> 7. *The Motion to Preclude Defendants from Eliciting Privileged Information or Expert Opinion Testimony Concerning the Materiality of Suppressed Evidence from Testifying Attorneys*

Mr. Birch has moved to preclude the Town Defendants from eliciting both (1) privileged information or (2) expert opinion testimony concerning the materiality of suppressed evidence from testifying attorneys.

The Court will address both parts of this motion *in limine* in turn.

> 1.  Precluding Defendants from Eliciting Privileged Information

"Both attorney-client privilege and work-product immunity 'may implicitly be waived when [a party] asserts a claim that in fairness requires examination of protected communications.'" *DeAngels v. Corzine*, No. 11 Civ. 7866 (VM) (JCF), 2015 WL 585628, at *6 (S.D.N.Y. Feb. 9, 2015) (quoting *United States v. Blizerian*, 926 F.2d 1285, 1292 (2d Cir. 1991)); *see also John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003) ("It is well established doctrine that in certain circumstances, a party's assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted.") (citing *United States v. Nobles*, 422 U.S. 225, 95 S. Ct. 2160, 45 L. Ed. 2d 141 (1975)). In other words, the attorney-client privilege and work-product protection "cannot at once be used as a shield and a sword." *Blizerian*, 926 F.3d at

---

[4] Because the relevant motion *in limine* here does not discuss Mr. Birch's claims against Detective Shortt, the Court need not address that issue at this time.

1292; *see also DeAngels*, 2015 WL 585628 at \*6 (noting that "[t]he 'fairness doctrine' analysis applies to waiver of work-product protection just as it does to waiver of attorney-client privilege").

"Generally, [c]ourts have found waiver by implication when a client testifies concerning portions of the attorney-client communication, ... when a client places the attorney-client relationship directly at issue, ... and when a client asserts reliance on an attorney's advice as an element of a claim or defense...." *In re Cty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (internal quotation omitted). "The key to a finding of implied waiver in the third instance is some showing by the party arguing for a waiver that the opposing party *relies* on the privileged communication as a claim or defense or as an element of a claim or defense." *Id.* (emphasis original). "The assertion of an advice-of-counsel defense has been properly described as a quintessential example of an implied waiver of the privilege." *Id.* (internal quotation omitted).

The Second Circuit has, however, "made it clear that '[w]hether fairness requires disclosure has been decided ... on a case-by-case basis, and depends primarily on the specific context in which the privilege is asserted.'" *In re Cty. of Erie*, 546 F.3d at 229 (quoting *In re Grand Jury Proceedings*, 219 F.3d 175, 183 (2d Cir. 2000)). Specifically, waivers of privilege can and should be limited when that waiver was made in postconviction proceedings but where a party is attempting to extend that waiver to new wrongful conviction proceedings. *See e.g.*, *Horn v. City of New Haven*, No. 3:18-CV-1502, 2019 WL 3997095, at \*2 (D. Conn. Aug. 23, 2019) (prior privilege waiver in postconviction proceedings did not extend to follow-on wrongful conviction damages case, and privileges waived only to the extent relevant to "[plaintiff's] or his "trial counsel's knowledge of the allegedly exculpatory [evidence]").

Mr. Birch argues that the Town Defendants should be precluded from eliciting privileged information from Mr. Birch's former lawyer, Attorney Mencuccini, "except to the extent it bears on the limited issue of whether he or Mr. Birch knew about the $1,000 cash at the time." ECF No. 223-1 at 2.

The Town Defendants agree insofar as they believe that they "must be allowed to elicit testimony regarding his knowledge of alleged suppressed exculpatory evidence because the Plaintiffs' waived attorney-client privilege and the attorney work product doctrine by bringing a Brady claim." ECF No. 240 at 1.

The Court agrees as well.

For the reasons stated, Defendants shall not be able to elicit statements from Mr. Birch's former lawyer, Attorney Mencuccini, except to the extent it bears on the limited issue of whether he or Mr. Birch knew about the $1,000 cash at the time. *See* ECF No. 223-1 at 1–2.

Accordingly, this part of Mr. Birch's motion is granted.

2. Precluding Defendants from Eliciting Attorney Mencuccini or Assistant State's Attorney Shepack's Opinions Concerning the Materiality of Suppressed Evidence

"[E]vidence is considered material where there is a reasonable probability that but for the failure to produce such information the defendant would not have entered the plea but instead would have insisted on going to trial. Assessment of that question involves an objective inquiry that asks not what a particular defendant would do but rather what is the likely persuasiveness of the withheld information." *United States v. Avellino*, 136 F.3d 249, 256 (2d Cir. 1998) (internal quotations omitted). Because of this objective inquiry, courts should be wary of counsel's opinions on materiality and instead make "an objective evaluation of the likely impact that the

withheld information would have had on typically competent counsel, rather than make what appears to be a retrospective finding as to what the effect would actually have been on [the particular counsel in the case]." *Miller v. Angliker*, 848 F.2d 1312, 1323 (2d Cir. 1988).

"[T]he line between [a witness's] opinion and fact witness testimony is often hard to discern." *United States v. Feliciano*, 223 F.3d 102, 121 (2d Cir. 2000). Federal Rule of Evidence 701 states that a lay witness may only offer an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The rational-basis requirement "is the familiar requirement of first-hand knowledge or observation." *United States v. Rea*, 958 F.2d 1206, 1215 (2d Cir. 1992). The helpfulness requirement is principally "designed to provide assurance[] against the admission of opinions which would merely tell the jury what result to reach." *Id.* The "not based on specialized knowledge" requirement states that "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life." *Garcia*, 413 F.3d at 215. The proponent of lay opinion testimony must satisfy the rule's three foundation requirements. *See United States v. Grinage*, 390 F.3d 746, 749 (2d Cir. 2004).

In addition, all testimony "is subject to the general balancing rule of [Federal Rule of Evidence] 403, which provides that 'evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Cameron*, 598 F.3d at 62 (quoting Fed. R. Evid. 403).

Mr. Birch argues that any testimony from Attorney Mencuccini or Assistant State's Attorney Shepack about the effect of the $1,000 cash on the jury's verdict at Mr. Birch's trial

39

should be precluded as irrelevant and improper expert opinion testimony from an undisclosed and unqualified expert. *See* ECF No. 223-1 at 2–3.

The Town Defendants respond that testimony from Attorney Mencuccini or Assistant State's Attorney Shepack would classify as fact witness testimony as they are testifying not as to technical expertise but rather about their perceptions regarding the criminal case and trial and that testimony should not be excluded. *See* ECF No. 240 at 3–4.

Mr. Birch replies that testimony from Attorney Mencuccini or Assistant State's Attorney Shepack on the materiality of *Brady* evidence would be irrelevant by law as materiality under *Brady* is an objective evaluation not something based on speculative personal opinion of counsel, does not classify as proper lay opinions, and would be overly prejudicial. *See* ECF No. 247.

The Court agrees.

Because the inquiry into *Brady* materiality is an objective inquiry, *see Avellino*, 136 F.3d at 256 ("Assessment of [*Brady* materiality] involves an objective inquiry that asks not what a particular defendant would do but rather what is the likely persuasiveness of the withheld information.") (internal quotations omitted), testimony from Attorney Mencuccini or Assistant State's Attorney Shepack, counsel at the original criminal trial is unlikely to be helpful or relevant to the issue surrounding the $1000. *See e.g.*, *Miller*, 848 F.2d at 1323 ("the [] court should have made an objective evaluation of the likely impact that the withheld information would have had on typically competent counsel, rather than make what appears to be a retrospective finding as to what the effect would actually have been on [the particular counsel in the case]."). For this reason alone, their testimony should be excluded.

Moreover, because Attorney Mencuccini and Assistant State's Attorney Shepack's testimony would not be relevant, it would not be helpful to the jury, and thus would not be

proper lay opinion testimony. *See e.g.*, *Rea*, 958 F.2d at 1215 (citations omitted) ("Rule 701's helpfulness requirement is 'designed to provide assurance[] against the admission of opinions which would merely tell the jury what result to reach.'") (quoting Fed. R. Evid. 704 advisory committee notes on 1972 proposed rule).

Nevertheless, to the extent that Attorney Mencuccini and Assistant State's Attorney Shepack can testify about their factual knowledge of the $1000, apart from any opinion about its significance to the previous criminal trial, such testimony may be admissible, and the Court will reserve judgment on the admissibility of any such testimony until the development of its full context at trial.

Accordingly, Mr. Birch's motion to preclude defendants from eliciting privileged information or expert opinion testimony concerning the materiality of suppressed evidence from testifying attorneys will be granted in part, and the Town Defendants are precluded from eliciting privileged information or expert opinion testimony about the $1000, but will be denied in part, without prejudice for renewal at trial to the extent that admissible testimony can be elicited from Attorney Mencuccini and Assistant State's Attorney Shepack.

### 8. *The Motion to Prohibit Speculation*

Speculative evidence is prohibited; however, nothing prohibits the jury from hearing and deciding on inferential or circumstantial arguments and evidence. *See, e.g.*, *Village of Freeport v. Barella*, 814 F.3d 594, 611 (2d Cir. 2016) ("We agree with the Village that the District Court permitted the jury to consider testimony by several witnesses that amounted to the 'naked speculation' forbidden by Rule 701(b)."); *United States v. Hilario*, 449 F.3d 500, 501-02 (2d Cir. 2006) (finding that "the district court did not abuse its discretion when it declined to depart [during sentencing] on the basis of [counsel's] wholly speculative argument"); *Stein v. United*

*States*, 377 Fed. App'x 69, 70 (2d Cir. 2010) (summary order) ("rejecting the arguments that the record was unreliable and the agent had a motive to forge the form as speculative and unsupported by any evidence"); *but see United States v. Martinez*, 54 F.3d 1040, 1043 (2d Cir. 1995) ("[I]t is the task of the jury, not the court, to choose among competing inferences. Moreover, the jury's verdict may be based entirely on circumstantial evidence.") (internal citations removed).

Mr. Birch argues that speculative evidence should be excluded because speculative evidence is not based on personal knowledge and speculation about the location of the cash at the Carr crime scene or whether the cash was disclosed to the prosecutor would be prejudicial to him. *See* ECF No. 224-1.

The Town Defendants argue in response that because the location of the cash is not known, it would not be speculative to argue where it could have been, and while the jury cannot speculate, it can draw inferences and that should not be restricted at this stage. *See* ECF No. 244.

Mr. Birch replies that (1) no such inference could be drawn because there are no predicate facts from which a jury could conclude that the cash was hidden, and (2) the Town Defendants should be prohibited from speculating that the seizure of the cash was properly disclosed to prosecutors because "Detective Jordan and Detective Graham admitted under oath that they have no factual basis to believe the information was disclosed . . . and Defendants are bound by those concessions at trial." *See* ECF No. 251.

The Court will reserve judgment on these issues until trial.

Because the issue of whether this evidence's speculative nature is better understood in its context at trial, the Court will reserve judgment on this issue until trial. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) ("[C]ourts

considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.") (internal citation omitted). At this point, in the absence of testimony laying a proper foundation for the location of the cash, no testimony will be permitted regarding the location of the cash. *See e.g.*, *Jo*, 369 F. Supp. 3d at 516 (W.D.N.Y. 2019), *aff'd*, 818 F. App'x 103 (2d Cir. 2020) (denying a motion *in limine* pursuant to "the proponent's burden to lay a proper evidentiary foundation and otherwise demonstrate the admissibility of that evidence at trial").

Accordingly, Mr. Birch's motion is denied without prejudice to renewal.

## IV.    CONCLUSION

**For the foregoing reasons, these motions *in limine* have been addressed as follows:**

**The Town Defendants motion *in limine*, ECF No. 230 to bifurcate the case into separate trials on the issues of liability and damages, is DENIED.**

**The Town Defendants' motion *in limine*, ECF No. 225, to exclude any evidence, witnesses, or testimony related to the opinions of lay witnesses regarding the Plaintiffs' guilt or innocence of the murder of Everet Carr, is GRANTED in part, and DENIED in part, consistent with this Ruling and Order.**

**The Town Defendants' motion *in limine*, ECF No. 226, to exclude evidence, testimony, or arguments related to third-party culpability for the murder of Everett Carr, is DENIED without prejudice to renewal at trial, consistent with this Ruling and Order.**

**The Town Defendants' motion *in limine*, ECF No. 227, to exclude evidence, testimony, or arguments regarding witnesses who subsequently recanted their**

testimony or statements following the criminal trial for the murder of Everett Carr, is DENIED without prejudice to renewal at trial.

Mr. Birch's motion *in limine*, ECF No. 222, to instruct the jury that the Town of New Milford will indemnify Defendants Jordan and Shortt as a matter of law, is DENIED.

Mr. Birch's motion *in limine*, ECF No. 217, to suggest a specific damages figure to the jury, is DENIED without prejudice to renewal at trial.

Mr. Birch's motion *in limine*, ECF No. 218, to preclude any evidence of Plaintiffs' convictions from the 1980s, is GRANTED in part, and DENIED in part, consistent with this Ruling and Order.

Mr. Birch's motion *in limine*, ECF No. 219, to preclude any reference to past litigation advances received and repaid by Plaintiffs after their release from incarceration, is GRANTED.

Mr. Birch's motion *in limine*, ECF No. 220, to exclude evidence of the settlement with the State Defendants and to issue an appropriate limiting jury instruction, is GRANTED in part, and DENIED in part, consistent with this Ruling and Order.

Mr. Birch's motion *in limine*, ECF No. 221, to preclude Defendants' governmental immunity defense in relation to negligence claims based upon suppression of exculpatory evidence, is DENIED without prejudice to renewal, consistent with this Ruling and Order.

Mr. Birch's motion *in limine*, ECF No. 223, to preclude Defendants from eliciting privileged information or expert opinion testimony concerning the

**materiality of suppressed evidence from testifying attorneys, is GRANTED in part, and DENIED in part without prejudice to renewal at trial, consistent with this Ruling and Order.**

**Mr. Birch's motion *in limine*, ECF No. 224, to prohibit speculation, is DENIED without prejudice to renewal at trial.**

**SO ORDERED** at New Haven, Connecticut, this 24th day of January, 2025.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge