UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RAPLH BIRCH,<br>*Plaintiff*,<br><br>v.<br><br>TOWN OF NEW MILFORD et al.,<br>*Defendants*. | No. 3:20-cv-01790 (VAB) |

**RULING AND ORDER ON MOTIONS IN LIMINE**

Ralph Birch has sued the Town of New Milford, David Shortt, Steven Jordan, and Robert Santoro (collectively the "Town Defendants"), as well as Andrew Ocif, Scott O'Mara, John Mucherino, Joseph Quartiero, Michael Graham, Brian Acker, and Dr. Henry Lee under 42 U.S.C. § 1983 and various state common law torts for alleged fabrication of evidence, malicious prosecution, and suppression of material exculpatory evidence, which allegedly resulted in Mr. Birch's wrongful conviction for felony murder and burglary and subsequent incarceration for more than thirty years. *See* First Am. Compl., No. 3:20-CV-1790, ECF No. 54 (Apr. 16, 2021) ("Am. Compl.").

Shawn Henning, a co-defendant with Mr. Birch in the state criminal proceeding, likewise sued Andrew Ocif, Scott O'Mara, John Mucherino, Joseph Quartiero, Michael Graham, Brian Acker, H. Patrick McCafferty, and Dr. Henry Lee (collectively the "State Defendants") and Town Defendants, alleging virtually the same claims. *See* Compl., No. 3:20-CV-1792, ECF No. 1 (Dec. 2, 2020) ("Compl.").[1]

---

[1] To simplify matters, and to avoid any confusion between and among the State and local police entities, as well as the law enforcement officials who were involved in the relevant events, the Court will consistently refer to any of the Defendants by their title during the time period relevant to this case, regardless of any subsequent titles they may have held since then.

1

Following a stipulation of dismissal, the claims against the State Defendants were terminated. *See* Order, ECF No. 206 (May 3, 2024).

Following the Court's order dismissing claims against the State Defendants and leaving claims only against the Town Defendants, the parties filed their original motions *in limine*. *See* Mots. in Lim., ECF Nos. 217–27, 230 (Sept. 25, 2024).

After the filing of these motions *in limine*, the claims brought by Mr. Henning were dismissed from the case. See Order, ECF No. 260 (Dec. 12, 2024).

The Court ruled on the original motions *in limine*. Order, ECF No. 267 (Jan. 24, 2025).

The Defendants have filed one additional motion *in limine* to exclude evidence, testimony, and/or arguments regarding forensic DNA evidence, which was prepared after the June 23, 1989, jury conviction of Mr. Birch for the murder of Everrett Carr [ECF No. 271].

Mr. Birch has filed two additional motions *in limine* to preclude the Defendants from eliciting evidence of Mr. Henning's purported "confessions" to Mildred Henning and Timothy Saathoff [ECF No. 272] and to preclude the Defendants from calling George Heg as a witness at trial [ECF No. 273].

For the reasons outlined below, these motions *in limine* have been addressed as follows:

The Town Defendants' motion *in limine*, ECF No. 271, to exclude evidence, testimony, and/or arguments regarding forensic DNA evidence, which was prepared after the June 23, 1989, jury conviction of Mr. Birch for the murder of Everrett Carr, is **DENIED**.

Mr. Birch's motion *in limine*, ECF No. 272, to preclude the Defendants from eliciting evidence of Mr. Henning's purported "confessions" to Mildred Henning and Timothy Saathoff, is **DENIED** without prejudice to renewal at trial.

Mr. Birch's motion *in limine*, ECF No. 273, to preclude the Defendants from calling George Heg as a witness at trial, is **DENIED** as moot.

I.  **FACTUAL AND PROCEDURAL BACKGROUND**

Familiarity with the facts and prior proceedings, as detailed in the Court's July 21, 2023, Ruling and Order on Motions for Summary Judgment, is assumed. *See* Ruling and Order on Motions for Summary Judgment at 4–13, ECF No. 161.

On July 21, 2023, the Court denied State Defendant Dr. Henry Lee's motion for summary judgment and motion to amend his answer. *Id*. at 3. The Court denied the Town Defendants' motions for summary judgment. *Id.* at 4. The Court granted in part and denied in part the State Defendants' motion for summary judgment. *Id.* at 3. Specifically, the Court granted State Police Sergeant Acker's motion for summary judgment as to Plaintiffs' fabrication claim but denied the motion in all other respects. *Id.* at 3–4.

On February 5, 2025, the parties filed their Revised Joint Trial Memorandum. Trial Mem., ECF No. 274 ("Rev. Joint Trial Mem.").

The same day, the Town Defendants moved *in limine* to exclude evidence, testimony, and/or arguments regarding forensic DNA evidence, which was prepared after the June 23, 1989, jury conviction of Mr. Birch for the murder of Everrett Carr. Mot. in Lim. DNA Evidence, ECF No. 271.

Also, on that day, Mr. Birch moved *in limine* to preclude the Defendants from eliciting evidence of Mr. Henning's purported "confessions" to Mildred Henning and Timothy Saathoff, Mot. in Lim. to Preclude Defendants from Eliciting Evidence of Shawn Henning's Purported "Confessions" to Mildred Henning and Timothy Saathoff, ECF No. 272, and to preclude the

3

Defendants from calling George Heg as a witness at trial, Mot. in Lim. to Preclude Defendants from Calling George Heg as a Witness at Trial, ECF No. 273.

On February 14, 2025, Mr. Birch filed a memorandum in opposition to the Town Defendant's motion *in limine*. Pl.'s Opp'n to Def.'s Mot. in Lim. to Preclude DNA Evidence, ECF No. 275.

The same day, the Town Defendants filed an objection to Mr. Birch's motion *in limine* to preclude the Defendants from eliciting evidence of Mr. Henning's purported "confessions" to Mildred Henning and Timothy Saathoff. Obj. to Pl.'s Mot. in Lim. to Preclude Defendants from Eliciting Evidence of Shawn Henning's Purported "Confessions" to Mildred Henning and Timothy Saathoff, ECF No. 276.

On February 19, 2025, Mr. Birch filed a reply in further support of this motion *in limine* to preclude the Defendants from eliciting evidence of Mr. Henning's purported "confessions" to Mildred Henning and Timothy Saathoff. Pl.'s Reply in Further Support of Mot. in Lim. to Preclude Defendants from Eliciting Evidence of Shawn Henning's Purported "Confessions" to Mildred Henning and Timothy Saathoff, ECF No. 277.

On February 28, 2025, the parties filed their Updated Revised Joint Trial Memorandum. Trial Mem., ECF No. 283 ("Updated Rev. Joint Trial Mem.").

On October 23, 2024, the Court set the final pre-trial conference for February 26, 2025, with jury selection and the trial date set to take place on March 10, 2025. Scheduling Order, ECF No. 258.

II.     **STANDARD OF REVIEW**

Motions *in limine* provide district courts the opportunity to rule in advance of trial on the

4

admissibility and relevance of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). "A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Cap. Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

A court should only exclude evidence on motions *in limine* if the evidence is clearly inadmissible on all potential grounds. *Levinson v. Westport Nat'l Bank*, No. 09-cv-1955 (VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013). The court also retains discretion to reserve judgment on some or all motions *in limine* until trial so that the motions are placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

### III. DISCUSSION

#### A. Town Defendants' Motion *in Limine* to Exclude DNA Evidence

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

All evidence, even relevant evidence, "is subject to the general balancing rule of [Federal Rule of Evidence] 403, which provides that 'evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010) (quoting Fed. R. Evid. 403).

The Town Defendants seek to exclude evidence, testimony, and/or arguments regarding forensic DNA evidence, which was prepared after the June 23, 1989, jury conviction of Mr. Birch for the murder of Everrett Carr. ECF No. 271 at 1.[2]

The Town Defendants argue that this DNA evidence should be excluded for two reasons. First, the Town Defendants argue that the evidence is irrelevant because "[n]one of Plaintiff's claims require the introduction of tested-after-the-fact DNA evidence offered in an attempt to prove Plaintiff's innocence," *id.* at 6–7, and the DNA is evidence is also irrelevant to his damages. *Id.* at 8. Second, the Town Defendants argue that the evidence is prejudicial and unduly burdensome because "[t]he presentation of evidence regarding after-the-fact DNA evidence, and the Defendants' response to it, would be a waste of the Court's time, confuse the issues, distract the jury from the central issues in the case," *id* at 10, and "evidence used to support Plaintiff's innocence that was not available during the investigation of the murder, nor at trial, would suggest a decision be made by the jury based on an improper basis—emotion, due to the knowledge of hindsight." *Id.* at 11.

In response, Mr. Birch argues that the DNA evidence is relevant in three regards: (1) the DNA evidence is relevant to Mr. Birch's damages, (2) the DNA evidence is relevant to the falsity and fabrication of Todd Cocchia's statement, and (3) the DNA evidence is relevant to the severity of his stress included in this negligent infliction of emotional distress ("NIED") claim. ECF No. 275 at 2–6.

Mr. Birch also argues that the DNA evidence is not prejudicial or unduly burdensome because: (1) "the fact that the DNA came much later – and that Plaintiff is not remotely suggesting that Defendants were or should have been aware of it at the time of their challenged

---

[2] Where the internal pagination of a document conflicts with the ECF-generated pagination, this Opinion refers to the ECF-generated pagination.

conduct – is just not a hard point for the jury to grasp," *id* at 7, and (2) the Defendants "did not file a Daubert motion challenging any DNA-related expert testimony, and did not depose any of Plaintiff's DNA-related witnesses," *id.*, nor did they stipulate to the DNA evidence, and Mr. Birch assures "the Court that we have no interest in blunting the impact of our own evidence by spending any more time than strictly necessary dealing with technical matters." *Id.* at 8.

The Court agrees.

At trial, relevant to this motion *in limine*, Mr. Birch must prove, among other claims and elements, (1) "that State Police Detective Ocif knowingly elicited false information in violation of Mr. Birch's constitutional right to a fair trial," ECF No. 235 at 1 (citing *Birch v. Town of New Milford*, No. 3:20-CV-1790 (VAB), 2023 WL 4684720, at *41 (D. Conn. July 21, 2023), (2) "that Detective Shortt knew or had reason to know that Ocif was unconstitutionally fabricating evidence and had 'a realistic opportunity to intervene but fail[ed] to do so[,]'" ECF No. 235 at 2 (quoting *Birch*, 2023 WL 4684720, at *21 (internal quotation marks omitted)), and (3) that "the emotional distress [of the negligent conduct in investigating and prosecuting Mr. Birch] was severe enough that it might result in illness or bodily harm[.]" *Henning v. Town of New Milford*, No. 20-cv-1790 (VAB), 2021 WL 4940970, at *18 (D. Conn. Sept. 24, 2021); Am. Compl. at 54.

While Mr. Birch's claims do not "require" the introduction of after-acquired DNA evidence, as the Defendants argue, after-acquired evidence may be probative of Mr. Birch's claims of liability, *see, e.g.* Pl.'s Opp'n, ECF No. 275, at 4 ("The fact that Mr. Birch did not actually murder Everett Carr makes it far less likely that he *did not tell* Todd Cocchia in a social conversation that he murdered Everett Carr.") (emphasis in original), and even if not, are probative of his claims for damages, if liability is proven. *See e.g., Rubalcava v. City of San Jose*, No. 20-CV-04191-BLF, 2024 WL 2031641, at *2 (N.D. Cal. May 6, 2024) (finding that after-

7

acquired "evidence that Plaintiff in fact is innocent is relevant to Plaintiff's claim that Defendants violated Plaintiff's rights by falsifying their police reports" because "facts not known to officer defendants at the time of the conduct giving rise to the plaintiff's claims may be relevant to a determination of liability" since "the existence of some underlying fact tends to make it more likely that a person knew or should have known that fact" (internal quotation marks omitted) (citing *Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019))); *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014) ("testimony that the [after-acquired] DNA evidence showed no linkage between Ayers and the crime scene was relevant . . . [the] testimony tended to prove that Ayers did not kill [the victim] . . . by rebutting [a witness'] testimony that Ayers confessed to the murder and increasing the likelihood that [the police officers] instead fed [the witness] details about the case."); *Cosenza v. City of Worcester, Massachusetts*, 651 F. Supp. 3d 311, 320 (D. Mass. 2023) ("An incarcerated innocent person suffers more than a guilty individual who was not afforded a fair trial." (citing *Limone v. United States*, 497 F. Supp. 2d 143, 227 (D. Mass. 2007) ("The plaintiffs—who knew themselves to be innocent—were wrongfully convicted. Three were told that they were to be executed, another that he would live the rest of his natural born life behind bars. There is no way to describe that kind of horror than as so severe and of such a nature that no reasonable person could be expected to endure it."))), *appeal dismissed sub nom. Cosenza v. Hazelhurst*, No. 23-1123, 2023 WL 9596753 (1st Cir. Dec. 6, 2023); *see also Rubalcava*, 2024 WL 2031641, at *3 ("evidence of innocence is relevant to damages, because '[a] jury that believed the plaintiff was guilty of the crime would award lower damages because the imprisonment is attributable to the person's own actions as well as the civil defendants' misbehavior[.]'" (quoting *Parish v. City of Elkhart*, 702 F.3d 997, 999 (7th Cir. 2012), and citing *Ayers v. City of Cleveland*, 773 F.3d 161, 169 (6th Cir. 2014))).

As a result, because the Court has already ruled on the issue of bifurcation, *see* Ruling and Order on Motions in Limine, ECF No. 267 at 9 ("Given the risk of duplicating liability and damages testimony through calling the same witnesses more than once, the Court chooses not to exercise its discretion to bifurcarte the trial into liability and damages phases." (citations omitted)), consistent with that Ruling and Order, "[t]he risk of prejudice from any potentially inflammatory liability or damages evidence [will] appropriately be addressed by proper jury instructions rather than bifurcation." *Id.* (citation omitted).

Accordingly, this motion *in limine* will be denied.

### B. Mr. Birch's Motions *in Limine*

Mr. Birch seeks to: (1) to preclude the Defendants from eliciting evidence of Mr. Henning's purported "confessions" to Mildred Henning and Timothy Saathoff, ECF No. 272, and to preclude the Defendants from calling George Heg as a witness at trial, ECF No. 273.

The Court will address each of these requests in turn.

> *1. The Motion to Preclude the Defendants from Eliciting Evidence of Mr. Henning's Purported "Confessions" to Mildred Henning and Timothy Saathoff*

Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. "Irrelevant evidence is not admissible." Fed. R. Evid. 402.

All evidence, even relevant evidence, "is subject to the general balancing rule of [Federal Rule of Evidence] 403, which provides that 'evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading

the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Cameron*, 598 F.3d at 62 (quoting Fed. R. Evid. 403).

Mr. Birch argues that (1) Ms. Henning and Mr. Saathoff's "statements . . . have little if any relevance to any of the elements of Mr. Birch's claims," ECF No. 272 at 2, (2) the statements, "[i]f offered as evidence of guilt—that is, for their truth— . . . would be inadmissible hearsay," *id.* at 3, and (3) that "preclusion is still warranted . . . because the risk of unfair prejudice, issue confusion, and misleading the jury substantially outweighs their negligible probative value," *id.*, because these statements never could have been used against Mr. Birch, introduction of them would cause a digression into the circumstances under which they were made, and there is a risk of unfair prejudice to Mr. Birch if the jury were to construe those statements as evidence of guilt even if they are not admissible for that purpose. *Id.* at 3–4.

In response, the Town Defendants argue that "the statements of Mildred Henning and Timothy Saathoff, such as who had knowledge of the statements of Mildred Henning regarding her son's alleged confession, is relevant to what Shortt knew at the time of the interview of Todd Cocchia, and whether he should have intervened during, or after, Detective Ocif's questioning." ECF No. 276 at 2. The Town Defendants attest that the statements would be offered "as they relate to the underlying investigation of the murder of Mr. Carr, and the reliance on the New Milford Police Department on such statements during their investigation. . . . [and they will] not be offered as evidence of the guilt of the Plaintiff all these years later." *Id.* The Town Defendants also argue that "[a]dditional questions to Detective Ocif . . . will not result into a significant digression into the manner in which any statements made by Mildred Henning and Timothy Saathoff were received by investigators." *Id.* at 3–4.

In reply, Mr. Birch argues that "Saathoff did not even come to the attention of police in connection with this case until September 1988 – *after* the July 1988 interview with Todd Cocchia that is at issue here . . . [and] [t]hat fact alone warrants preclusion of any reference to Saathoff." ECF No. 277 at 1 (emphasis in the original). Mr. Birch also argues that the "Defendants fail to identify any particularized way in which they intend to use these statements or any fact in dispute that these statements tend to make more or less likely," *id* at 2, and that the "Defendants entirely fail to address the specific risk of unfair prejudice and juror confusion concerning the materiality and causation inquiries on Mr. Birch's fabrication and Brady claims." *Id.*

The Court agrees, in part.

While Ms. Henning's alleged statement arguably may be used to explain the state of mind of Detectives Ocif and Shortt during the interview with Todd Cocchia, as Ms. Henning gave her statement to the police investigators before Mr. Cocchia's interview took place, depending on how the Town Defendants seek to introduce any such testimony, there may be admissibility issues. *See, e.g.* Fed. R. Evid. 801(c) (defining hearsay as "a statement" not made "while testifying at the current trial or hearing . . . and . . . offered "in evidence to prove the truth of the matter asserted in the statement."); Fed. R. Evid. 403 (allowing the court to "exclude relevant evidence if the probative value is substantially outweighed by a danger of . . . unfair prejudice . . . ."). As for Mr. Saathoff's alleged statement, the Town Defendants merely state that Mr. Saathoff's statement (in addition to Ms. Henning's statement) could be used "as they relate to the underlying investigation of the murder of Mr. Carr, and the reliance on the New Milford Police Department on such statements during their investigation. . . . [and they will] not be offered as evidence of the guilt of the Plaintiff all these years later."

Because it is not yet definitively clear how the Town Defendants intend to use these statements—much less introduce them into evidence—and because these statements have a great potential to risk unfair prejudice and confuse the jury as to the issues in the case, the Court will withhold judgment as to the admissibility of these statements until a time closer to trial, when the Court can better determine any potential prejudice, and whether any such prejudice could be addressed by a limiting instruction. *See In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 643 F. Supp. 2d 471, 476 (S.D.N.Y. 2009) ("[C]ourts considering a motion *in limine* may reserve judgment until trial, so that the motion is placed in the appropriate factual context.") (internal citation omitted); *Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("When the risk of prejudice is high . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.").

Accordingly, this motion *in limine* will be denied without prejudice to renewal at the time of trial.

### 2. Motion to Preclude the Testimony of George Heg

Rule 26(a) requires parties to a litigation to make initial disclosures, including:

> (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment, [and] (ii) a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment . . . .

Fed. R. Civ. P. 26(a)(1)(A). Parties must supplement their Rule 26(a) disclosures when they learn that the information provided in their initial disclosures was incomplete. Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to provide information or identify a witness as required by Rule

26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"The Court has the ultimate discretion on whether to preclude witnesses from testifying at trial [under] Rule 37(c)(1)." *Leong v. 127 Glen Head Inc.*, No. CV135528 (ADS) (AKT), 2016 WL 845325, at *6 (E.D.N.Y. Mar. 2, 2016) (internal citations and quotation marks omitted). When considering whether to preclude evidence or witness testimony, district courts in this Circuit are instructed to assess several factors, including "the party's explanation for the failure to disclose," "the importance of the evidence to be precluded," "the prejudice suffered by the opposing party if the evidence were not precluded," and "the possibility of a continuance." *Widman v. Stegman*, No. 3:13-CV-00193 (BKS/DEP), 2015 WL 13832105, at *4 (N.D.N.Y. Apr. 28, 2015) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)).

In the Revised Joint Trial Memorandum, the Town Defendants state that they "may call" Former State Police Detective George Heg to testify as to "his actions and knowledge of the investigation of Mr. Carr's death, including his actions and knowledge related to the discovery of the thousand dollars." Rev. Joint Trial Memo. at 16.

Mr. Birch argues that Detective Heg's testimony "should be precluded because Defendants never disclosed Detective Heg as a potential witness as required by Federal Rule of Civil Procedure 26, let alone identified him as possessing knowledge about the discovery of the cash at the Carr crime scene." ECF No. 273 at 1. Mr. Birch contends that "[e]xclusion of Heg's testimony is the appropriate remedy, given (1) the lack of any justification for Defendants' failure to comply with the disclosure requirements of the Federal Rules; (2) the absence of any indication that Heg's proposed testimony would be of central importance Defendants' defense at

13

trial; and (3) the prejudice to Plaintiff that would be occasioned by permitting Defendants to elicit trial testimony about a critical factual question from a witness who was never identified in discovery and whose knowledge of that subject has never been disclosed." *Id.* at 2.

At the final pretrial conference, the Town Defendants represented, however, that they no longer intend to call Detective Heg.

Accordingly, the Court will deny this motion as moot.

## IV. CONCLUSION

For the foregoing reasons, these motions *in limine* have been addressed as follows:

The Town Defendants' motion *in limine*, ECF No. 271 to exclude evidence, testimony, and/or arguments regarding forensic DNA evidence, which was prepared after the June 23, 1989, jury conviction of Mr. Birch for the murder of Everrett Carr, is **DENIED**.

Mr. Birch's motion *in limine*, ECF No. 272, to preclude the Defendants from eliciting evidence of Mr. Henning's purported "confessions" to Mildred Henning and Timothy Saathoff, is **DENIED** without prejudice to renewal at trial.

Mr. Birch's motion *in limine*, ECF No. 273, to preclude the Defendants from calling George Heg as a witness at trial, is **DENIED** as moot.

**SO ORDERED** at New Haven, Connecticut, this 4th day of March, 2025.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge