### UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>                     Plaintiff,<br><br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>                     Defendants. | No. 3:20-CV-1790 (VAB)<br>[*rel.* No. 3:20-CV-1792]<br><br><br><br>March 4, 2025 |

### JOINT STATUS REPORT REGARDING PROPOSED STIPULATIONS CONCERNING THE VACATUR OF PLAINTIFF'S CONVICTION

As discussed at the final pretrial conference, the parties submit the following concerning proposed language informing the jury of the Connecticut Supreme Court's decision vacating Plaintiff's conviction and granting him a new trial in 2019.

**Plaintiff's Proposal**

Plaintiff proposes the following language for the reasons stated below:

<<On June 14, 2019, the Connecticut Supreme Court overturned Ralph Birch's conviction for the murder of Everett Carr and granted him a new trial.>>

Plaintiff objects to the jury being informed that a settling former party *also* violated Plaintiff's right to a fair trial – the very constitutional right at issue at this trial – because it is wholly irrelevant to any party's claims or defenses and would be highly prejudicial to Plaintiff. The jury is not being asked to apportion fault between Defendants and any absent party, and the Connecticut Supreme Court's previous ruling that Dr. Lee's conduct violated Plaintiff's rights is irrelevant to whether Defendants' alleged acts and omissions proximately caused Plaintiff's damages. *See Hydro Invs., Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000) ("A proximate cause determination does not require a jury to identify the liable party as the sole

cause of harm; it only asks that the identified cause be a substantial factor in bringing about the injury."). Informing the jury of the specific rationale for a decision in Plaintiff's criminal case is likely to cause confusion and would improperly suggest that the falsity of Dr. Lee's testimony is somehow relevant to the question of Defendants' liability on the claims against them. *See Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007). That is precisely the basis on which the Court, in its previous ruling on the parties' motions *in limine*, specifically rejected Defendants' contention that they should be permitted to question Plaintiff about the alleged wrongdoing of the previously settled-out State Defendants. ECF No. 268 at 29. Defendants should not be permitted to circumvent that ruling and deflect responsibility from themselves by suggesting that an absent nonparty was responsible for denying Plaintiff a fair trial, such that they cannot have proximately caused Plaintiff's injuries.

As discussed at the final pretrial conference, any improper inference that the Defendants' conduct caused the vacatur of the conviction can be cured by a curative instruction to the effect that the legal reasons for the vacatur are not relevant and should not be the subject of speculation.

**Defendants' Proposal**

Defendants propose the following language for the reasons stated below:

<<On June 14, 2019, Ralph Birch was granted a new trial by the Connecticut Supreme Court after the Court found that the State failed to correct its forensic expert's testimony regarding blood testing on a bathroom towel, which deprived Ralph Birch of a fair trial.>>

Defendants object to any stipulation or statement to the jury that does not disclose the reason that Plaintiff was granted a new trial, as failing to do so creates an undeniable risk that Defendants will be severely prejudiced.

This stipulation comes directly from Plaintiff's Complaint.  In ¶ 359, Plaintiff alleges that "[t]he Supreme Court ruled that Lee's false testimony about finding blood on the bathroom towel, and the prosecution's failure to correct it, violated Ricky's right to a fair trial.  It ordered that he be granted a new trial."  [Doc. 54].  By Answer and Affirmation Defenses dated October 26, 2021, Defendants admitted Plaintiff's allegation.  [Doc. 81].  Facts admitted in an answer, as in any pleading, are judicial admissions and binding throughout the litigation. *See Gibbs ex rel. Est. of Gibbs v. CIGNA Corp.*, 440 F.3d 571, 578 (2d Cir. 2006).

Defendants' proposed stipulation is the truth and must be shared with the jury.  No court has held that Defendants' conduct deprived Plaintiff of a fair criminal trial.  However, stipulating in the manner proposed by Plaintiff, which omits the basis for which Plaintiff was afforded a new trial, would not only invite, but would force the jury to speculate that it was Defendants' conduct that caused the need for a new trial.  In this action, Plaintiff is claiming exactly that, that Defendants' conduct was unconstitutional and affected the outcome of the criminal matter. There is a clear and substantial risk of prejudice to Defendants if this jury is only told that Plaintiff's conviction was overturned, in the context of this action, without identifying the basis. It would allow the jury to make a false inference that may not be cured by an instruction.  "We know that limiting or curative instructions cannot always undue the damage of prejudicial evidence." *United States v. Awadallah,* 436 F.3d 125, 134 (2d Cir. 2006). That risk is unnecessary, and unjustifiable, because there is an alternative to letting the jury speculate about a false inference.

The parties can inform the jury of the truth, which is already admitted in the pleadings, that the State failed to correct its forensic expert's testimony, which is what deprived Plaintiff of a fair trial according to the Supreme Court.  The risk that the jury will speculate about what

impact a non-party may have had on the criminal proceedings is certainly less problematic than the risk to these Defendants, who are defending claims that their conduct affected the outcome of the criminal matter. Plaintiff's instruction invites one result, that the conviction was overturned by the Supreme Court based on the actions of Defendants, which cannot be cured through instruction.

If Plaintiff's proposed stipulation is accepted, he would be free to testify that his conviction was overturned by the Supreme Court and in the next breath detail his claims against Defendants. He would be free to do so without being subject to cross examination, and without the jury learning the truth, which would allow a false inference and result in a miscarriage of justice.

March 4, 2025

Respectfully submitted,


THE PLAINTIFF,
RALPH BIRCH

By: /s/ Douglas E. Lieb
KAUFMAN LIEB LEBOWITZ
& FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
Alyssa Isidoridy, *pro hac vice*
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP,
LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT  06040
(860) 522-7000

TOWN OF NEW MILFORD,
STEVEN JORDAN, and
ROBERT SANTORO AS
ADMINISTRATOR OF THE
ESTATE OF DAVID
SHORTT, DEFENDANTS

   /s/ Elliot B. Spector
Elliot B. Spector (ct05278)
Jeffrey O. McDonald (ct28195)
Forrest Noirot (ct31754)
Hassett & George, P.C.
945 Hopmeadow Drive
Simsbury, CT 06070
Tel. No.: (860) 651-1333
Email: ebspector87@gmail.com