UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br>    *Plaintiff*,<br><br>    v.<br><br>TOWN OF NEW MILFORD et al.,<br>    *Defendants*. | No. 3:20-cv-1790 (VAB) |

**PRE-TRIAL JURY INSTRUCTIONS**

[SWEAR IN JURY]

Members of the jury, now that you have been sworn, I will give you some preliminary instructions to guide you in your important function as jurors. What I say now will not be a substitute for the instruction on the law that I will give to you at the conclusion of the case, but is simply intended to give you an overview before you begin hearing the evidence.

This is a civil lawsuit. The party who brings a civil lawsuit is called the plaintiff. In this case, the Plaintiff is Ralph Birch.

A party who is sued is called a defendant. In this case, the Defendants are Steven Jordan, Robert Santoro as Administrator of the Estate of David Shortt, and the Town of New Milford.

This is a civil rights case under 42 U.S.C. § 1983 with supplemental state law claims. Mr. Birch asserts § 1983 causes of action for suppression of material favorable evidence and failure to intervene to prevent the deprivation of liberty based upon fabricated evidence. He also asserts state law causes of action for negligence and negligent infliction of emotional distress.

Steven Jordan, Robert Santoro as Administrator of the Estate of David Shortt, and the Town of New Milford deny liability as to any of Mr. Birch's claims.

You may hear references to "counsel" or "attorneys" or "lawyers" during the course of this trial. These words mean the same thing.

You may hear references to "the Court." When someone refers to "the Court" they generally mean the judge presiding over the case.

You also will hear the words "instruct" or "instruction;" this is a direction or order from me that you must follow.

**All Persons Stand Equal Before the Law**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

**Duty of the Jury**

As the jury, it is your duty to listen to and consider the evidence, and to decide what the facts are based on that evidence. You and you alone decide what the facts are. Then, you will apply those facts to the law as I will give it to you at the end of the trial. You must follow that law whether you agree with it or not.

**Evidence**

The evidence will consist of sworn witness testimony, documents and other things admitted into the record as exhibits, and any facts that the parties agree to or that the court instructs you to find. You should give careful attention to the testimony and evidence presented throughout the trial, keep an open mind, and not form or express any opinion about the case one way or the other until you have heard all of the evidence.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact. Circumstantial evidence is proof of facts from which you may infer or conclude that

other facts exist. The word "infer"—or the expression "to draw an inference"—means to find that a fact exists, even though it has not been proven directly. For example, assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that, because there are no windows in this courtroom, you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then, a few minutes later, another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom, and you cannot see or hear whether it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

An inference may be drawn only if it is reasonable and logical, not if it is speculative. You are allowed to draw logical inferences from facts that you find to have been proven; but you may not go outside of the evidence to find facts, nor may you resort to guesswork or conjecture. To aid you in better understanding this, in the rain example I used a moment ago, although you could infer from evidence of the wet umbrellas that it had rained, you could not also infer that there was a thunderstorm or lightning, without additional evidence. In other words, you must not resort to speculation, conjecture, or guesswork to determine critical facts in this case.

I will give you further instructions on these issues at the end of the case, but keep in mind that you may consider circumstantial evidence as well as direct evidence, and it is for you to decide how much weight, if any, to give to either.

You, as the jury, also decide the credibility of witnesses and the weight to be given to their testimony. In considering the weight and value of the testimony of any witness, you may take into consideration the appearance, attitude and behavior of the witness, any interest the witness may have in the outcome of the case, the inclination of the witness to speak truthfully or

not, the probability or improbability of the witness's statements, and all other facts and circumstances in evidence. You should test witness testimony by your own knowledge of human nature and of the motives that influence and control human action.

In short, you are to assess a witness's testimony using the same considerations and the same sound judgments and common sense you apply to the questions of truth and veracity that present themselves in your daily lives. It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you further guidelines for determining the credibility of witnesses at the end of the case.

Certain things are not evidence and must not be considered by you when determining what the facts are. I will list them for you now.

First, statements, arguments, and questions by lawyers are not evidence. Obviously, witnesses' answers are evidence.

Second, objections are not evidence. You may see the lawyers make objections when they believe that evidence is improper. In fact, it is their duty to object to testimony or other evidence that they believe is not admissible. You should not prefer or dislike an attorney or party because an attorney makes objections or does not make objections. What a lawyer says while making an objection is not evidence and should not influence you. If I sustain an objection, ignore the question that was objected to, draw no inference from the question, and do not speculate about what the witness would have said. If I overrule an objection, treat the witness's answer to the question like any other. If I instruct you to disregard evidence that has been struck, you must follow that instruction. If I instruct you that some item of evidence is admitted or should be considered for a limited purpose only, you must follow that instruction.

On occasion, when the lawyers object, I will have the lawyers up to the side of the bench for a sidebar to understand the reasons for their objections out of your hearing. We will try to keep the sidebars to a minimum by taking up such objections during your breaks, but you should understand that they may be necessary.

Third, testimony or other evidence that the Court excludes or tells you to disregard is not evidence and must not be considered.

Finally, anything you may have seen or heard outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

**<u>Burden of Proof</u>**

Mr. Birch has the burden of proving his case by what is called the preponderance of the evidence. That means that, in order to prevail, Mr. Birch must produce evidence that leads you to believe that his claims are more likely true than not.

On this point, it helps to visualize a scale. Imagine that you place on one side of the scale the evidence that you find credible, relevant, and supportive of Mr. Birch's position on a particular issue, and place on the other side of the scale the evidence that you find credible, relevant, and supportive of the Defendants' position on that issue. If the scales tip in favor of Mr. Birch, even a little bit, then he has carried his burden of proof. But if the scales are evenly balanced, or if the scales tip in favor of the Defendants, even a little bit, then Mr. Birch has not carried its burden of proof. This does not mean that the party who calls the most witnesses or offers the most exhibits wins. This is not a numbers game. Rather, it means that the party who offers the evidence that you find most credible and persuasive prevails.

Some of you may have heard of a standard of proof called beyond a reasonable doubt. That requirement does not apply in a civil case like this one. So, you must put it out of your mind.

**Conduct of Jurors**

Now, a few words about how you must conduct yourselves as jurors.

First, you must decide this case based solely on the evidence presented within the four walls of this courtroom. You may not conduct independent research about this case, the matters in the case, or the individuals or corporations involved in the case. Put simply, do not read or listen to anything relating to this case in any way. That includes Internet content, social media, television accounts, newspaper articles, books, dictionaries, and other reference materials.

Second, until you enter the deliberation room at the end of the trial, you may not discuss this case with anyone, even your fellow jurors. This prohibition extends to the use of technology and social networking devices. In other words, do not post about this case or about your duty as a juror on websites such as X (formerly known as Twitter), Facebook, Instagram, TikTok, LinkedIn, or YouTube, and do not use your cellphone or any other communication device to communicate about any of your activities or opinions regarding this case. If anyone should try to talk to you about this case outside of the courtroom, please bring it to my attention promptly.

Third, while serving on this jury, please do not speak with any of the parties or their attorneys or any witness or with me—either about the case or about any other subject. This is necessary to preserve your absolute impartiality. If, however, you have a question to pose to me or any other message, please write out the question or message, give it to the courtroom deputy, Ms. Murphy, who will bring it to my attention. I will try to respond promptly. Although you

should not talk at all with any of us, you may certainly talk among yourselves during breaks. Just be sure your conversations are not about anything having to do with the case.

Finally, in fairness to the parties to this lawsuit, you should keep an open mind throughout the trial, reaching your conclusion only during your final deliberations after all the evidence is in and you have heard my instructions on the law, as well as the attorneys' closing arguments. Even then, you should reach a conclusion only after an interchange of views with the other members of the jury during deliberations.

You may take notes during the course of the trial. These notes must be left in the jury room during all recesses and should not be brought home at night or at the conclusion of this case. Any notes that you take should be used only as memory aids; do not rely on your notes if they conflict with your independent recollection of the evidence. If you do not take notes, you should rely on your own recollection of the proceedings and should not be unduly influenced by the notes of other jurors.

These preliminary instructions are, as I previously stated, intended simply to help orient you before hearing the evidence. Later, before you begin deliberations, I will instruct you again in greater detail. I am sure you will bear these principles in mind and will keep an open mind until you have heard all the evidence and my formal instructions.

### Procedure

In a moment, the parties are going to give their opening statements. What the lawyers say in their openings is not evidence; rather, it is a prediction or roadmap by the lawyer of what he or she expects the evidence will be. You should not decide anything about this case on the basis of the opening statements, which, like these preliminary instructions, are intended merely to orient you to the case.

After the opening statements, Mr. Birch will present his witnesses, and the Defendants may cross-examine them. Then the Defendants will present any witnesses they have, and Mr. Birch may cross-examine them. After all the evidence is in, I will instruct you on the law, the parties will make their closing arguments, I will give you some final instructions, and you will retire to the jury room to deliberate on your verdict.

Starting tomorrow, and for each full day of trial, we will start at 9:00 a.m. and go as long as 4:00 p.m., although you should report to the courthouse by 8:30 a.m. We will take a break at 10:30 a.m. and start up again at 10:45 a.m. At noon, we will take a one-hour lunch break. We will start again at 1:00 p.m., take a fifteen-minute break at 2:30 p.m. until 2:45 p.m., and then go to 4:00 p.m.

I will do my best to adhere to this timeline, but I ask for your patience if any testimony runs over.

Thank you for your attention.