UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RALPH BIRCH,<br><br>       Plaintiff,<br>-against-<br><br>TOWN OF NEW MILFORD et al.,<br><br>       Defendants. | No. 3:20-CV-1790 (VAB)<br><br><br><br>March 16, 2025 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S PROPOSED
REVISIONS TO THE DRAFT VERDICT FORM**

Pursuant to Federal Rule of Civil Procedure 49, Plaintiff respectfully submits the following points and authorities in support of his proposed revisions to the Court's draft verdict form, ECF No. 293.

**I.   The Verdict Form Should Not Invite the Jury to Apportion Compensatory Damages by Claim and Defendant**

The current draft of the verdict form would improperly prompt the jury to award separate compensatory damage amounts as to each defendant on each separate claim for which it finds liability. The Second Circuit has repeatedly "reiterate[d]," however, "that this form of verdict should be avoided where defendants, if liable, are liable jointly and severally for a single injury." Aldrich v. Thomson McKinnon Sec., Inc., 756 F.2d 243, 248 (2d Cir. 1985) (citing Gagnon v. Ball, 696 F.2d 17, 19 n.2 (2d Cir.1982) (noting "the inadvisability of the procedure" of allocating damages for an indivisible injury)). "The jury should be asked, instead, what amount of damages the plaintiff has suffered. Damages in this amount can then be awarded, jointly and severally, against each defendant found liable." Aldrich, 756 F.2d at 248.

Here, Plaintiff suffered an indivisible injury for which all liable Defendants will be jointly and severally liable: his wrongful incarceration. The only compensatory damages evidence Plaintiff presented at trial was testimony about the loss of liberty, pain and suffering, and emotional distress he endured while wrongfully incarcerated because of the deprivation of his right to a fair trial. There is no rational evidentiary basis for the jury to conclude that particular conduct by Shortt or Jordan was a proximate cause of some, but not all, of that injury. It is improper for the jury to "allocate compensatory damages among defendants" unless "the liability of a defendant is limited to acts that inflict only a portion of the damages." O'Neill v. Krzeminski, 839 F.2d 9, 12 (2d Cir. 1988). The jury heard no such evidence, so the draft verdict form will almost inevitably result in either improper duplication or apportionment of the damages and require a new trial on damages. *See, e.g.*, Rodick v. City of Schenectady, 1 F.3d 1341, 1348 (2d Cir. 1993) (remanding for new damages trial in civil rights action due to district court's failure instruct the jury that "different amounts of liability could not be allocated to the individual officers" and finding use of a verdict form soliciting separate compensatory damage awards for each defendant was "an invitation to the jury to come up with an erroneous damage calculation").

Because Plaintiff's injury is indivisible, if the jury finds both Shortt and Jordan liable, there is no basis to allocate separate compensatory damage amounts to each claim and each defendant. Particularly given that the Court plans to give a cautionary instruction on double recovery, inviting the jury to award separate compensatory damages in this way would be a recipe for confusion and error. The jury is likely to incorrectly assume that it should divide and allocate the compensatory damages award based on its ad hoc assessment of the defendants' relative blameworthiness—but as the

Court's draft instructions elsewhere acknowledge, that would be error. *See* ECF No. 292 at 32 (purpose of compensatory damages is "restoring to a plaintiff, as far as money can, what he lost because of the harm he suffered" rather than "to punish either Detective Jordan or Detective Shortt, or both of them, for their unlawful actions"); *see also* McFadden v. Sanchez, 710 F.2d 907, 914 n.6 (2d Cir. 1983) (noting that a form eliciting individual *punitive* damages awards against different defendants "is to be contrasted with the form normally appropriate for a special verdict as to compensatory damages, which simply asks the jury to determine what amount of compensatory damages, if any, the plaintiff is entitled to receive").

At best, the current draft verdict form would implicitly inject a comparative fault defense into the case that was never pled[1] and on which the jury will not be instructed. In addition to lacking an appropriate procedural or evidentiary basis, because the individual defendants are jointly represented, this approach would also create a conflict of interest between Jordan and the Shortt estate that would likely require a retrial and the disqualification of defense counsel. *See* Blake v. Race, No. 01 Civ. 6954, 2005 WL 8181513, at *5 (E.D.N.Y. Jan. 12, 2005). We are confident that neither the Court nor either party desires that outcome. Accordingly, to avoid the risk of tainting a potential

---

[1] Even if some factual basis existed to allocate Plaintiff's damages between Shortt and Jordan, apportionment is an affirmative defense under both state and federal law that has been neither pleaded nor pursued and is therefore waived. *See, e.g.*, Ramsay v. Camrac, Inc., 899 A.2d 727, 737 (Conn. App. 2006) (noting that, under Connecticut law, "in order for apportionment to apply a defendant must plead contributory negligence as an affirmative defense" and carry the burden of proof on that issue (alterations omitted)); Banks ex rel. Banks v. Yokemick, 177 F. Supp. 2d 239, 265 (S.D.N.Y. 2001) (noting that in order to seek equitable apportionment under § 1983, a defendant must "establish by a preponderance of the evidence the comparative shares of responsibility among other defendants involved in causing the injuries for which the jury found liability"). Obviously, if Shortt and Jordan had pleaded crossclaims against one another for contributory negligence or equitable apportionment, *see* Fed. R. Civ. P. 13(g), separate counsel would have been required.

judgment, Plaintiff respectfully requests that the Court revise the jury form to solicit a single amount for the entire compensatory damage award, if any.

**II. The Verdict Form Should Be Revised to Present the *Brady* Claim and the Negligence Claims Against Defendant Jordan as Mutually Exclusive Alternative Theories**

Given that the Court plans to instruct the jury that it must find intentional suppression to find for Plaintiff on the *Brady* claim, the jury should not be permitted to find Defendant Jordan liable for negligence if it finds him liable under § 1983. Under Connecticut law, "intentional conduct and negligent conduct . . . are separate and mutually exclusive." Am. Nat'l Fire Ins. Co. v. Schuss, 221 Conn. 768, 775 (1992). Where "in a given case there may be doubt about whether one acted intentionally or negligently," *see* id. at 776, the jury should determine that factual question—but it cannot rationally find both intentionality and negligence. *See* Clinton v. Aspinwall, 344 Conn. 696, 712 (2022) (suggesting that a verdict determining the same conduct to be both intentional and negligent "would result in a legally inconsistent finding that requires a new trial").

If the jury determines that the information concerning the $1,000 was materially exculpatory and that Defendant Jordan intentionally suppressed it, it should find for Plaintiff on the *Brady* claim but *not* the negligence claims against Jordan. If the jury determines that the information was materially exculpatory and that Defendant Jordan violated the standard of care by failing to properly disclose it without any subjective intent to suppress, it should find for Plaintiff on the negligence claims but *not* the *Brady* claim. And if the jury determines that Jordan did disclose the information to the prosecutor or that the information was immaterial, it should find for Defendant Jordan

on both claims. Plaintiff thus requests that the verdict form be revised to present the *Brady* and related negligence claims in the alternative.

### III. Any Special Interrogatories Concerning Qualified Immunity Should Be Deferred Until After a General Verdict Is Returned, Should Be Limited, and Should Require Defendants to Bear the Burden of Proof

The Court should carefully determine that "a particular finding of fact is essential to a determination by the court that the defendant is entitled to qualified immunity" before submitting a special interrogatory on the subject. Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir. 2007). Several of Defendants' proposed special interrogatories far exceed that bound. A number of their proposals simply seek to submit each individual element of each claim against each defendant to the jury as a freestanding interrogatory, which is both needlessly tedious and a recipe for confusion. As the Court's draft verdict form makes clear, once the Court has duly instructed the jury about the elements of each claim, the verdict form can and should simply ask whether Plaintiff has proven that claim by a preponderance of the evidence. Plaintiff further respectfully suggests that because special interrogatories will only be necessary to the extent the jury finds liability as to one or more of the § 1983 claims, deferring them until after a general verdict is returned on each claim will maximize efficiency and minimize confusion.

Defendants' proposed special interrogatories also travel far afield of the correct qualified immunity inquiry. Several seek to inquire of the jury whether Defendants were contemporaneously subjectively aware of the applicable legal duty governing Plaintiff's claims. *See, e.g.*, ECF No. 270-1 at 2 ("Do you find that Detective Shortt knew at the time of the interview that he had a duty to intervene to address the fabrication of evidence?"). Such questions are irrelevant to the qualified immunity determination, which turns on the legal question of whether the duty was clearly established, not the factual question of

what individual officers subjectively knew about it. Jones v. Treubig, 963 F.3d 214, 231 (2d Cir. 2020) (observing that "the reasonableness of an officer's view of the law is decided by the district court," not the jury).

Other proposed interrogatories ask about the subjective factual beliefs of the Defendants at the time of the alleged constitutional violations, such as whether Shortt knew Cocchia's statement was false, ECF No. 270-1 at 2, or whether Defendant Jordan "knew the $1,000 was exculpatory evidence," id. at 7. These interrogatories are similarly improper. What each defendant "himself 'believed' is not a consideration in determining qualified immunity for a federal constitutional violation," Outlaw v. City of Hartford, 884 F.3d 351, 369 (2d Cir. 2018); what matters is what a reasonable officer in their position *should* have understood. Jones, 963 F.3d at 234 (finding affirmative answer to special interrogatory concerning officer's subjective factual knowledge insufficient to establish qualified immunity).

Finally, because "a defendant has the burden of proof with respect to affirmative defenses, and qualified immunity is such a defense," Lore v. City of Syracuse, 670 F.3d 127, 149 (2d Cir. 2012), any special interrogatories the Court elects to issue should be phrased to ask whether Defendants have proven a given fact by preponderance of the evidence. In the event the submission of special interrogatories to the jury becomes necessary, Plaintiff respectfully submits that the Court may wish to give a supplementary instruction immediately before the jury considers them, alerting the jury that the questions concern an affirmative defense on which Defendants bear the burden of proof by preponderance of the evidence.

Dated: March 16, 2025

THE PLAINTIFF,
RALPH BIRCH

By: /s/ David A. Lebowitz
KAUFMAN LIEB LEBOWITZ
   & FRICK LLP
David A. Lebowitz, *pro hac vice*
Douglas E. Lieb (ct31164)
Alyssa Isidoridy, *pro hac vice*
18 E. 48th Street, Suite 802
New York, NY 10017
(212) 660-2332

KIRSCHBAUM LAW GROUP,
   LLC
Damon A. R. Kirschbaum (ct21216)
935 Main Street, Level A
Manchester, CT  06040
(860) 522-7000