**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

RALPH BIRCH,
    *Plaintiff*,

    v.                                   No. 3:20-cv-1790 (VAB)

TOWN OF NEW MILFORD et al.,
    *Defendants*.

**POST-TRIAL JURY INSTRUCTIONS**

**(ANNOTATED)**

**INTRODUCTION** ................................................................................ **4**

**I.    GENERAL INSTRUCTIONS** ...................................................... **4**

   A.    Role of the Court ..................................................................... 4

   B.    Instructions to be Considered as a Whole ............................... 5

   C.    Both Sides Entitled to a Full and Fair Hearing ....................... 5

   D.    All Persons Stand Equal Before the Law ................................. 6

   E.    Objections and Rulings ............................................................ 6

   F.    Duties of the Jury ..................................................................... 6

   G.    "Prove," "Find," and "Establish" ............................................ 7

   H.    Burden of Proof—Preponderance of the Evidence ................. 7

   I.    Three Forms of Evidence ......................................................... 8

   J.    What Is and What Is Not Evidence .......................................... 9

   K.    Direct and Circumstantial Evidence ...................................... 10

   L.    Definition of "Inference" ...................................................... 11

   M.    Deposition Testimony as Substantive Evidence .................... 11

   N.    Witness Credibility—Generally ............................................ 12

   O.    Expert Testimony ................................................................... 13

   P.    Impeachment of a Witness ..................................................... 13

   Q.    Uncontradicted Testimony ..................................................... 14

**II.    THE ISSUES AND CLAIMS IN THIS CASE** ....................... **15**

   A.    42 U.S.C. Section 1983 .......................................................... 15

    1.    Failure to Intervene in the Fabrication of Evidence ............... 16

    2.    Suppression of Materially Favorable Evidence ..................... 19

   B.    Negligence ............................................................................. 20

    1.    Common-Law Negligence ...................................................... 24

    2.    Statutory Negligence .............................................................. 27

    3.    Negligent Infliction of Emotional Distress ............................ 28

**III.    DAMAGES** .............................................................................. **31**

   A.    General Instructions ............................................................... 31

   B.    Compensatory Damages ......................................................... 32

   C.    Nominal Damages .................................................................. 35

   D.    Punitive Damages [IF APPLICABLE] .................................. 35

**IV.    FURTHER INSTRUCTIONS FOR DELIBERATIONS** ......... **35**

Deleted: 14

Deleted: 18

Deleted: 20

Deleted: 21

Deleted: 25

Deleted: 28

Deleted: 29

Deleted: 36

Deleted: 36

Deleted: 38

A.  Closing Arguments .................................................................................... 35

B.  Lawyers' Arguments Are Not Evidence ........................................................ 36

**CONCLUSION** ................................................................................................... **36**

Deleted: 38

Deleted: 38

Deleted: 39

**INTRODUCTION**

Members of the jury, you now have heard all of the evidence. At this point, I am going to instruct you about the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you, justice could not be done in this case.

It will take some time for me to read these instructions to you, but it is important that you listen carefully. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on these copies. You will be permitted to take them into the jury room with you.

My instructions will be in three parts. First, I will discuss general rules concerning the role of the court and the duty of the jury. Second, I will go over the claims in this case, identify the questions of fact that you must answer based on the evidence presented at trial, and discuss the applicable law. Third, I will give you some final rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats—namely, the Verdict Form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. You will have with you the following: the original of the verdict form, copies of the original exhibits, your copies of these instructions, and any personal notes that you may have taken. At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

I.      **GENERAL INSTRUCTIONS**

   A.  **Role of the Court**

As the judge, I perform two functions during the trial. First, I decide what evidence you may consider. You have heard me doing that throughout the trial. Second, I instruct you on the

4

law that you are to apply to the facts. I gave you some preliminary instructions before the trial

began, and some during the course of the trial, but it is now—at the close of evidence—that most

of the instructions are given, so please be patient and listen closely. If any of the lawyers state the

law differently from the way I am explaining it to you, you are to follow my instructions.

**B.  Instructions to be Considered as a Whole**

This is a long instruction, and I may repeat certain parts. That does not mean that those

parts should be emphasized. You should not single out any one part of my instructions and

ignore the rest. Instead, you should consider all of the instructions as a whole and consider each

instruction in light of all the others. The order in which I give you instructions does not indicate

their relative importance. Do not read into these instructions, or into anything I have said or done

any suggestion about what verdict you should return—that is a matter for you alone to decide.

I should also point out that, although you have been given a copy of the instructions to

follow as I deliver them, if I say aloud anything at all different from what is written, you must

follow what I say here in court.

**C.  Both Sides Entitled to a Full and Fair Hearing**

Regardless of your ultimate decision about the parties' claims and defenses, the parties in

this case are entitled to a full and fair hearing. You must remember that one of the most

important functions of our system is to give all the parties to a dispute a full and fair hearing,

regardless of the final outcome of the case. It is your duty, therefore, to give careful thought to

every issue set forth by these instructions, regardless of any feeling that you may have about

which party is right.

**D.  All Persons Stand Equal Before the Law**

As you know, this case involves a private individual as well as various law enforcement officials. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar station in life. All persons stand equal before the law and are to be dealt with as equals in a court of justice.

**E.  Objections and Rulings**

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible. You should not prefer or dislike an attorney or a party because an attorney made objections, or because an attorney failed to make objections, during the trial.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. You must disregard any testimony that I have stricken, because it is not evidence. Finally, if I instructed you to consider an item of evidence for a limited purpose only, you must follow that instruction.

**F.  Duties of the Jury**

It is your duty to find the facts from all of the evidence in the case. In reaching a verdict, you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding

6

or interpretation of the law other than the one I give you. You must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies that you may have. You should not, therefore, consider any personal feelings you may have about the race, religion, national origin, sex, age, wealth, lifestyle, or other features of the parties or their attorneys. In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially. If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

The verdict you reach must be unanimous; that is, agreed upon by each of you. You each must decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors. Your verdict must be based solely upon the evidence developed at this trial.

**G. "Prove," "Find," and "Establish"**

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what Mr. Birch must do in order to win this case. My use of the word "prove" means "prove by the appropriate burden of proof," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts or the parties "establishing" various facts, you must determine whether those facts have been proven by the appropriate burden of proof, even if I simply use the word "find" or "establish."

**H. Burden of Proof—Preponderance of the Evidence**

Because this is a civil case, Mr. Birch has the burden of proving every disputed part of his claims by a preponderance of the evidence.

To establish a fact by a preponderance of the evidence, Mr. Birch must prove that the fact is more likely true than not true. You will recall the example I gave you at the beginning of this

trial of the scales of justice. If you find that the credible evidence on a given issue is evenly divided between the parties, or tips in favor of the Defendants, then you must decide that issue for the Defendants. However, if Mr. Birch proves that a fact is more likely true than not, even slightly, then you are to find that Mr. Birch has proven that fact by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them. A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented.

Some of you may have heard of proof beyond a reasonable doubt, which is the standard of proof in a criminal trial. That requirement does not apply to a civil case such as this, and you should not consider or discuss that standard in your deliberations.

**I.  Three Forms of Evidence**

Next, I want to discuss with you generally what we mean by evidence and how you should consider it. The evidence in this case will come in three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated, or that I have directed you to find, for example, by taking "judicial notice" of a fact.

**J.  What Is and What Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, the stipulations, and the judicially noticed facts.

Questions are not evidence, answers are. At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict. Further, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given for that testimony.

What the lawyers say in their opening statements, closing arguments, comments, objections, and questions is not evidence. What they say in their closing arguments is intended to help you understand the evidence and to reach your verdict. If your recollection of the facts differs from the lawyers' statements, however, you should rely on your memory.

Moreover, what I may have said during the trial or what I may say in these instructions is not evidence and my rulings on the admissibility of evidence do not indicate any opinion about the weight of such evidence. Exhibits that have been marked for identification may not be considered by you as evidence unless and until they have been received into evidence by the court. Exhibits were received into evidence either because the parties stipulated to their admission, or when I said that an exhibit was admitted as a "full" exhibit.

In addition, materials used only to refresh a witness's recollection or to demonstrate or help explain testimony are not evidence unless they are admitted as full exhibits.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and to the exhibits you have seen.

**K. Direct and Circumstantial Evidence**

There are two types of evidence that you may consider properly in reaching your verdict.

One type of evidence is direct evidence. Direct evidence includes a witness's testimony about something the witness knows by virtue of his or her own senses—something he or she has seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts. For example, as I noted before trial, assume that when you came into the courthouse this morning the sun was shining, and it was a nice day. Assume that, because there are no windows in this courtroom, you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see or hear whether it is raining. So, you have no direct evidence of that fact. But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. On the basis of your reason, experience, and common sense, you infer from one established fact the existence or non-existence of some other fact. Circumstantial evidence is of no less value than direct evidence. It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented. Circumstantial evidence, however, does not include guesswork or conjecture. Circumstantial

10

evidence consists only of the reasonable and logical inferences that you draw from other evidence in the record.

**L.  Definition of "Inference"**

During the trial you may have heard the attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence. Mr. Birch may ask you to draw one set of inferences, while the Defendants may ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a conclusion that you are permitted, but not required, to draw from the facts that have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense. Finally, you may not draw any inferences from the mere fact that this lawsuit was filed.

**M. Deposition Testimony as Substantive Evidence**

Certain testimony was presented to you by having a transcript read to you of questions asked and answers given under oath at an earlier time. Testimony that is presented in this manner may be accepted or rejected by you in the same way as the testimony of a witness who has been physically present in court.

### N. Witness Credibility—Generally

You have had the opportunity to observe most of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness? You base it on what you have seen and heard. You watched the witness testify. Everything a witness said or did not say on the witness stand counts in your determination. How did the witness impress you? Was he or she frank, forthright and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her behavior, manner, and appearance—while testifying? Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

12

**O. Expert Testimony**

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such expert testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. In weighing the expert's testimony, you also should consider any bias, motive, or interest in the outcome of this case you may find such expert may have. You may give the opinion testimony whatever weight, if any, you find it deserves, in light of all the evidence in this case. You should not, however, accept expert testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense.

The determination of the facts in this case rests solely with you. As with the testimony of any other witness, you, the jury, may decide to accept all, some, or none of the testimony of any expert witness. If you decide that an opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not convincing to you, or if you feel that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

**P. Impeachment of a Witness**

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other

13

time the witness said or did something inconsistent with the witness's present testimony. It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony. Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

**[IF APPLICABLE] In addition, you have heard testimony that Mr. Birch was previously convicted of crimes punishable by more than one year in jail. These prior convictions were put into evidence only for you to consider in evaluating Mr. Birch's credibility. The fact that Mr. Birch was convicted of a crime does not necessarily undermine his credibility as a witness. You may consider the fact that Mr. Birch is a convicted felon as one factor in deciding how much his testimony to accept and what weight, if any, it should be given.**

You also heard Mr. Birch testify that he did not testify at his 1989 criminal trial. An accused person has the option to testify or not to testify at the trial. Mr. Birch was under no obligation to testify. He had a constitutional right not to testify. You must draw no unfavorable inferences from his choice not to testify at this criminal trial 1989.

Moved (insertion) [1]

**Q. Uncontradicted Testimony**

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached. You may decide, because of the witness's manner and demeanor, the improbability of his or her testimony, or other reasons, that such testimony is not worthy of belief.

14

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## II.     THE ISSUES AND CLAIMS IN THIS CASE

I will now instruct you on the specific claim made by the plaintiff.

Mr. Birch has filed four claims: (1) a claim for fabrication of evidence and the failure to intervene in that fabrication, (2) a claim for suppression of material favorable evidence, (3) a claim for negligence, and (4) a claim for negligent infliction of emotional distress.

I will explain the law applicable to each claim in order.

### A.  42 U.S.C. Section 1983

Mr. Birch's claim for the fabrication of evidence and the failure to intervene in that fabrication as well as his claim for suppression of material favorable evidence arise under Title 42 United States Code, Section 1983. This law permits a person to seek money damages against anyone who—under the apparent authority of state law—deprives that person of rights protected by the Constitution or laws of the United States. Specifically, § 1983 provides that:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Section 1983, by itself, does not establish or create any federally protected right. Rather, this statute allows Mr. Birch to enforce rights guaranteed to him by the United States Constitution. Before I proceed to the specific rights that Mr. Birch alleges were violated, I will first provide a general overview of what is required to prevail on a claim under section 1983.

<u>Acting under Color of Law</u>

15

The first element of Mr. Birch's claim is that the conduct complained of was committed by Detective Jordan and Detective Shortt acting under color of state law.

Action "under color of state law" means that Detective Jordan and Detective Shortt claims to be acting pursuant to authority given him by the state, even if he is misusing that authority. The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county, or city agencies.[1] [IF APPLICABLE] The Defendants have acknowledged that Detective Shortt and Detective Jordan were employed by the Town of New Milford Police Department during the period covered by the claims in this case.

I therefore instruct you, as a matter of law, that if you find that Detective Shortt and Detective Jordan were working and were present at the time of the incidents allegedly occurred, then Detective Shortt and Detective Jordan were acting under the color of state law during the time that they were on-duty.

I shall now explain the second element, the deprivation of the plaintiff's constitutional rights, in greater detail.

Deprivation of a Right

The second element that Mr. Birch must prove is that Detective Shortt and/or Detective Jordan caused the deprivation of Mr. Birch's federal right to a fair trial. I will now instruct you on Mr. Birch's specific causes of action for violations of that right.

1. Failure to Intervene in the Fabrication of Evidence

Mr. Birch claims that a police officer fabricated statements by Todd Cocchia that incriminated Mr. Birch in the murder of Everett Carr, and that Detective Shortt failed to

---

[1] This proposed charge is derived from Chapter 87, Instruction 87-69 of the Modern Federal Jury Instructions-Civil.

16

**Formatted:** Indent: First line: 0"

**Moved up [1]:** Mr.

**Moved down [2]:** Mr.

**Moved down [3]:** Proximate Cause¶
The third element that Mr. Birch must prove is proximate cause. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of Detective Shortt and Detective Jordan's acts. [3] If an injury was a direct result of or a reasonably foreseeable consequence of Detective Shortt and Detective Jordan's acts or omissions, it was proximately caused by the act or omission. In order to recover damages for an injury, Mr. Birch must show by a preponderance of the evidence that the injury would not have occurred without the conduct of Detective Shortt and Detective Jordan. ¶

**Deleted:** intentionally or recklessly deprived Mr. Birch

**Deleted:** a

**Deleted:** . In order for

**Deleted:** Birch

**Deleted:** establish this second element, he must show that those acts that you have found Detective Shortt and Detective Jordan took under color of state law caused Mr. Birch to suffer the loss of a federal right.¶
This does not mean that Detective Shortt and Detective Jordan intentionally set out to violate someone's rights. That a person had no specific intent or purpose to deprive another of his rights will not excuse him from liability if those acts did, in fact, deprive a plaintiff of his rights. Mr. Birch is entitled to relief if Detective Shortt and Detective Jordan (1) voluntarily and deliberately acted to deprive him of his rights or (2) consciously disregarded known probable consequences in reckless disregard of Mr. Birch's rights. ¶
Another way of stating reckless disregard is that Detective Shortt and Detective Jordan purposely disregarded the high probability that their actions would deprive

**Deleted:** Birch of his rights. If Detective Shortt and Detective Jordan intentionally or recklessly deprived Mr. Birch of a federal right, then the second element is satisfied. Section 1983, however, is not violated if Mr. Birch was injured only as a result of mistake, accident, or negligence[2] on the part of Detective Shortt and Detective Jordan, even if you find that he was injured as a result of those acts.¶

**Deleted:** Keeping these general requirements of a Section 1983 civil rights claim in mind,

**Deleted:** his rights

intervene to prevent the fabricated evidence from causing Mr. Birch to suffer a deprivation of liberty.

The United States Constitution guarantees persons accused of a crime the right to a fair trial.[4] When an investigating official fabricates and forwards to prosecutors known false evidence, that official violates the accused's right to a fair trial and that violation is redressable under Section 1983.[5]

When a constitutional violation occurs—like the violation of the right to a fair trial—and an observing official knows or has reason to know that that the violation is occurring, that official has an affirmative duty to intervene in the violation if they have a realistic opportunity to do so.[6]

So, in order to prove his failure to intervene in the fabrication of evidence claim, Mr. Birch needs to prove two separate things by a preponderance of the evidence.

First, Mr. Birch needs to prove that there was fabrication of evidence by another officer.

And second, Mr. Birch must prove that Detective Shortt failed to intervene to prevent fabricated evidence from causing Mr. Birch to suffer a deprivation of liberty.

  *i.  Fabrication of Evidence*

---

[4] *See Holbrook v. Flynn*, 475 U.S. 560, 567 (1986) ("Central to the right to a fair trial, guaranteed by the Sixth and Fourteenth Amendments, is the principle that 'one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial.'") (quoting *Taylor v. Kentucky*, 436 U.S. 478, 485 (1978)).

[5] *See Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("When a police officer creates false information likely to influence a jury's decision and forwards that information to prosecutors, he violates the accused's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983").

[6] *See Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994) ("An officer who fails to intercede is liable for the preventable harm caused by the actions of the other officers where that officer observes or has reason to know: . . . that any constitutional violation has been committed by a law enforcement official[]. In order for liability to attach, there must have been a realistic opportunity to intervene to prevent the harm from occurring.").

17

In order to prove that an officer fabricated evidence, Mr. Birch must prove each of the following five elements by a preponderance of the evidence.

First, that the officer accused of fabricated evidence was an investigating official.

Second, that the officer did fabricate evidence.

Third, that the fabricated evidence was material to Plaintiff's 1989 criminal case, that is, that the fabricated evidence was of a type likely to influence a finder of fact.[7]

> **Deleted:** jury's decision

Fourth, that the information was forwarded to prosecutors.

And fifth, that Mr. Birch suffered a deprivation of liberty as a result.[8] I instruct you as a matter of law that incarceration is a deprivation of liberty.[9]

### ii. Failure to Intervene

In order to prove that Detective Shortt failed to intervene, Mr. Birch must prove each of the following three elements by a preponderance of the evidence.

First, that Detective Shortt had a realistic opportunity to intervene and prevent the harm.

Second, that a reasonable person in Detective Shortt's position would know that Mr. Birch's rights were being violated.

---

[7] *Hanson v. New York City*, No. 15-CV-1447 (MKB), 2018 WL 1513632, at *17 (E.D.N.Y. Mar. 27, 2018) ("Whether the fabricated evidence is likely to influence a jury's decision can be satisfied by showing that the fabricated evidence was material to the prosecutor's case") (citing *Ricciuti v. N.Y.C. Transit Auth.*, 124 F.3d 123, 130 (2d Cir. 1997) ("Here, a reasonable jury could find, based on the evidence, that defendants Lopez and Wheeler violated the plaintiffs' clearly established constitutional rights by conspiring to fabricate and forward to prosecutors a known false confession almost certain to influence a jury's verdict."); *Frost v. New York City Police Department*, 980 F.3d 231, 250 (2d Cir. 2020), *cert. denied sub nom. City of New York v. Frost*, 142 S. Ct. 1666 (2022) (citation omitted) ("[T]here is a triable question as to whether Vega's identification would likely have influenced the jury at Frost's criminal trial given that Vega, unlike McLaurin, was not Frost's fellow suspect. These two facts, in turn, create a genuine dispute as to whether Vega's identification 'critically influenced' the decision to prosecute Frost, thereby resulting in a deprivation of his liberty.").

[8] *See Birch v. Town of New Milford*, No. 3:20-CV-1790 (VAB), 2023 WL 4684720, at *21 (D. Conn. July 21, 2023) ("To maintain a claim of fabrication of evidence under § 1983, a plaintiff must show that "an (1) investigating official (2) fabricate[d] evidence (3) that is likely to influence a jury's decision, (4) forward[ed] that information to prosecutors, and (5) the plaintiff suffer[ed] a deprivation of liberty as a result.") (quoting *Harasz v. Katz*, 239 F. Supp. 3d 461, 491 (D. Conn. 2017) (quoting *Garnett v. Undercover Officer C0039*, 838 F.3d 265, 277 (2d Cir. 2016)))

[9] *See cf. Barnes v. City of New York*, 68 F.4th 123, 128–133 (2d Cir. 2023) (stating that for fabricated-evidence claims, a deprivation of liberty claim can be more than just "custody or conviction")

18

And third, that Detective Shortt did not take reasonable steps to intervene.[10]

2.  Suppression of Materially Favorable Evidence

Mr. Birch claims that Detective Jordan suppressed materially favorable evidence by failing to disclose to the prosecutor in the case that there was $1,000 in cash found at the crime scene.

The United States Constitution guarantees persons accused of crimes the right to due process. This right requires the prosecution to disclose materially favorable evidence to criminal defendants.[11]

In order to prove that Detective Jordan suppressed materially favorable evidence, Mr. Birch must prove each of the following three elements by a preponderance of the evidence.

First, Mr. Birch must show that Detective Jordan intentionally suppressed evidence.

Second, Mr. Birch must show that the suppressed evidence was favorable to him.

And third, Mr. Birch must show that the suppressed evidence was material. Information is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome of Mr. Birch's 1989 criminal trial. However, Mr. Birch need not demonstrate that after discounting the inculpatory evidence at his 1989 criminal trial in light of the undisclosed evidence about the $1,000, there would not have been enough left to convict.

> **Deleted:** Birch must show that Detective Jordan's failure to disclose this evidence resulted in prejudice.[12]

---

[10] *See Cotto v. City of Middletown*, 158 F. Supp. 3d 67, 83 (D. Conn. 2016) ("Liability may attach only when (1) the officer had a realistic opportunity to intervene and prevent the harm; (2) a reasonable person in the officer's position would know that the victim's constitutional rights were being violated; and (3) the officer does not take reasonable steps to intervene.") (quoting *Jean–Laurent v. Wilkinson*, 540 F.Supp.2d 501, 512 (S.D.N.Y.2008), *aff'd sub nom. Jean–Laurent v. Wilkerson*, 461 Fed. Appx. 18 (2d Cir.2012)).

[11] *Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.").

19

**Deleted:** Evidence is prejudicial if it is material to

## Proximate Cause

The third element that Mr. Birch must prove is proximate cause. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of Detective Shortt and Detective Jordan's acts. [15] If an injury was a direct result of or a reasonably foreseeable consequence of Detective Shortt and Detective Jordan's acts or omissions, it was proximately caused by the act or omission. In order to recover damages for an injury, Mr. Birch must show by a preponderance of the evidence that the injury would not have occurred without the conduct of Detective Shortt and Detective Jordan.

**Moved down [4]:** Mr.

**Moved (insertion) [3]**

**Deleted:** Birch's guilt or punishment.[13] Evidence is material if there is a reasonable probability that if the evidence was disclosed, it would have changed the outcome of the case, or where the suppressed evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.[14][ **[NOTE: DEPENDING ON AND CONSISTENT WITH THE EVIDENCE PRESENTED AT TRIAL, THE COURT WILL CONSIDER WHETHER ADDITIONAL LANGUAGE TO THE JURY INSTRUCTIONS SHOULD BE PROVIDED, AS WELL AS SPECIAL INTERROGATORIES ADDED, RELATED TO THE AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY AS TO BOTH OF MR. BIRCH'S FEDERAL CLAIMS].**

### B. Negligence

Negligence is the violation of a legal duty which one person owes to another.[16]

Mr. Birch also claims that Detective Jordan and Detective Shortt were negligent in their investigation of Mr. Birch, negligent in pursuing and disclosing exculpatory evidence, and negligent in refraining from fabricating evidence and pursuing criminal prosecutions without sufficient evidence. Finally, Mr. Birch claims that Detective Jordan and Detective Shortt negligently inflicted him with emotional distress.

---

[15] *Noga v. City of Schenectady Police Officers*, 169 F. Supp. 2d 83, 89 (N.D.N.Y. 2001) ("'[S]ection 1983 requires that the plaintiff prove . . . that the defendant caused the deprivation of his or her [constitutional] rights.' . . . The test for proximate cause is whether the defendant's actions or his failure to act were 'substantial factor[s] in the sequence of causation and whether the injury is reasonably foreseeable or anticipated as a natural consequence' of the defendant's actions or his failure to act." (first quoting *Sanchez v. Bellefeuille*, 855 F. Supp. 587, 595 (N.D.N.Y. 1994) and then citing *Hydro Investors, Inc. v. Trafalgar Power Inc.*, 227 F.3d 8, 15 (2d Cir. 2000))).
[16] Connecticut Judicial Branch Civil Jury Instructions, 3.6-1.

Mr. Birch's negligence claims against Detective Jordan are mutually exclusive of, and asserted as an alternative to, his claim against Detective Jordan under 42 U.S.C. § 1983. So, if you find Detective Jordan liable under 42 U.S.C. § 1983, you will not consider Mr. Birch's negligence claims against him. You will consider Mr. Birch's negligence claims against Detective Shortt regardless of whether you also find Detective Shortt liable under 42 U.S.C. § 1983.

There are three types of negligence claims at issue here; statutory negligence[17], common-law negligence, and negligent infliction of emotional distress. Mr. Birch has asserted a claim of statutory negligence against Detective Jordan only. Mr. Birch has asserted claims of common-law negligence and negligent infliction of emotional distress against both Detective Jordan and Detective Shortt. As to the claims for common-law negligence and negligent infliction of emotional distress, there is an issue for you to consider.

Detective Jordan and Detective Shortt have claimed governmental immunity with respect to Mr. Birch's claims for common-law negligence and negligent infliction of emotional distress. I instruct you that you are not to consider governmental immunity with respect to Mr. Birch's claim for statutory negligence against Defendant Jordan. As to Mr. Birch's claims for common-law negligence and negligent infliction of emotional distress, Mr. Birch claims that there is an exception to governmental immunity which allows him to hold either Detective Jordan or Detective Shortt, or both, liable for his injuries caused by their negligent acts or omissions.[19] Ordinarily, a municipal employee has immunity from liability.[20] However, a municipal employee

---

[17] "It is axiomatic that a cause of action sounding in negligence per se is but a form of the common-law tort of negligence." *Town of Plainville v. Almost Home Animal Rescue & Shelter, Inc.*, 182 Conn. App. 55, 65, 187 A.3d 1174, 1181 (2018) (citing D. Wright et al., Connecticut Law of Torts (3d ed. 1991) § 38, p. 71).
[19] *See* Connecticut Judicial Branch Civil Jury Instructions, 3.3-5.
[20] *Id.*

21

is not immune from liability if the harm likely to caused by his actions or inactions was imminent and that imminent harm was apparent to the municipal employee.[21]

**Deleted:**

This exception has three components, each of which Mr. Birch must prove by a preponderance of the evidence, existed at the time of his alleged injury.[22] These components are: (1) that Mr. Birch was an identifiable victim with respect to his claims of negligence against either Detective Jordan or Detective Shortt, or both; (2) that the harm which he claims befell him was imminent when either Detective Jordan or Detective Shortt, or both, acted or failed to act; and (3) that it was apparent to either Detective Jordan or Detective Shortt, or both, that his/their conduct was likely to subject Mr. Birch to the particular harm alleged.[23]

You must first determine whether Mr. Birch was an identifiable victim.[24] Mr. Birch alleges that he was an identifiable victim at the time of the incident.[25] If you find that Mr. Birch was an identifiable victim, you will proceed to the next component.[26] If you do not find that Mr. Birch was an identifiable victim, you will return a verdict in favor of either Detective Jordan or Detective Shortt, or both.[27]

The second component of this exception requires you to determine whether Mr. Birch has proven that the harm to which he was subjected, if any, was "imminent."[28] In this context, "imminent" means about to occur at any moment, close to happening, or on the verge of happening.[29] Mr. Birch must prove what the surrounding circumstances were and that the need

---

[21] *Id.*
[22] *Id.*
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] *Id.*
[27] *Id.*
[28] *Id.*
[29] *Id.*

for either Detective Jordan or Detective Shortt, or both, to act to prevent imminent harm to Mr. Birch was clear and unequivocal.[30]

The third component that Mr. Birch must prove is that the particular, imminent danger to which he claims he was exposed, as an identifiable victim, was apparent to a reasonable person in either Detective Jordan or Detective Shortt's position, or the position of both of them.[31] The risk has to have been sufficiently great that it must have been apparent to either Detective Jordan or Detective Shortt, or both, that there was a clear and unequivocal need to act promptly.[32] "Apparent" means easily observed and understood.[33] The circumstances surrounding the incident must have been such that it would have been apparent to either Detective Jordan or Detective Shortt, or both of them, that his/their failure to act would likely place Mr. Birch in imminent danger.[34]

You must refrain from resorting to the clarity of hindsight when evaluating the situation of either Detective Jordan or Detective Shortt, or both.[35] Also, you must use only the information that was available to either Detective Jordan or Detective Shortt, or both of them, when assessing whether it was apparent that injury of the sort sustained by Mr. Birch was imminent unless either Detective Jordan or Detective Shortt, or both of them, acted to prevent it.[36]

Although the components have been identified separately, they are interconnected.[37] The criteria of identifiable person and imminent harm must be evaluated with reference to each other.[38] An allegedly identifiable person must be identifiable as a potential victim of a specific

---

[30] Id.
[31] Id.
[32] Id.
[33] Id.
[34] Id.
[35] Id.
[36] Id.
[37] Id.
[38] Id.

23

imminent harm.[39] Likewise, the alleged imminent harm must be imminent in terms of its impact on a specific identifiable person.[40] For the purposes of the imminent harm exception, it is impossible to be an identifiable person in the absence of any corresponding imminent harm.[41]

Unless you find that Mr. Birch has proved both imminency and apparentness components as I have explained them to you, either Detective Jordan or Detective Shortt, or both, retain immunity from responsibility for Mr. Birch's injuries, and you must return a verdict for either Detective Jordan or Detective Shortt, or both.[42] If you find that Mr. Birch has proven both imminency and apparentness components by a preponderance of the evidence, either Detective Jordan or Detective Shortt, or both have no immunity, and you will proceed to determine whether Mr. Birch has proven these negligence claims, in accordance with the principles I will now discuss with you.[43]

1. Common-Law Negligence

Common-law negligence is the failure to use reasonable care under the circumstances.[44] Reasonable care is the care that a reasonably prudent person would use in the same circumstances.[45] In determining the care that a reasonably prudent person would use in the circumstances, you should consider all of the circumstances which were known or should have been known to the defendant at the time of the conduct in question.[46] Whether care is reasonable depends upon the dangers that a reasonable person would perceive in those circumstances.[47] It is

---

[39] *Id.*
[40] *Id.*
[41] *Id.*
[42] *Id.*
[43] *Id.*
[44] Connecticut Judicial Branch Civil Jury Instructions, 3.6-3.
[45] *Id.*
[46] Connecticut Judicial Branch Civil Jury Instructions, 3.6-4.
[47] *Id.*

common sense that the more dangerous the circumstances, the greater the care that ought to be exercised.[48]

      A duty to use care exists when a reasonable person, knowing what the defendant here either knew or should have known at the time of the challenged conduct, would foresee that harm of the same general nature as that which occurred here was likely to result from that conduct.[49] If harm of the same general nature as that which occurred here was foreseeable, it does not matter if the manner in which the harm that actually occurred was unusual, bizarre, or unforeseeable.[50]

      Mr. Birch must prove that any harm for which he seeks compensation from Detective Jordan and Detective Shortt was caused by them. The first issue for your consideration is: "Was Mr. Birch harmed?" If the answer is no, you will render a verdict for either Detective Jordan or Detective Shortt, or both. If the answer is yes, you will proceed to issue of legal causation.

      Legal causation has two components. The first is causation in fact. The test for causation in fact, is simply, would the injury have occurred were it not for either Detective Jordan's or Detective Shortt's breach of a duty of care, or both, assuming you find such a breach. If the injury would have occurred even if there had not been a breach of the duty of care, then the breach is not the legal cause of the injury, and then you will render a verdict for either Detective Jordan or Detective Shortt, or both.

      The second component of legal causation is what we call proximate cause. The test of proximate cause is whether either Detective Jordan's or Detective Shortt's negligence, or the negligence of both, is a substantial factor in producing the plaintiff' injury. In other words, if

---

[48] *Id.*
[49] Connecticut Judicial Branch Civil Jury Instructions, 3.6-7.
[50] *Id.*

either Detective Jordan's or Detective Shortt's negligence, or the negligence of both, contributed

materially and not just in a trivial or inconsequential manner to the production of the harm, then

either Detective Jordan's or Detective Shortt's negligence, or the negligence of both of them,

was a substantial factor.

      If you find that either Detective Jordan's or Detective Shortt's negligence, or the

negligence of both of them, was not a substantial factor in bringing about the harm suffered by

Mr. Birch, you will render a verdict in favor of either Detective Jordan or Detective Shortt, or

both of them. However, if you find that either Detective Jordan's or Detective Shortt's

negligence, or the negligence of both of them, was a substantial factor in causing harm to Mr.

Birch, you will consider damages as to either or both of them.

      Under the definitions I have given you, negligent conduct can be a proximate cause of an

injury if it is not the only cause, or even the most significant cause of the injury, provided it

contributes materially to the production of the injury, and thus is a substantial factor in bringing

it about. Therefore, when a defendant's negligence combines together with one or more other

causes to produce an injury, such negligence is a proximate cause of the injury if its contribution

to the production of the injury, in comparison to all other causes, is material or substantial.

When, however, some other cause contributes so powerfully to the production of an injury as to

make either Detective Jordan or Detective Shortt's negligent contribution, or the negligent

contribution of both of them, to the injury merely trivial or inconsequential, either Detective

Jordan's or Detective Shortt's negligence, or the negligence of both of them, must be rejected as

a proximate cause of the injury, for it has not been a substantial factor in bringing the injury

about.[51]

---

[51] Connecticut Judicial Branch Civil Jury Instructions, 3.1-2.

To prove that an injury is a reasonably foreseeable consequence of negligent conduct,

Mr. Birch need not prove that either Detective Jordan or Detective Shortt, or both of them,

actually foresaw or should have foreseen the extent of the harm suffered or the manner in which

it occurred. Instead, Mr. Birch must prove that it is a harm of the same general nature as that

which a reasonably prudent person in either Detective Jordan or Detective Shortt's position, or

the position of both of them, should have anticipated, in view of what either Detective Jordan or

Detective Shortt knew or should have known, or what both knew or should have known, at the

time of the negligent conduct.[52]

### 2. Statutory Negligence

Statutory negligence is the failure to conform one's conduct to a duty imposed by the

legislature through the enactment of a statute. Negligence can arise from a violation of a statute

that creates a duty by declaring that certain requirements must be followed or that certain acts

must not be done.[53] By enacting such a law, the legislature has determined the appropriate

standard of care to which an individual's conduct must conform.[54] Conduct that violates the

requirements of such a statute constitutes negligence.[55]

The plaintiff has alleged that Detective Jordan has violated the following statutory duty

under Connecticut General Statute 54-86c(c): "Each peace officer . . . shall disclose in writing

any exculpatory information or material which he may have with respect to any criminal

investigation to the prosecutorial official in charge of such case."[56] Mr. Birch alleges that

---

[52] Connecticut Judicial Branch Civil Jury Instructions, 3.1-4.
[53] Connecticut Judicial Branch Civil jury Instructions, 3.6-13.
[54] *Id.*
[55] *Id.*
[56] *See id.*

27

Deleted: A superseding cause, by contrast, is any force which, by its intervention in the sequence of events leading from either Detective Jordan's or Detective Shortt's negligence, or the negligence of both of them, to Mr. Birch's injury, prevents either Detective Jordan or Detective Shortt, or both of them, from being held liable for the injury even though his negligence has been a substantial factor in bringing the injury about.

Detective Jordan violated this duty by failing to disclose to the prosecutor that $1,000 cash was found at the crime scene.[57]

A violation by Detective Jordan of a duty imposed by this statute constitutes negligence.[58] If you find that Detective Jordan has violated this statute, then Detective Jordan's conduct is negligent as a matter of law.[59]

A defendant who has violated a statutory duty is negligent as a matter of law, unless there is a valid excuse or justification for the violation. If you find that valid excuse or justification exists, then the defendant's conduct is not negligent as a matter of law. All persons are required to make reasonable efforts to comply with the laws governing their conduct. The defendant has the burden of proving by a preponderance of the evidence that a valid excuse or justification exists. A valid excuse or justification exists if you find, from the evidence presented: that the defendant made reasonable efforts to comply with the statutory requirements, but a violation occurred of which the defendant was unaware, or that the defendant made reasonable efforts to comply with the statutory requirements, but after making such efforts, the defendant was unable to comply.

3. Negligent Infliction of Emotional Distress

Finally, Mr. Birch claims that Detective Jordan and Detective Shortt negligently inflicted him with emotional distress.

If, as instructed above, Mr. Birch failed to prove both the imminency and apparentness components providing for an exception to governmental immunity, then either Detective Jordan or Detective Shortt, or both of them, retain immunity for responsibility for Mr. Birch's injuries,

---

[57] *See id.*
[58] *See id.*
[59] *See id.*

and you must return a verdict for either Detective Jordan or Detective Short, or both of them, on this claim.[60] You are only to consider this claim if Mr. Birch has proven both imminency and apparentness by a preponderance of the evidence. Thus either Detective Jordan or Detective Short, or both of them, have no immunity, in which case, you will proceed to determine whether Mr. Birch has proven the elements of his negligent infliction of emotional distress claim.[61]

In order to prove that Detective Jordan and Detective Shortt negligently inflicted him with emotional distress, Mr. Birch must prove each of the following three elements by a preponderance of the evidence.

First, that either Detective Jordan or Detective Shortt, or both of them, engaged in conduct that either one or both should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury.

Second, that the conduct caused emotional distress to Mr. Birch.

And third, that the distress was of such a nature as might result in illness or bodily harm.[62]

As to the first element, that is, that either Detective Jordan or Detective Shortt, or both of them engaged in conduct that they should have realized involved an unreasonable risk of causing emotional distress and that that distress, if it were caused, might result in illness or bodily injury, Mr. Birch need not prove that either Detective Jordan or Detective Shortt, or both of them, intended to cause any harm or distress to Mr. Birch but only that either Detective Jordan or Detective Shortt, or both of them, should have known that it was likely that a reasonable person

---

[60] Connecticut Judicial Branch Civil Jury Instructions, 3.3-5.
[61] *Id.*
[62] Connecticut Judicial Branch Civil Jury Instructions, 3.12-2.

under the circumstances would be distressed by the conduct and that that distress might result in illness or bodily injury.[63]

As to the second and third elements, you must determine whether Mr. Birch actually experienced fear or distress, and if so, whether the fear or distress experienced by Mr. Birch was reasonable in light of the conduct of either Detective Jordan or Detective Shortt, or both of them.[64]

If you find that it was reasonable for Mr. Birch to experience distress in light of the conduct of either Detective Jordan or Detective Shortt, or both of them, then Mr. Birch is entitled to prevail and you can go on to consider damages. Conversely, if any distress experienced by Mr. Birch was unreasonable in light of the conduct of either Detective Jordan or Detective Shortt, or both of them, then you cannot find in favor of Mr. Birch on this count and you must return a verdict for either Detective Jordan or Detective Shortt, or both of them.

If you find that Mr. Birch has proved all of the elements of negligent infliction of emotional distress, you will find for Mr. Birch and award damages on this count as I will describe in the "Damages" section of these instructions. If you find that Mr. Birch has not proved the elements of negligent infliction of emotional distress as to either Detective Jordan or Detective Shortt, or both of them, then you will return a verdict for either Detective Jordan or Detective Shortt, or both of them, on this count.[65]

---

[63] *Id.*
[64] *Id.*
[65] *Id.*

30

### III.    DAMAGES

#### A.  General Instructions

If you find that either Detective Jordan or Detective Shortt, or both of them, are liable to Mr. Birch on any of his claims, then you must determine the amount of money to award to Mr. Birch as damages.

Before I instruct you on the issue of damages, a few words of caution are in order. If you find that either Detective Jordan or Detective Shortt, both of them, are not liable to Mr. Birch on any of his claims, then you do not need to consider the subject of damages. The fact that I am telling you about the law of damages does not mean that I believe that you will, or should, find damages for Mr. Birch. Rather, my instructions include both liability and damages because I must give you instructions on all the issues in the case.

With respect to the damages claimed, as with every other matter before you, you can award only such damages as are justified by the proof and the law. The burden is on Mr. Birch to satisfy you by a fair preponderance of the evidence as to the extent and nature of the losses he suffered as a result of the acts of either Detective Jordan or Detective Shortt, or both of them. It is not the burden of either Detective Jordan or Detective Short, or both of them, to disprove the claimed losses. Our law permits counsel for any party to argue to the jury his or her view of the proper amount of damages. You should understand that what a lawyer says about the amount of damages is not evidence, but only argument and the determination of the amount to be awarded, if any, is solely your function and in your deliberations you may accept or disregard his or her argument on the amount of damages.

I will now explain the different types of damages that may apply.

31

**B. Compensatory Damages**

The purpose of money damages is to compensate Mr. Birch for the damages inflicted on him for any violations of the law that he has proven. Compensatory damages are limited to restoring to a plaintiff, as far as money can, what he lost because of the harm he suffered. They are not awarded to punish either Detective Jordan or Detective Shortt, or both of them, for their unlawful actions.

The law places the burden on Mr. Birch to prove facts that will enable you to arrive at the amount of damages with reasonable certainty. This is not a requirement of mathematical precision, and you are permitted to determine the amount of damages by estimation or approximation, as long as Mr. Birch provides you with a reasonable basis for such estimation or approximation, such that you are not required to make a calculation by guessing or speculation. You should be guided by dispassionate common sense. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial.

You shall award damages only for those injuries that you find Mr. Birch has proven by a preponderance of the evidence. Moreover, you may not simply award damages for any injury suffered by Mr. Birch—you must award damages only for those injuries that are a proximate result of Detective Jordan and/or Detective Shortt's conduct. An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury.

Mr. Birch seeks non-economic damages. Non-economic damages are monies awarded as compensation for all non-monetary losses and injuries which he plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's negligence and/or the violation of his constitutional rights.[66] They are awarded for such things as loss of liberty,

---

[66] Connecticut Judicial Branch Civil Jury Instructions, 3.4-1.

32

physical pain and suffering, mental and emotional pain and suffering, and loss or diminution of the ability to enjoy life's pleasures.[67]

A plaintiff who is injured by the negligence of another and/or the violation of his constitutional rights is entitled to be compensated for all loss of liberty, physical pain and suffering, mental and emotional suffering, loss of the ability to enjoy life's pleasures, and permanent impairment or loss of function that he proves by a fair preponderance of the evidence to have been proximately caused by the defendant's negligence and/or the violation of his constitutional rights.[68] As far as money can compensate the plaintiff for such injuries and their consequences, you must award a fair, just, and reasonable sum.[69] You simply have to use your own good judgment in awarding damages for noneconomic damages.[70] You should consider the nature and duration of any pain and suffering that you find.[71]

A plaintiff who is injured by the negligence of another and/or the violation of his constitutional rights is entitled to be compensated for mental suffering caused by the defendant's negligence for the results which proximately flow from it in the same manner as he is for physical suffering.[72]

You should consider, as a separate category for awarding damages in this case, the length of time the plaintiff was, or will probably be, disabled from engaging in activities which he enjoys.[73]

No evidence of the monetary value of such intangible things as emotional pain and suffering need be introduced into evidence. Nor must Mr. Birch prove the amount of his losses

---

[67] *Id.*
[68] *Id.*
[69] *Id.*
[70] *Id.*
[71] *Id.*
[72] *Id.*
[73] *Id.*

with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. There is no exact standard for setting the amount to be awarded for these kinds of damages. Instead, any award you make should be fair and reasonable in light of all of the evidence presented at trial, and should be guided by common sense, not bias, passion, sympathy, speculation, or guesswork. You must use your best judgment, remembering always that it is incumbent upon Mr. Birch to prove by a preponderance of the evidence that he suffered damages and the amount of damages to which he is entitled. Counsel may have stated a certain sum of money that they think you should award, but that argument is not evidence, and the award of damages is within your discretion.

<u>Double Recovery</u>

If you return a verdict for Mr. Birch with respect to any of his claims, you must award him a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of either Detective Jordan or Detective Shortt, or both of them. In this case, Mr. Birch claims that Detective Jordan suppressed material favorable evidence, and that Detective Shortt failed to intervene in the fabrication of evidence. Mr. Birch also claims that they are liable to him under claims for common-law negligence, statutory negligence, and negligent infliction of emotional distress.

If you find that either Detective Jordan or Detective Shortt, or both of them, did, in fact, violate more than one of Mr. Birch's rights, you must remember in calculating the damages that Mr. Birch is entitled to be compensated only for injuries he actually suffered. Thus, if either Detective Jordan or Detective Shortt, or both of them violated more than one of Mr. Birch's rights, but the resulting injury was no greater than if either or both had violated more than one of

34

Mr. Birch's rights, then you must remember in calculating the damages that Mr. Birch is entitled

to be compensated only for injuries he actually suffered.

Thus, if either Detective Jordan or Detective Shortt, or both of them, violated more than

one of his rights, but the resulting injury was no greater than it would have been had either or

both had violated only one of Mr. Birch's rights, you should award an amount of compensatory

damages no greater than you would award if either or both had violated only one of Mr. Birch's

rights.[74] If, on the other hand, either Detective Jordan or Detective Shortt, or both of them

violated more than one of Mr. Birch's rights and you can identify separate injuries resulting from

the separate violations, you should award an amount of compensatory damages equal to the total

of the damages you believe will fairly and justly compensate Mr. Birch for the separate injuries

he has suffered.

## IV.  FURTHER INSTRUCTIONS FOR DELIBERATIONS

### A. Closing Arguments

At this point, we will interrupt the instructions to hear closing arguments of counsel. I

will conclude the instructions after those summations. Remember, what the lawyers say in their

closing arguments is not evidence, but it is merely argument about what the evidence shows.

**[BREAK FOR CLOSING ARGUMENTS]**

---

[74] *Gentile v. Cnty. of Suffolk*, 926 F.2d 142, 154 (2d Cir. 1991) ("Duplication of recovery occurs "by compensating a single injury under two different names[.] . . . It would have been helpful if the district court had emphasized to the jury that it should not compensate for the same injury twice merely because it was caused by the violation of two different legal rights, one state and the other federal." (citations omitted)).

35

**Moved up [5]:** <#>As to Mr.

**Deleted:** <#>Nominal Damages¶
If you find that Detective Jordan violated Mr. Birch's rights the suppression of material favorable evidence,, or Detective Short violated Mr. Birch's rights by failing to intervene in the fabrication of evidence, or or both, but find that Mr. Birch has failed to prove by a preponderance of the evidence that he suffered any actual injury or loss as a result, then you may return an award of "nominal damages" in the sum of one dollar, demonstrating that liability has been proved.¶
You may not award both nominal and compensatory damages to Mr. Birch; either he was measurably injured, in which case you must award compensatory damages, or else he was not, in which case you may award nominal damages.¶

**Punitive Damages [IF APPLICABLE]¶**
In addition to either compensatory or nominal damages, you may, but need not, assess punitive damages against either Detective Jordan or Detective Shortt, or both of them, if you find in Mr. Birch's on any of his claims. An award of punitive damages is discretionary, which means that if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages or you may decide not to. In making the decision whether to award punitive damages against either Detective Jordan or Detective Shortt, or both of them, you should consider the underlying purposes of punitive damages. These purposes are to punish either Detective Jordan or Detective Shortt, or both of them, for their extreme or outrageous conduct and to set an example in order to deter others from committing similar acts in the future. Punitive damages are intended to protect the community and to express the jury's indignation at the misconduct.¶
You may award punitive damages against either Detective Jordan or Detective Shortt, or both of them, as to Mr. Birch's claims if you find that they engaged in any of the following conduct:¶
a. Willful, malicious, or oppressive violation of Mr. Birch's constitutional rights; or¶
b. An intentional act in gross disregard of Mr. Birch's constitutional rights; or¶
... [1]

**Deleted:** <#>Birch's common-law negligence, statutory negligence, and negligent infliction of emotional distress claims, punitive damages are limited to the costs of litigation, including attorney's fees, less taxable costs.[76] As a result, you should only determine whether an award of punitive damages is appropriate, and indicate that on the Verdict Form.[77]¶
If you award punitive damages against either Detective Jordan or Detective Shortt, or both of them, as to Mr. Birch's Section 1983 claim, you should indicate on the Verdict Form the amount of punitive damages to be awarded, bearing in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. The amount must not reflect bias, prejudice, or sympathy toward any party, but is to be an amount you believe necessary to fulfill the purposes of punitive damages, as I have described them.¶

**B. Lawyers' Arguments Are Not Evidence**

You have just heard closing arguments of counsel. I want to remind you that what the lawyers have said is not evidence, even if it seemed at times as if they were testifying. The lawyers merely presented their arguments about what the evidence has shown. Their credibility is not an issue that should enter into your decision in this case.

**CONCLUSION**

Your verdict must be unanimous and represent the considered judgment of each juror. Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors. It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror. Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so. But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations. Remember at all times that you are not biased; rather you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence. If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's opinions to no greater weight than

those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and be your spokesperson. A Verdict Form has been prepared for your convenience. Focusing on the questions set forth in the Verdict Form will assist you in your deliberations. You must complete and return the Verdict Form in court when you have reached your decision. You will be asked to answer the questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, date and sign the Verdict Form. Then, inform the court security officer or courtroom deputy that you have reached a verdict. The Verdict Form must be used only in connection with the charge I have just given to you. The terms used in the Verdict Form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the Verdict Form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a dollar amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions printed in italics. Please read these instructions and follow them carefully. The italicized instructions will guide you through the Verdict Form.

When you go into the jury room to begin your deliberations, you will be able to review the exhibits, but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. I encourage you to limit the recitation of testimony. It is not easy to locate specific portions of the testimony, and reading the testimony

is a time-consuming process, so please be as specific as possible if and when you decide to request a reading of testimony.

Requests that testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the courtroom deputy, Ms. Murphy, or a marshal. I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room. Deliberate only when all of you are present. After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who will escort you. No deliberations may take place without all jurors being present. If you bring your cell phones into the jury room, you must turn them off during deliberations. You must not research any issue nor communicate with each other or with anyone about the case through the Internet, e-mail, Blackberry, iPhone, text messaging, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, Instagram, X (formerly known as Twitter), TikTok, LinkedIn, and YouTube. Further, if at any time a juror is using the restroom facilities or on a cell phone, the other jurors must cease deliberations immediately and may not begin deliberations again until all jurors are present, and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you. Render your verdict fairly, uprightly and without a scintilla of prejudice. Take as long as you think is necessary to fairly and impartially reach your verdict.

Thank you for your attention.

**Page 35: [1] Deleted**                                    **Author**