**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| RALPH BIRCH, | : | 3:20-cv-01790-VAB |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| TOWN OF NEW MILFORD et al., | : | |
| | : | |
| *Defendants* | : | |
| | : | May 8, 2025 |

**DEFENDANT'S *REPLY* MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT AS A MATTER OF LAW, AND FOR AN OFFSET OF THE JURY VERDICT**

**I.    INTRODUCTION**

Pursuant to Fed. R. Civ. Proc. 50 and Fed. R. Civ. Proc. 59, the Defendants, Town of New Milford and Robert Santoro, as Administrator of the Estate of David Shortt ("Defendants"), moved for judgment as a matter of law notwithstanding the jury verdict and for an offset to the jury verdict in accordance with Connecticut General Statutes § 54-102uu. Defendants' motion should be granted for the following reasons:

The Second Circuit's mandate and the law of the case doctrine do not prevent this Court from granting judgment as a matter of law after trial. The prior finding that the evidence was sufficient to warrant a jury question does not bar reconsideration if the trial evidence ultimately failed to support the jury's verdict. These doctrines are discretionary and do not restrict the

1

Court's ability to revisit its rulings prior to final judgment. Further, the evidence at trial regarding Todd Cocchia's ("Cocchia") statements was insufficient to support the jury's verdict. Cocchia's initial statement, providing specific details about Birch's alleged confession, was consistent with the investigation at the time, and no evidence demonstrated that Detective Shortt knew the statement was false or that Detective Ocif caused Cocchia to fabricate it.

In the alternative, Defendants are entitled to an offset against the jury's verdict. The offset provision is procedural, applies retroactively to Plaintiff's prior settlement, and prevents double recovery for the same injury. Excluding legislatively approved settlements would undermine this purpose.

For these reasons, as further addressed below, the Court should grant judgment as a matter of law for Defendants or, in the alternative, offset the jury's verdict in accordance with C.G.S. § 54-102uu.

## II. LEGAL ARGUMENT

### A. Appellate Mandate

Plaintiff's argument that the "appellate mandate" and law of the case doctrine preclude granting judgment as a matter of law (#319, pp. 2–4) is without merit. While the Second Circuit and district court previously found the evidence sufficient to create a jury question, this does not foreclose granting judgment as a matter of law after trial.

**2**

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

The Second Circuit's interlocutory ruling that "a reasonable jury could find that Ocif improperly coached Cocchia to make false statements inculpating Birch, and that Shortt witnessed this coaching" does not prevent this Court from granting judgment as a matter of law if the trial evidence was insufficient to support the jury's verdict. The appellate court's pre-trial assessment that a reasonable jury "could" make certain findings does not mean that the jury's actual findings after trial were supported by sufficient evidence.

In *Williams v. County of Westchester*, the Second Circuit affirmed the district court's grant of a motion for judgment as a matter of law under Rule 50(b) in favor of the same party for whom summary judgment was earlier denied. The court explained that:

> We also reject Williams's suggestion that the trial court could not properly set aside the jury's verdict . . . because at an earlier stage of the case the court had denied a motion by defendants for summary judgment. The denial of summary judgment is an interlocutory decision. All interlocutory orders remain subject to modification or adjustment prior to the entry of a final judgment adjudicating the claims to which they pertain.

*Williams v. County of Westchester*, 171 F.3d 98, 102 (2d Cir. 1999); see also *Wierzbic v. Howard*, 331 F.R.D. 32, 45 (W.D.N.Y. 2019) ("Although a Rule 50(b) motion for judgment as a matter of law is decided according to the same standard as a Rule 56(f) summary judgment motion . . . a previous denial of summary judgment does not bar the district court from later granting judgment as a matter of law in favor of the summary judgment movant.")

3

Likewise, the law of the case doctrine is not an absolute bar to reconsideration of previously decided issues. Courts may depart from prior decisions and rulings when the circumstances of the case warrant it.

> The law of the case doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages of the same case. Application of the law of the case doctrine is discretionary and does not limit a court's power to reconsider its own decisions prior to final judgment, however, the Second Circuit has cautioned that while a court may sometimes review an earlier ruling, nevertheless, because there is a strong policy favoring finality the court exercises its underlying power to review earlier rulings sparingly.

(Citations omitted, internal quotation marks omitted.) *Egghead.Com, Inc. v. Brookhaven Capital Management, Co.*, 194 F. Supp. 2d 232, 237 (S.D.N.Y. 2002). Lastly, while the standard for judgment as a matter of law is similar to a motion for summary judgment, the procedural posture is different. At the Rule 50(b) stage, the court has had the benefit of seeing all the evidence presented at trial and can make a more informed determination about whether a reasonable jury could have reached its verdict based on that evidence.

In conclusion, while the court should certainly give careful consideration to the Second Circuit's prior ruling and its own summary judgment decision, it is not absolutely precluded from granting judgment as a matter of law if the circumstances warrant such action.

**B. The Evidence Regarding Todd Cocchia's Statement to Detective Ocif and Detective Shortt Does Not Support the Jury's Verdict**

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

Plaintiff attempts to characterize Cocchia's initial claim—that Mr. Birch confessed to killing a man during a burglary to Cocchia—during the interview conducted by Detective Ocif and Detective Shortt, as a "generic claim." (#319, p. 5). It is understandable that Plaintiff would diminish the significance of this inculpatory statement which was made approximately 15 minutes after Cocchia and Detectives Ocif and Shortt first met and before any questions were asked or any facts related to the case were mentioned. However, Plaintiff's characterization is unavailing and should not distract the Court from the importance of Cocchia's initial statement.

Indeed, this spontaneous statement by Cocchia was far from generic. In fact, it was the only complete and most factually specific inculpatory statement of Mr. Birch's confession made during the interview. Cocchi stated without prompting that Mr. Birch told him "…about way back he did a burglary and there was a man in the house, and he killed him." Cocchia was told by Mr. Birch that he had been doing burglaries in the area and Cocchia thought it was in New Milford. Birch told him that "there was a man in the house, and he stabbed him. And he said the man died." (DX B, p. 2).

Each of these details, which were given by Cocchia at the beginning of the interview without prompting, were credible and consistent with the investigation at the time of the interview. Cocchia's initial statement provided: (1) the place of the crime was in a "house;" (2) the location was "in the area of New Milford;" (3) the victim was "stabbed;" (4) the victim "died"—indicative of the nature of the stabbing where the burglar would have known the victim

5

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

could not survive; and (4) the crime occurred "way back" consistent with knowledge that approximately 30 months elapsed from the murder to Birch's confession. (DX B, p. 2).

Not a single fact represented by Cocchia during this early stage of the interview was inconsistent with facts known to the detectives. The details were sufficient for the detectives to believe that Cocchia had spoken to the perpetrator of the offense. Further, the detectives had no prior knowledge of Mr. Birch and Cocchia's trip to Virginia or the conversation between the two of them while on the bus. There was no reason at the time of Cocchia's account of Birch's confession for anyone to believe it was false.

The unsolicited account of Birch's confession was far from generic or insignificant. There were other comments by Cocchia in the transcript and recording of the interview which restated or confirmed Mr. Birch's confession but none of those provided additional inculpatory evidence. In other words, the initial statement from Cocchia—which Plaintiff cannot credibly argue was fed to Cocchia—*was credible* because it was unprompted, and detectives Ocif and Shortt reasonably relied on it. Aside from this now-described generic confession, Plaintiff did not identify any specific false inculpatory facts presented to the jury. There was a complete absence of evidence that could have supported a jury finding that Detective Shortt knew that Cocchia's statement regarding Mr. Birch's confession on the bus was invariably false or that Detective Ocif's conduct caused Cocchia to provide a false confession by Birch. Instead of identifying false

**6**

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

inculpatory evidence, Plaintiff's objection relies on arguments that Ocif fed Cocchia facts and personally believed Birch was guilty.

In support of that argument, Plaintiff cites *Vazquez v. City of New York,* Docket No. 10-CV-6277 (JMF), 2014 U.S. Dist. LEXIS 124483 (S.D.N.Y. Sep. 5, 2014) and disingenuously asserts that merely providing facts to a witness is illegal. However, the 18-year-old witness in *Vazquez* allegedly met repeatedly with Defendants who coerced her by threatening to jail her, arrest her family, deport her parents, and they fed her non-public details about the crime and most of her testimony came from the police.

The court found that, "[d]rawing all inferences in Plaintiff's favor, a jury could infer from Gomez's testimony that Defendants fabricated all (or most) of her testimony." *Id.* at 22–23. At trial and in his objection, Plaintiff claims Ocif told Cocchia that the victim was old, that Mr. Birch was not alone during the murder and that the crime occurred at nighttime. (#319, p. 5).

In the present case there was testimony that the Carr murder generated substantial media attention. There was no evidence that the information provided by Ocif was non-public. Further, none of the information noted in Plaintiff's objection (#319) was provided before Cocchia related Mr. Birch's confession. No inculpatory evidence was elicited after Cocchia was informed that the crime occurred at night or that Birch was not alone. (DX B, p. 12). No evidence was presented that the comments of Detective Ocif were false.

7

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

Plaintiff's argument regarding Detective Ocif's personal belief that Birch committed the murder (#319, p. 9) is irrelevant to the issue of Detective Shortt's liability.

The Fourth Amendment requires that arrest warrants must be supported by probable cause. Officers submitting arrest warrants must believe probable cause exists that the person to be arrested committed the offense. The jury heard testimony of Detective Ocif's strong belief that Birch committed the crime but also knew that a judge approved the warrant, a judge affirmed probable cause after a hearing, and the jury found proof beyond a reasonable doubt. The jury heard the audio tape and had the opportunity to read the transcript of the interview. The calm, casual and open conversation, as well as the content of the interview, did not suggest in any way during the questioning Detective Ocif's opinion of Mr. Birch's guilt.

Reasonable and fair-minded persons could not find that Detective Shortt would have known that Cocchia's statements regarding Mr. Birch's confession to Cocchia were false, and that Detective Ocif caused Cocchia to fabricate Birch's confession based on the overwhelming evidence presented at trial. The jury's finding could have been the result of sympathy in reaction to the emotional testimony and evidence presented to put into question the validity of the criminal jury's finding of guilt. Therefore, the Court should grant Defendants' Motion for Judgment as a Matter of Law.

### C. Defendants Are Entitled to An Offset Under Connecticut General Statutes § 54-102uu

8

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

Defendants are entitled to an offset under Connecticut General Statutes § 54-102uu(h) against the jury's verdict in favor of Plaintiff.

First, Defendants have not waived their claim for an offset. While it is true that setoffs and offsets are generally required to be pleaded as counterclaims, this rule does not apply here. In *United Technologies Corp. v. American Home Assurance Co.*, 237 F. Supp. 2d 168 (D. Conn. 2001) the court clarified that statutory offsets, such as those aimed at preventing double recovery, are not subject to the same pleading requirements as traditional setoffs for mutual debts. The court noted "[a]ccordingly, Connecticut case law requiring 'setoffs' to be affirmatively plead does not defeat [defendant's] claim to a reduction in the jury verdict. Properly characterized, [defendant] is seeking a credit against the amount of its liability to the extent the payment of prior settlements would result in 'double recovery' to [plaintiff] for the covered costs, not a 'setoff' as defined in Connecticut law. *See Imbrogno*, 89 F.3d at 90 (doctrine of 'setoff' under Connecticut law had no applicability in case seeking a reduction in a jury verdict to account for prior settlement)." *United Technologies Corp. v. American Home Assurance Co.*, 237 F. Supp. 2d 168, 171 (D. Conn. 2001).

Second, Plaintiff's argument that the settlement agreement with the State of Connecticut is not an "award" under § 54-102uu is unpersuasive. While it is true that the statute uses the term award to refer to compensation ordered by the Claims Commissioner, the purpose of the offset provision is to prevent double recovery for the same injury. The settlement agreement, which

9

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

was approved by the legislature pursuant to Conn. Gen. Stat. § 3-125a, serves the same compensatory purpose as an award under § 54-102uu. To interpret the statute as applying only to formal awards by the Claims Commissioner would elevate form over substance and frustrate the legislative intent to prevent windfall recoveries.

Third, Plaintiff's argument that the offset provision cannot apply retroactively to the settlement agreement (#319, pp. 25–27) is incorrect. While it is true that substantive statutes are generally presumed to apply only prospectively, the offset provision at issue here is properly characterized as procedural rather than substantive.

> [I]t is presumed that procedural statutes will be applied retrospectively. . . . Procedural statutes have been traditionally viewed as affecting remedies, not substantive rights, and therefore leave the preexisting scheme intact." (Citations omitted.) *Moore* v. *McNamara,* 201 Conn. 16, 22, 513 A.2d 660 (1986). "Although we have presumed that procedural or remedial statutes are intended to apply retroactively absent a clear expression of legislative intent to the contrary . . . a statute which, in form, provides but a change in remedy but actually brings about changes in substantive rights is not subject to retroactive application." (Citation omitted; internal quotation marks omitted.) *Miano* v. *Thorne,* 218 Conn. 170, 175, 588 A.2d 189 (1991). "While there is no precise definition of either [substantive or procedural law], it is generally agreed that a substantive law creates, defines and regulates rights while a *procedural law prescribes the methods of enforcing such rights or obtaining redress*."

(Emphasis added.) *D'Eramo v. Smith*, 273 Conn. 610, 621, 872 A.2d 408 (2005). Subsection (h) here does not create, define, or regulate rights, but rather prescribes the method of enforcing rights and obtaining redress. It affects only an individual's remedy, not the underlying right to

**10**

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

the remedy. As such, Subsection (h) should apply retroactively absent clear legislative intent to the contrary.

Lastly, subsection (k) of General Statutes § 54-102uu does not foreclose an offset. On top of releasing the State Defendants, the agreement between the State of Connecticut and Plaintiff (#318-3) also includes that Plaintiff was required to file a withdrawal, with prejudice, of his claim filed with the Office of the Claims Commissioner. (#318-3, p. 2). In other words, the agreement between the State and Plaintiff contemplates and includes Plaintiff's claims arising under C.G.S. § 54-102uu, and therefore the award was still received under § 54-102uu. Further, applying the offset provision in the case at bar aligns with the legislative intent behind the statute—fair compensation while preventing double recovery. As such, the offset provision contained in § 54-102uu(h) should apply here, and the verdict should thus be offset by the settlement amount.

In conclusion, the Court should grant Defendants' motion and reduce the judgment by the amount of compensation Plaintiff has already received through the settlement agreement with the State of Connecticut.

## III. CONCLUSION

For the foregoing reasons, the Court should grant this motion. The Court shoulder enter judgment for Defendants as a matter of law; alternatively, the Court should offset the jury's verdict in accordance with C.G.S. § 54-102uu.

Hassett & George, P.C.
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

        DEFENDANTS
        TOWN OF NEW MILFORD, STEVEN JORDAN, ROBERT SANTORO AS ADMINISTRATOR OF THE ESTATE OF DAVID SHORTT

        BY/s/ *Forrest A. Noirot*
        Jeffrey O. McDonald (ct28195)
        Elliot B. Spector (ct05278)
        Forrest A. Noirot (ct31754)
        Hassett & George, P.C.
        628 Hebron Avenue Suite 212
        Glastonbury, CT 06033
        T: (860)651-1333
        F: (860)651-1888
        ebspector87@gmail.com
        jmcdonald@hgesq.com
        fnoirot@hgesq.com

**12**

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894

**CERTIFICATE OF SERVICE**

I hereby certify that on the date first above a copy of the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

BY/s/ *Forrest A. Noirot*
Federal Bar No.: ct31754

**13**

**Hassett & George, P.C.**
945 Hopmeadow Street, Simsbury, CT 06070   (860) 651-1333   facsimile (860) 651-1888   Juris 407894